IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT TERRY JR.; and LISA FOSTER INDIVIDUALLY, AND AS NEXT FRIENDS OF THEIR DECEASED SON ROBERT ANDREW TERRY | § § § § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. 4:24-CV-3068 (Judge Hittner presiding) |
| v. | § § | |
| HARRIS COUNTY, TEXAS, | § § § | |
| *Defendant.* | § | |

**HARRIS COUNTY'S MOTION FOR ENTRY OF A CONFIDENTIALITY AND PROTECTIVE ORDER GOVERNING PRODUCTION OF JAIL RECORDS, MEDICAL INFORMATION, AND ANY DOCUMENT PRODUCTION CONTAINING PERSONAL AND OTHER SENSITIVE INFORMATION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, Harris County, Texas, files this Motion for Entry of a Confidentiality and Protective Order applicable to the production of certain written discovery and document disclosures and production anticipated to be made in this case for the reasons specified below.

1. The Plaintiffs in this Section 1983 case are the parents of Robert Andrew Terry, a Harris County jail detainee who died while in custody.

2. Cited as supporting evidence by Plaintiffs are a similar list of "comparators" comprising more than six dozen former detainees. *See Plaintiff's First Amended Complaint (DKT 13)*. Of these, a high percentage involve custodial deaths.

3. A significant portion of the documents pertaining to the named Plaintiff, as well as that of the "Comparators" will require disclosure of jail and forensic records that contain personal data of the detainees that is used in the housing, maintenance, medical care, and custodial care of the detainees. This data and

information which, while needed by Jail administrators, and officers to operate the jail, and relevant to address the issues raised in this litigation, is nonetheless deserving of judicial protection and restrictions on use for purposes of this litigation only.

4. The documents that contain information relevant to the underlying incident will fall into one or more of the following categories of jail records information: a) intake records; b) medical assessment records; c) classification records; d) medical records; e) incident records; f) grievance records; g) miscellaneous notes. This is a rough categorization of jail records for use in discovery.

5. In addition, pertinent documents that are not strictly jail records, such as autopsy reports by Harris County Institute of Forensic Sciences (HCIFS) can and will be made available, as well as Custodial Death Reports submitted to the Office of the Attorney General.

6. However, many documents that contain relevant information are not already deemed to be public and will be provided to counsel of record once an appropriate Confidentiality and Protective Order is approved by the District Judge.

7. To protect the integrity of the records discovery process, Defendant, Harris County, requests the entry of an appropriate Confidentiality and Protective Order that will protect the interests of the Harris County Jail Operations, the interests of individual detainees identified and named in the jail records, as well as the interests of those Detention Officers named in the jail records as persons with knowledge of acts and information pertaining to each claim made in this litigation.

## CERTIFICATE OF CONFERENCE

8. The undersigned made a good faith effort to confer with all counsel of record in this matter about securing an agreed confidentiality and protective order. While Plaintiffs' counsel has agreed that a confidentiality order is necessary, no final agreement has been reached on the specifics of an Order. Therefore, undersigned counsel submits this Motion for Entry as an opposed Motion at this time in the

hopes that with Court oversight, an appropriate confidentiality and protective order can be put in place to govern the discovery and document production process. The attached proposed Order is similar to orders used in other Section 1983 jail litigation in which Defendant, Harris County, has been party. Accordingly, the attached proposed Order provides a baseline form which an appropriate Order can be entered in this case as well, conformed to the needs of this case.

## CONCLUSION

Defendant, Harris County respectfully requests that the Court grant the Motion for Entry of a Confidentiality and Protective Order such as the one appended to this Motion or as the Court otherwise deems to be appropriate to this litigation.

Respectfully submitted,

**OLSON & OLSON, L.L.P.**

By: /s/ Andrea Chan
Andrea Chan
Southern District ID No. 14940
State Bar No. 04086600
achan@olsonllp.com
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019-2133
Telephone: (713) 533-3800
Facsimile: (713) 533-3888

**ATTORNEY FOR DEFENDANT,
HARRIS COUNTY, TEXAS**

4:24-cv-03068, Terry v. Harris County
HC's Mtn for Entry of Confidentiality/Protective Order
3
3899836

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March, 2025, a true and correct copy of this *Harris County's Motion for Entry of a Confidentiality and Protective Order,* was electronically filed using the Court's EF/CM system pursuant to Federal Rule of Civil Procedure 5 and United States District Court for the Southern District of Texas Local Rule 5:

Paul A. Grinke
paul@bencrump.com
Aaron Dekle
aaron@bencrump.com
BEN CRUMP LAW, PLLC
5 Cowboys Way, Suite 300
Frisco, Texas 75034

Carl L. Evans, Jr.
cevans@mccathernlaw.com
McCathern, PLLC
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219

***Attorneys for Plaintiffs***