**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROBERT TERRY JR.; and** | § | |
| **LISA FOSTER INDIVIDUALLY, AND** | § | |
| **AS NEXT FRIENDS OF THEIR** | § | |
| **DECEASED SON ROBERT** | § | |
| **ANDREW TERRY** | § | |
| | § | |
| *Plaintiffs,* | § | **CIVIL ACTION NO. 4:24-CV-3068** |
| | § | **(Judge Hittner presiding)** |
| **v.** | § | |
| | § | |
| **HARRIS COUNTY, TEXAS,** | § | |
| | § | |
| *Defendant.* | § | |

---

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION

---

TO:    Defendant, Harris County, Texas, by and through their counsel of record, Andrea Chan at Olson & Olson, LLP, Wortham Tower, Suite 600, 2727 Allen Parkway, Houston, Texas 77019.

Plaintiffs Robert Terry Jr. and Lisa Foster. serves this their First Request for Production on Defendant Harris County, Texas, as authorized by Federal Rule of Civil Procedure 34. As required by Rule 34(b), Defendant must produce all requested documents, electronically stored information, or tangible things via electronic service within 30 days after service of this request, on all Plaintiffs' counsel of record and at the office of Ben Crump Law, PLLC, 5 Cowboys Way, Suite 300, Frisco, Texas 75034.

Respectfully submitted,

**BEN CRUMP LAW, PLLC**

*/s/ Paul A. Grinke*
Paul A. Grinke
Attorney-in-Charge
State Bar No. 24032255
paul@bencrump.com
Aaron Dekle
State Bar No. 24100961
aaron@bencrump.com
5 Cowboys Way, Suite 300
Frisco, Texas 75034
(972) 942-0494 Telephone

**MCCATHERN, PLLC**
Carl L. Evans, Jr.
State Bar No. 24056989
cevans@mccathernlaw.com
Alizabeth A. Guillot
State Bar No. 24138578
aguillot@mccathernlaw.com
Jordan A. Carter
State Bar No. 24116174
jcarter@mccathernlaw.com
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219
(214) 741-2662 Telephone
(214) 741-4717 Facsimile

**COUNSEL FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that I have forwarded a true and correct copy of the foregoing document via electronic mail on November 25, 2024, to all counsel of record.

*/s/ Paul A. Grinke*
Paul A. Grinke

## DEFINITIONS

1. The term **"communication"** or **"communicated"** include, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, cell phone, text message, U.S. mail, personal delivery, electronic mail, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings..

2. **"And," "or"** and **"and/or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

3. Wherever the word **"including"** or **"includes"** appears, the meaning intended is always **"including, but not limited to."**

4. The plural includes the singular and vice versa as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

5. The term **"relating" or "related"** shall mean referring to, having any relationship to, pertaining to, evidencing or constituting evidence of, in whole or in part, the subject matter of the Request.

6. As used herein, the words **"you," "your,"** shall refer to the party or parties responding to the request, its employees, agents, and representatives, as well as other persons acting or purporting to act on its behalf, including any attorney or other representative, whether authorized or not.

7. As used herein, the word **"Defendant"** shall refer to Harris County, Texas, their employees, agents, subsidiaries, independent contractors, parent companies, affiliated entities and representatives, as well as other persons acting or purporting to act on its behalf, including any attorney or other representative, whether authorized or not.

8. As used herein, the words **"Harris County Jail" and "Jail"** shall refer to Harris County Jail, its employees, agents, and representatives, as well as other persons acting or purporting to act on its behalf, including any attorney or other representative, whether authorized or not.

9. As used herein, the words **"TCJS"** shall refer to the Texas Commission on Jail Standards, its employees, agents, and representatives, as well as other persons acting or purporting to act on its behalf, including any attorney or other representative, whether authorized or not.

10. As used herein, the words **"DOJ"** shall refer to the Department of Justice, its employees, agents, and representatives, as well as other persons acting or purporting to act on its behalf, including any attorney or other representative, whether authorized or not.

11. As used herein, **"Plaintiffs"** shall refer to all Plaintiffs named in Plaintiffs' most recent Complaint.

12. As used herein, **"Decedent"** shall refer to Robert Andrew Terry.

13. As used herein, the word **"material"** shall mean all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible things" in Federal Rule of Civil Procedure 34(a)(1). A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate item within the meaning of this term.

14. As used herein, the word "**document**" shall mean all written, typed, e-mailed, or printed matters, and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

15. As used herein, the term "**any**" shall be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

## <u>INSTRUCTIONS</u>

1. To the extent provided by the Federal Rules of Civil Procedure, these discovery requests are intended to be continuing in nature. You are required to promptly supplement your answers when appropriate or necessary.

2. **Objections:** To the extent you object to any Request, please set forth the complete basis for the objection. If you object to only a portion of a particular Request, specifically identify the portion of the Request, which you are objecting to and respond to the remainder completely.

3. **Claims of Privilege:** If you claim that any requested information is privileged and, therefore, beyond the scope of discovery, for each Request for Production, state the precise nature of the privilege and specify the factual basis for the privilege. If any document requested is withheld, you are requested to submit a privilege log within 15 days after you serve your responses.

4. **Extensions of Time:** Any agreement for an extension of time to respond to these Requests for Production must be in writing. No extensions of time for making objections to these Requests for Production should be presumed unless such agreement is specifically set out in writing.

5. **Lost or Destroyed Documents:** If any requested document has been lost or destroyed, for each such document state the circumstances relating to the loss or destruction of such document, the approximate date of the loss or destruction and a reasonably complete description of the contents of such document.

6. **Identify:** In those instances where the word "identify," is used in these requests for discovery, it should be interpreted as requiring with respect to individuals, the person's name, last known address and telephone number. With respect to documents or things, it should be interpreted requiring sufficient information regarding the item so that the party seeking discovery can locate and identify the item as readily as the party from whom it is being sought.

7. **Computer Based Information:** In those instances where requested information is stored only on software or other data compilations, the responding party should either produce the raw data, along with all codes and programs for translating it into usable form, or produce the information in a finished usable form, which would include all necessary glossaries, keys and indices for interpretation of the material.

8. **Scope of Requests:** Unless otherwise specified, the time period of these requests is from January 1, 2009, until the present.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO 1.**   Produce any and all policies of insurance that could potentially cover the incidents in question, including but not limited to, primary coverage(s), general liability coverage(s), excess coverage(s), bumbershoot coverage(s), pooled risk coverage(s) including the Texas Association of Counties Risk Management Pool coverages or funds, protection and indemnity "P&I" coverages, and umbrella coverages which were in effect on the date of the incident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO 2.**   Produce all documents relating to any insurance claim(s) you have made concerning this lawsuit.

**REQUEST FOR PRODUCTION NO 3.**   Produce copies of any documents reflecting settlements, compromises, agreements, deals, and/or understandings between Defendant(s) and/or any other party concerning this lawsuit or the incidents made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO 4.**   Produce any and all contracts, agreements, or memorandums reflecting any indemnification, contribution, or coverage for any potential claims by any other party including Texas Association of Counties Risk Management Pool.

**REQUEST FOR PRODUCTION NO 5.**   Produce all communications concerning Robert Andrew Terry and the incident made the basis of the Complaint.

**REQUEST FOR PRODUCTION NO 6.**   Produce the employment file for any employees or individuals who have been identified as having knowledge of relevant facts concerning Robert Andrew Terry and/or the incident made the basis of the Complaint.

**REQUEST FOR PRODUCTION NO 7.**   Produce the employment file and documents concerning any employees or Jail staff who were convicted, charged, disciplined, suspended, terminated, reprimanded, or similarly complained of in relation to the use of force against a detainee in the Jail since January 1, 2017, including but not limited to any detainees identified in the Complaint.

**REQUEST FOR PRODUCTION NO 8.**   Produce all written or oral complaints concerning each person who was an employee or an independent contractor, who was serving or working at Harris County Jail from January 1, 2017, where the complaint related to ignoring detainee medical requests, failing to observe or monitor detainees, laughing at or accusing detainees of faking medical conditions, or using force against a detainee.

**REQUEST FOR PRODUCTION NO 9.**   Produce all documents regarding any arrest, charge or conviction of each person who was an employee or an independent contractor, who was serving or working at Harris County Jail from January 1, 2017, to present relating to use of force, failing to observe or monitor detainee, allowing detainee violence, or failing to provide medical care.

**REQUEST FOR PRODUCTION NO 10.**  Produce the employee files for any employees who were involved in a use of force against a detainee since January 1, 2017.

**REQUEST FOR PRODUCTION NO 11.**    Produce all training manuals and materials used for all Jail staff working within Harris County Jail effective January 1, 2017, to present.

**REQUEST FOR PRODUCTION NO 12.**    Produce all records of training sessions attended by all Jail staff working within Harris County Jail effective January 1, 2017, to present who has knowledge of relevant facts concerning the underlying lawsuit.

**REQUEST FOR PRODUCTION NO 13.**    Produce all employee files and records of training sessions of employees and Jail staff who were working on the floors where Decedent was located from May 13, 2023, through the time of his death.

**REQUEST FOR PRODUCTION NO 14.**  Produce any contracts that you have with any third-party company that provides training to the employees at Harris County Jail.

**REQUEST FOR PRODUCTION NO 15.**  Produce the employee handbook for Harris County Jail in effect on January 1, 2017, and all revised versions to the present date.

**REQUEST FOR PRODUCTION NO 16.**  Produce all policies and procedures in place from January 1, 2017, to present that provides detainees with protection from serious physical harm and protection from life safety hazards while at Harris County Jail.

**REQUEST FOR PRODUCTION NO 17.**  Produce all policies and procedures in place from January 1, 2017, to present that describe the Jail staffing requirements for all departments, the minimum officer to detainee ratio and requirements for working overtime.

**REQUEST FOR PRODUCTION NO 18.**  Produce all policies and procedures in place from January 1, 2017, to prevent overcrowding in the Jail and any plans for managing large and possibly violent detainee population.

**REQUEST FOR PRODUCTION NO 19.**  Produce all policies and procedures for determining the classification of detainees and determining their placement within the jail including any mental health analysis, observation requirement determination, determinations as to their danger and need for medical treatment.

**REQUEST FOR PRODUCTION NO 20.**  Produce all policies and procedures in place from January 1, 2017, to present for transferring detainees throughout the Jail and transporting detainees to outside facilities, including medical hospitals or facilities.

**REQUEST FOR PRODUCTION NO 21.** Produce all policies and procedures in place from January 1, 2017, to prevent physical or sexual assaults from occurring by personnel or detainees within the Jail.

**REQUEST FOR PRODUCTION NO 22.** Produce all policies and procedures in place from January 1, 2017, to prevent the use of excessive force while subduing a detainee and the proper techniques to avoid serious bodily injury while on the job at Harris County Jail.

**REQUEST FOR PRODUCTION NO 23.** Produce all policies and procedures in place from January 1, 2017, to present concerning the use of force by Harris County Jail staff and employees against detainees.

**REQUEST FOR PRODUCTION NO 24.** Produce all policies and procedures in place from January 1, 2017, to present concerning the training of de-escalation techniques and detainee interaction provided to the Jail staff and employees.

**REQUEST FOR PRODUCTION NO 25.** Produce all policies and procedures in place from January 1, 2017, to present, and communications relating to those policies and procedures, concerning Jail staff and employees charging detainees when they are involved in altercations either with detainees of Jail staff.

**REQUEST FOR PRODUCTION NO 26.** Produce all policies and procedures in place from January 1, 2017, to present, and communications relating to those policies and procedures, concerning the Jail staff response and steps when responding to a detainee medical emergency, altercation, detainee fight, officer fight, or to discipline a detainee.

**REQUEST FOR PRODUCTION NO 27.** Produce all policies and procedures in place from January 1, 2017, to present regarding the following:

    (a)    properly observing and monitoring detainees;
    (b)    conducting proper face-to-face observations;
    (c)    providing protection and prevention from detainee assaults; and
    (d)    adequate supervision of officers to prevent officer attacks

**REQUEST FOR PRODUCTION NO 28.** Produce all policies and procedures in place from January 1, 2017, to present for observing and monitoring detainees through video monitoring, identifying and monitoring blind spots within the Jail and for reporting and documenting observations within the Jail.

**REQUEST FOR PRODUCTION NO 29.** Produce all policies and procedures in place from January 1, 2017, to present for the following:

    (a)    providing proper staff to avoid understaffing;
    (b)    avoiding overcrowding the jail; and

    (c)   preventing additional psychological and physical stresses on officers to avoid outbursts directed at detainees.

**REQUEST FOR PRODUCTION NO 30.** Produce all documents, communications and materials relating to policies to prevent overcrowding, understaffing, and the minimum officer to detainee ratio within Harris County Jail required by the Texas Commission on Jail Standards ("TCJS").

**REQUEST FOR PRODUCTION NO 31.** Produce all documentation, communications, and video footage for each detainee mentioned in the Plaintiffs' most recent Complaint relating to any complaints, incidents, injuries, or death; including but not limited to the following:

    a.  Robert Andrew Terry
    b.  Vincent Young
    c.  Maytham Alsaedy
    d.  Debora Ann Lyons
    e.  Tracy Whited
    f.  Wallace Harris
    g.  David Perez
    h.  Israel Lizano Iglesias
    i.  Jim Franklin Lagrone
    j.  James Earl Gamble
    k.  Victoria Margaret Simon
    l.  Alan Christopher Kerber
    m.  Damien Lavon Johnson
    n.  Jaquaree Simmons
    o.  Rory Ward Jr.
    p.  Adael Gonzalez Garcia
    q.  Fred Harris
    r.  Jerome Bartee
    s.  Terry Goodwin
    t.  Gregory Barrett
    u.  Christopher Johnson
    v.  Matthew Shelton
    w.  Michael A. Alaniz
    x.  Natividad Flores
    y.  Kareem Jefferson
    z.  Henry Williams
    aa. Loron Ernest Fisher
    bb. Benjamin Pierce
    cc. Gilbert Allen Nelson
    dd. Kevin Alexander Sanchez-Trejo
    ee. Simon Peter Douglas
    ff. Hugo Mota
    gg. Fabien Cortez
    hh. Elijah Gamble
    ii. Kenneth Lucas

jj.  Rachel Hatton
kk. Treyvan Crowder
ll.  Eric Russell
mm.    Jacoby Pillow
nn. Bryan Johnson
oo. Evan Ermayne Lee
pp. William Curtis Barrett
qq. Kevin Smith Jr.
rr.  Ramon Thomas
ss.  Nathan Henderson
tt.  Deon Peterson
uu. Gary Wayne Smith
vv. Kristan Smith
ww.    Michael Griego
xx. Robert Wayne Fore
yy. Jeremy Garrison
zz. Zachery Johnson
aaa.    Kenneth Richard
bbb.    Jeremiah Anglin
ccc.    Harrell Veal
ddd.    John Coote
eee.    Ryan Twedt
fff. Antonio Radcliffe
ggg.    Zachary Zepeda
hhh.    Jaquez Moore
iii.  Taylor Euell
jjj.  Christopher Young
kkk.    Tramell Morelle
lll.  Bernard Lockhart
mmm. Dylan Perio
nnn.    Mikayla Savage
ooo.    Kyle Ryker
ppp.    D'Allesandro Chavez-Sandoval
qqq.    Michael Walker
rrr. Daevion Young
sss. Nathan Nichols
ttt.  Dequon Buford
uuu.    John Raymond Hackl
vvv.    Walter Klein
www.  Kelvin Williams
xxx.    Bobby McGowen
yyy.    Moses Almazan
zzz.    Damian Lopez
aaaa.    Lawrence Gutierrez
bbbb.    Mark Anthony Mills

**REQUEST FOR PRODUCTION NO 32.** Produce all medical records detailing the health conditions and treatments of each detainee mentioned in the Plaintiffs' most recent Complaint; including but not limited to the following:

    a.  Robert Andrew Terry
    b.  Vincent Young
    c.  Maytham Alsaedy
    d.  Debora Ann Lyons
    e.  Tracy Whited
    f.  Wallace Harris
    g.  David Perez
    h.  Israel Lizano Iglesias
    i.  Jim Franklin Lagrone
    j.  James Earl Gamble
    k.  Victoria Margaret Simon
    l.  Alan Christopher Kerber
    m.  Damien Lavon Johnson
    n.  Jaquaree Simmons
    o.  Rory Ward Jr.
    p.  Adael Gonzalez Garcia
    q.  Fred Harris
    r.  Jerome Bartee
    s.  Terry Goodwin
    t.  Gregory Barrett
    u.  Christopher Johnson
    v.  Matthew Shelton
    w.  Michael A. Alaniz
    x.  Natividad Flores
    y.  Kareem Jefferson
    z.  Henry Williams
    aa. Loron Ernest Fisher
    bb. Benjamin Pierce
    cc. Gilbert Allen Nelson
    dd. Kevin Alexander Sanchez-Trejo
    ee. Simon Peter Douglas
    ff. Hugo Mota
    gg. Fabien Cortez
    hh. Elijah Gamble
    ii. Kenneth Lucas
    jj. Rachel Hatton
    kk. Treyvan Crowder
    ll. Eric Russell
    mm.   Jacoby Pillow
    nn. Bryan Johnson
    oo. Evan Ermayne Lee
    pp. William Curtis Barrett

qq. Kevin Smith Jr.
rr.  Ramon Thomas
ss.  Nathan Henderson
tt.  Deon Peterson
uu. Gary Wayne Smith
vv. Kristan Smith
ww.    Michael Griego
xx. Robert Wayne Fore
yy. Jeremy Garrison
zz. Zachery Johnson
aaa.    Kenneth Richard
bbb.    Jeremiah Anglin
ccc.    Harrell Veal
ddd.    John Coote
eee.    Ryan Twedt
fff. Antonio Radcliffe
ggg.    Zachary Zepeda
hhh.    Jaquez Moore
iii. Taylor Euell
jjj. Christopher Young
kkk.    Tramell Morelle
lll. Bernard Lockhart
mmm. Dylan Perio
nnn.    Mikayla Savage
ooo.    Kyle Ryker
ppp.    D'Allesandro Chavez-Sandoval
qqq.    Michael Walker
rrr. Daevion Young
sss. Nathan Nichols
ttt. Dequon Buford
uuu.    John Raymond Hackl
vvv.    Walter Klein
www.  Kelvin Williams
xxx.    Bobby McGowen
yyy.    Moses Almazan
zzz.    Damian Lopez
aaaa.   Lawrence Gutierrez
bbbb.   Mark Anthony Mills

**REQUEST FOR PRODUCTION NO 33.**  Produce all booking records, including intake forms and classification documents, for each detainee mentioned in the Plaintiffs' most recent Complaint; including but not limited to the following:

a.  Robert Andrew Terry
b.  Vincent Young
c.  Maytham Alsaedy

d.  Debora Ann Lyons
e.  Tracy Whited
f.  Wallace Harris
g.  David Perez
h.  Israel Lizano Iglesias
i.  Jim Franklin Lagrone
j.  James Earl Gamble
k.  Victoria Margaret Simon
l.  Alan Christopher Kerber
m.  Damien Lavon Johnson
n.  Jaquaree Simmons
o.  Rory Ward Jr.
p.  Adael Gonzalez Garcia
q.  Fred Harris
r.  Jerome Bartee
s.  Terry Goodwin
t.  Gregory Barrett
u.  Christopher Johnson
v.  Matthew Shelton
w.  Michael A. Alaniz
x.  Natividad Flores
y.  Kareem Jefferson
z.  Henry Williams
aa. Loron Ernest Fisher
bb. Benjamin Pierce
cc. Gilbert Allen Nelson
dd. Kevin Alexander Sanchez-Trejo
ee. Simon Peter Douglas
ff.  Hugo Mota
gg. Fabien Cortez
hh. Elijah Gamble
ii.  Kenneth Lucas
jj.  Rachel Hatton
kk. Treyvan Crowder
ll.  Eric Russell
mm.    Jacoby Pillow
nn. Bryan Johnson
oo. Evan Ermayne Lee
pp. William Curtis Barrett
qq. Kevin Smith Jr.
rr.  Ramon Thomas
ss. Nathan Henderson
tt.  Deon Peterson
uu. Gary Wayne Smith
vv. Kristan Smith
ww.    Michael Griego

xx. Robert Wayne Fore
yy. Jeremy Garrison
zz. Zachery Johnson
aaa.     Kenneth Richard
bbb.     Jeremiah Anglin
ccc.     Harrell Veal
ddd.     John Coote
eee.     Ryan Twedt
fff. Antonio Radcliffe
ggg.     Zachary Zepeda
hhh.     Jaquez Moore
iii.  Taylor Euell
jjj.  Christopher Young
kkk.     Tramell Morelle
lll.  Bernard Lockhart
mmm. Dylan Perio
nnn.     Mikayla Savage
ooo.     Kyle Ryker
ppp.     D'Allesandro Chavez-Sandoval
qqq.     Michael Walker
rrr. Daevion Young
sss. Nathan Nichols
ttt.  Dequon Buford
uuu.     John Raymond Hackl
vvv.     Walter Klein
www.  Kelvin Williams
xxx.     Bobby McGowen
yyy.     Moses Almazan
zzz.     Damian Lopez
aaaa.   Lawrence Gutierrez
bbbb.   Mark Anthony Mills


**REQUEST FOR PRODUCTION NO 34.**  Produce all policies and procedures manuals for the jail, including those related to medical care, use of force, classification, booking and intake, safety checks, suicide watches, responding to incidents, duty to report, and detainee observation.

**REQUEST FOR PRODUCTION NO 35.**  Produce all logs of jail activities, including monitoring logs and check-in logs for each of the incidents and dates identified in the Complaint for each of the detainees identified in the most recent Complaint.

**REQUEST FOR PRODUCTION NO 36.**  Produce all Jail staff schedules and staffing levels for each of the dates and incidents identified in the Complaint for each detainee identified in the most recent Complaint at each location where the detainee was located.

**REQUEST FOR PRODUCTION NO 37.**  Produce all video and audio recordings and footage from the Jail involving the detainees named in Plaintiffs' most recent Complaint. This refers to the video and audio recordings and footage for the incidents that led to the detainees' injuries, altercations, medical emergencies, observations, uses of force, complaints, emergency calls, their attempts to commit suicide, and officer interactions with the detainees during any of these incidents. The detainees identified include but are not limited to the following:

    a.  Robert Andrew Terry
    b.  Vincent Young
    c.  Maytham Alsaedy
    d.  Debora Ann Lyons
    e.  Tracy Whited
    f.  Wallace Harris
    g.  David Perez
    h.  Israel Lizano Iglesias
    i.  Jim Franklin Lagrone
    j.  James Earl Gamble
    k.  Victoria Margaret Simon
    l.  Alan Christopher Kerber
    m.  Damien Lavon Johnson
    n.  Jaquaree Simmons
    o.  Rory Ward Jr.
    p.  Adael Gonzalez Garcia
    q.  Fred Harris
    r.  Jerome Bartee
    s.  Terry Goodwin
    t.  Gregory Barrett
    u.  Christopher Johnson
    v.  Matthew Shelton
    w.  Michael A. Alaniz
    x.  Natividad Flores
    y.  Kareem Jefferson
    z.  Henry Williams
    aa. Loron Ernest Fisher
    bb. Benjamin Pierce
    cc. Gilbert Allen Nelson
    dd. Kevin Alexander Sanchez-Trejo
    ee. Simon Peter Douglas
    ff. Hugo Mota
    gg. Fabien Cortez
    hh. Elijah Gamble
    ii. Kenneth Lucas
    jj. Rachel Hatton
    kk. Treyvan Crowder
    ll. Eric Russell
    mm.  Jacoby Pillow

nn. Bryan Johnson
oo. Evan Ermayne Lee
pp. William Curtis Barrett
qq. Kevin Smith Jr.
rr.  Ramon Thomas
ss.  Nathan Henderson
tt.  Deon Peterson
uu. Gary Wayne Smith
vv. Kristan Smith
ww.     Michael Griego
xx. Robert Wayne Fore
yy. Jeremy Garrison
zz. Zachery Johnson
aaa.     Kenneth Richard
bbb.     Jeremiah Anglin
ccc.     Harrell Veal
ddd.     John Coote
eee.     Ryan Twedt
fff. Antonio Radcliffe
ggg.     Zachary Zepeda
hhh.     Jaquez Moore
iii.  Taylor Euell
jjj.  Christopher Young
kkk.     Tramell Morelle
lll.  Bernard Lockhart
mmm. Dylan Perio
nnn.     Mikayla Savage
ooo.     Kyle Ryker
ppp.     D'Allesandro Chavez-Sandoval
qqq.     Michael Walker
rrr. Daevion Young
sss. Nathan Nichols
ttt.  Dequon Buford
uuu.     John Raymond Hackl
vvv.     Walter Klein
www.  Kelvin Williams
xxx.     Bobby McGowen
yyy.     Moses Almazan
zzz.     Damian Lopez
aaaa.   Lawrence Gutierrez
bbbb.   Mark Anthony Mills

**REQUEST FOR PRODUCTION NO 38.**  Produce all video and audio recordings and footage from the Jail concerning and depicting Robert Andrew Terry, his cells, and floors where he was located and the hallways outside of his cells from May 10, 2023, until his death.

**REQUEST FOR PRODUCTION NO 39.** Produce any and all maps or diagrams of the Jail and specifically those maps and diagrams that identify the location of surveillance cameras and security monitoring pods within the Jail.

**REQUEST FOR PRODUCTION NO 40.** Produce any and all documents showing the video retention policy of the Jail.

**REQUEST FOR PRODUCTION NO 41.** Produce all documentation, communications, and video and audio footage relating to the investigation, incidents, and detainees that were the subject of the following investigations or reports identified in the Complaint:

     a.  TCJS March 11, 2016 Report
     b.  TCJS February 21, 2017 Report
     c.  TCJS April 3, 2017 Report
     d.  TCJS December 19, 2017 Report
     e.  TCJS August 23, 2018 Report
     f.  TCJS December 9, 2020 Report
     g.  TCJS April 6, 2021 Report
     h.  TCJS December 7, 2021 Report
     i.  TCJS September 7, 2022 Report
     j.  TCJS December 19, 2022 Report
     k.  TCJS March 8, 2023 Report
     l.  TCJS April 17, 2023 Report
     m.  TCJS August 28, 2023 Report
     n.  TCJS February 20, 2024 Report
     o.  TCJS April 10, 2024 Notice of Non-Complaince.

**REQUEST FOR PRODUCTION NO 42.** Produce all documents, communications, and video and audio footage relating to any investigations and reports conducted by a government agency including but not limited to TCJS, Texas Rangers, FBI, and the Department of Justice into the Jail since 2007 to the present relating to the overcrowding and understaffing of the jail, the use of force or assaults in the jail by officers or detainees, the medical care provided to the detainee, or relating to the conditions of the jail itself.

**REQUEST FOR PRODUCTION NO 43.** Produce all medical and clinical records pertaining to the detainees identified in the most recent Complaint.

**REQUEST FOR PRODUCTION NO 44.** Produce all custodial documents pertaining to the detainees identified in the most recent Complaint.

**REQUEST FOR PRODUCTION NO 45.** Produce the incident reports and supporting documentation pertaining to any officer uses of force against a detainee since January 1, 2017.

**REQUEST FOR PRODUCTION NO 46.** Produce the employment file including any background checks for the officers involved in the uses of force identified in response to request number 45.

**REQUEST FOR PRODUCTION NO 47.** Produce the incident reports, disciplinary records, witness statements, and supporting documentation pertaining to any detainee assaults against another detainee since January 1, 2017.

**REQUEST FOR PRODUCTION NO 48.** Produce the custodial file for all individuals identified in the assaults in response to request number 47.

**REQUEST FOR PRODUCTION NO 49.** Produce the employment file including the investigation file for Eric Morales who was the officer involved in the altercation with Jaquaree Simmons.

**REQUEST FOR PRODUCTION NO 50.** Produce custodial files and communications concerning detainees Chad Maydwell, Justin Carter, Claude Curry, Olawale Majekodunmi, Juan Martinez, Javion McNeese, Babajide Ogunnubi, Daquarius Parker, Rudolph Shelling, Jamariyon Charles, Francisco Saenz, Ulysess Molina, Joseph Thompson, Jose Cruz, Sebastian Scalzo, and Kelvin Jones.

**REQUEST FOR PRODUCTION NO 51.** Produce all documents, communications, incident reports, and video footage relating to the allegations raised by Officer J. Valdivez against the Harris County Jail as identified in the Complaint.

**REQUEST FOR PRODUCTION NO 52.** Produce all documents, communications, incident reports, and video footage relating to the allegations raised by Officer Jane Doe against the Harris County Jail as shown in the case *Jane Doe v. Harris County, Tex. et. al.*, No. 2023-47871 (125th Dist. Ct., Harris County, Tex. July 28, 2023).

**REQUEST FOR PRODUCTION NO 53.** Produce all documents, communications, and reports pertaining to the allegations of smuggling drugs into the Harris County Jail. This includes the documents pertaining to detainees Joshua Owens, Nathaniel Campbell, and Lativia Bailey and individuals Hunter Simmons, Ronald Lewis, Jason Johnson, and Officer Robert Robertson.

**REQUEST FOR PRODUCTION NO 54.** Produce all emails, memos, and other correspondence between the Jail staff, including communications about detainee care and incidents, pertaining to any of the incidents or detainees identified in the most recent Complaint.

**REQUEST FOR PRODUCTION NO 55.** Produce all communications and documentation pertaining to any deaths within the Harris County Jail or the Jail's custody since 2009.

**REQUEST FOR PRODUCTION NO 56.** Produce all communication between the Jail staff and external agencies such as the Department of Justice (DOJ) or the Texas Commission on Jail Standards (TCJS) relating to any of the detainees' complaints, incidents, investigations, or deaths identified in the most recent Complaint.

**REQUEST FOR PRODUCTION NO 57.** Produce all communications between Jail staff and any other agency or county department, relating to Robert Andrew Terry's incident and death.

**REQUEST FOR PRODUCTION NO 58.** Produce all communications between Harris County and its employees pertaining to the overcrowding and understaffing of the Harris County Jail since January 1, 2017.

**REQUEST FOR PRODUCTION NO 59.** Produce all communications and documentation pertaining to any uses of force by a Jail staff member or employee against a detainee in the Harris County Jail since January 1, 2017.

**REQUEST FOR PRODUCTION NO 60.** Produce all communications and documentation pertaining to any Jail staff members or employees who were disciplined or charged with an excessive use of force against a detainee since January 1, 2017.

**REQUEST FOR PRODUCTION NO 61.** Produce all communications pertaining to any concerns, issues, or matters raised by Shannon Herklotz or relating to his resignation from the Harris County Jail.

**REQUEST FOR PRODUCTION NO 62.** Produce all complaints, concerns, or issues raised by Jail staff and employees concerning the condition of the Jail since January 1, 2017.

**REQUEST FOR PRODUCTION NO 63.** Produce all documents, communications and materials regarding the investigation by the Department of Justice ("DOJ") in 2009 for the ongoing violations occurring in the Harris County Jail as referenced in Plaintiffs' most recent Complaint, including the report issued by the DOJ in 2009.

**REQUEST FOR PRODUCTION NO 64.** Produce all documents, communications and materials representing all methods of remedy and repair to the systemic constitutional failures investigated by the Department of Justice ("DOJ") in 2009 as referenced in Plaintiffs' most recent Complaint relating to the claims of unconstitutional medical care to the detainees and the unconstitutional policies concerning detainee and officer violence and overcrowding and understaffing of the Jail.

**REQUEST FOR PRODUCTION NO 65.** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on March 11, 2016, as referenced in Plaintiffs' most recent Complaint.

**REQUEST FOR PRODUCTION NO 66.** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on February 21, 2017, as referenced in Plaintiffs' most recent Complaint.

**REQUEST FOR PRODUCTION NO 67.** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-

compliance issued by the Texas Commission on Jail Standards ("TCJS") on April 3, 2017, as referenced in Plaintiffs' most recent Complaint.

**REQUEST FOR PRODUCTION NO 68.** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on December 19, 2017, as referenced in Plaintiffs' most recent Complaint.

**REQUEST FOR PRODUCTION NO 69.** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on August 23, 2018, as referenced in Plaintiffs' most recent Complaint.

**REQUEST FOR PRODUCTION NO 70.** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on December 9, 2020, as referenced in Plaintiffs' most recent Complaint.

**REQUEST FOR PRODUCTION NO 71.** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on April 6, 2021, as referenced in Plaintiffs' most recent Complaint.

**REQUEST FOR PRODUCTION NO 72.** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on December 7, 2021, as referenced in Plaintiffs' most recent Complaint.

**REQUEST FOR PRODUCTION NO 73.** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on September 7, 2022, as referenced in Plaintiffs' most recent Complaint.

**REQUEST FOR PRODUCTION NO 74.** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on December 19, 2022, as referenced in Plaintiffs' most recent Complaint.

**REQUEST FOR PRODUCTION NO 75.** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on March 8, 2023, as referenced in Plaintiffs' most recent Complaint.

**REQUEST FOR PRODUCTION NO 76.** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on April 17, 2023, as referenced in Plaintiffs' most recent Complaint.

**REQUEST FOR PRODUCTION NO 77.** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on August 3, 2023, as referenced in Plaintiffs' most recent Complaint.

**REQUEST FOR PRODUCTION NO 78.** Produce all documents, communications, and materials including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on February 20, 2024, as referenced in Plaintiffs' most recent Complaint.

**REQUEST FOR PRODUCTION NO 79.** Produce all documents, communications, and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on April 16, 2024, as referenced in Plaintiffs' most recent Complaint.

**REQUEST FOR PRODUCTION NO 80.** Produce all documents, communications and materials to show the Serious Incident Reports compiled by Sheriff Gonzalez and supplied to TCJS since 2018.

**REQUEST FOR PRODUCTION NO 81.** Produce any internal audits conducted by the Sheriff's department into the review of policies, customs, and practices including staffing studies to determine appropriate levels of staffing and proper observation.

**REQUEST FOR PRODUCTION NO 82.** Produce all material and documents exchanged between Harris County Jail, the Harris County Sheriff's Office and the Texas Rangers since January 1, 2017, related to all inmate deaths at the Jail.

**REQUEST FOR PRODUCTION NO 83.** Produce all autopsy reports and findings for each detainee mentioned in Plaintiffs' most recent Complaint who is deceased.

**REQUEST FOR PRODUCTION NO 84.** Produce any criminal reports or records pertaining to the death or injury of a detainee in the Harris County Jail that was caused or in relation to a Jail staff's actions or inactions from January 1, 2017, to present.

**REQUEST FOR PRODUCTION NO 85.** Produce the criminal file and investigation reports pertaining to the deaths or injuries of any detainees including but not limited to Jaquaree Simmons, Jacoby Pillow, Robert Terry, Ramon Thomas, Bryan Johnson, and Adael Garcia.

**REQUEST FOR PRODUCTION NO 86.** Please produce copies of all records, including but not limited to medical, billing, radiology, pharmacy, ambulance, personnel, payroll, employment, unemployment, insurance, accident, Internal Revenue Service, criminal, Social Security, and worker's compensation records, that Defendant has obtained concerning any of the Plaintiffs, including a copy of the completed deposition on written questions that corresponds with each set of records.

**REQUEST FOR PRODUCTION NO 87.** Produce all documents, depositions, affidavits, expert disclosures, verdict search reports, or other materials that can and/or may be used to impeach the Plaintiffs, their expert witnesses, and/or treating physicians.

**REQUEST FOR PRODUCTION NO 88.** Produce all transcripts and video recordings of deposition(s) or trial testimony(ies) given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert witness discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO 89.** Produce copies of all documents that any expert witness you may call to testify at trial of this case has reviewed and/or will utilize to aid testimony.

**REQUEST FOR PRODUCTION NO 90.** Produce all documents which you have been asked to identify and/or to which you have referenced or identified in your responses to Plaintiffs' Interrogatories to you.

**REQUEST FOR PRODUCTION NO 91.** Produce all documents supporting any defenses (affirmative or otherwise) raised by you to the allegations set forth in Plaintiffs' most recent Complaint.

**REQUEST FOR PRODUCTION NO 92.** Produce all documents, contracts, correspondence and/or notes that concerns, refers to, or reflects potential parties to this action and persons with knowledge of relevant facts.

**REQUEST FOR PRODUCTION NO 93.** Produce a privilege log describing all information and/or materials you are withholding with enough specificity to assess the applicability of the privilege(s) being claimed.

**REQUEST FOR PRODUCTION NO 94.** Produce all statements from other detainees who witnessed incidents that are the subject of the most recent Complaint. This includes all incidents mentioned in the Complaint not just those referencing Decedent.

**REQUEST FOR PRODUCTION NO 95.** Produce all testimonies, affidavits, and any written records from current and former jail employees, including corrections deputies, medical staff, and administrative personnel relating to the condition of the jail, policy deficiencies, understaffing of the jail, overcrowding of the jail, detainee assaults, and officer use of force.

**REQUEST FOR PRODUCTION NO 96.** Produce all previous lawsuits filed against Harris County Jail, including complaints, court rulings and settlements relating to any of the policies, conditions, and procedures identified in the Complaint.

**REQUEST FOR PRODUCTION NO 97.** Produce information regarding any existing consent decrees related to jail operations.

**REQUEST FOR PRODUCTION NO 98.** Produce all body camera footage, if available, and surveillance footage from within the Jail pertaining to any of the incidents that are the subject of the most recent Complaint or from uses of force and detainee assaults since January 1, 2014 to present.

**REQUEST FOR PRODUCTION NO 99.** Produce records of formal complaints and grievances filed by detainees against the Jail since January 1, 2020, relating to any of the conditions, policies, or procedures identified in the Complaint.

**REQUEST FOR PRODUCTION NO 100.** Produce responses and actions taken by the jail administrations in response to complaints and grievances since January 1, 2020, identified in response to request number 99.

**REQUEST FOR PRODUCTION NO 101.** Produce all policies and procedures for responding to and handling complaints and grievances filed by the detainees.

**REQUEST FOR PRODUCTION NO 102.** Produce all medical protocols for handling detainee health issues, including emergency procedures.

**REQUEST FOR PRODUCTION NO 103.** Produce all policies and procedures in place from January 1, 2017, to present for medical personnel within the Jail to manage and distribute medication to detainees and distribute medications regularly.

**REQUEST FOR PRODUCTION NO 104.** Produce all policies and procedures in place from January 1, 2017, to present for providing appropriate medical care to their detainees in a timely matter, including but not limited to, the following:

(a)  providing medication or medical attention for known medical needs and ongoing complications with injuries;
(b)  fully and properly evaluating and diagnosing detainees' injuries and ongoing medical treatment;
(c)  placing detainees in the appropriate facility in light of their known medical needs;
(d)  changing observation patterns in light of ongoing medical conditions; and
(e)  documenting medical treatment and diagnoses resulted in known and obvious risks.

**REQUEST FOR PRODUCTION NO 105.**Produce all evaluations or audits of the jail's medical facilities and practices by external health organizations.

**REQUEST FOR PRODUCTION NO 106.**Produce all documents, communications, and materials relating to the Jail's mental health protocols for handling detainee mental health issues, including suicidal ideations, placement into suicide watch, treatment while under suicide watch, safety and observation checks during this process, and release from suicide watch. This request includes any policies related to follow-ups and continuity of mental health care for previously identified individuals with self-harm concerns.

**REQUEST FOR PRODUCTION NO 107.**Produce all evaluations or audits of the Jail's mental health spaces and practices by external health organizations or governmental entities.

**REQUEST FOR PRODUCTION NO 108.**Produce all incident reports, communications, and documentation, including the identity of officers involved and any witnesses to the altercation and subsequent events for each of the detainees identified in the most recent Complaint including but not limited to the following: Robert Andrew Terry, Jacoby Pillow, Bryan Johnson, Kenneth Richard, Evan Ermayne Lee, William Curtis Barrett, Michael Griego, Tramell Morelle, Jeremy Garrison, Ramon Thomas, Zachery Johnson, Jeremiah Anglin, Harrell Veal, John Coote, Jaquez Moore, Bernard Lockhart, Ryan Twedt, Antonio Radcliff, Zachary Zepeda, Alan Kerber, Victoria Simon, and Christopher Young.

**REQUEST FOR PRODUCTION NO 109.**Produce all video footage including surveillance footage and body cam footage from the jail that captured the altercation(s), the officers' actions, and the timeline of events leading up to the individual(s) being found unresponsive for the detainees identified in the most recent Complaint including but not limited to the following: Robert Andrew Terry, Jacoby Pillow, Bryan Johnson, Kenneth Richard, Evan Ermayne Lee, William Curtis Barrett, Michael Griego, Tramell Morelle, Jeremy Garrison, Ramon Thomas, Zachery Johnson, Jeremiah Anglin, Harrell Veal, John Coote, Jaquez Moore, Bernard Lockhart, Ryan Twedt, Antonio Radcliff, Zachary Zepeda, Alan Kerber, Victoria Simon, and Christopher Young.

**REQUEST FOR PRODUCTION NO 110.**Produce all staff logs and observation records including records showing how frequently each of the individuals was checked on while in his holding cell for each of the detainees identified in the most recent Complaint including but not limited to the following: Robert Andrew Terry, Jacoby Pillow, Bryan Johnson, Kenneth Richard, Evan Ermayne Lee, William Curtis Barrett, Michael Griego, Tramell Morelle, Jeremy Garrison, Ramon Thomas, Zachery Johnson, Jeremiah Anglin, Harrell Veal, John Coote, Jaquez Moore, Bernard Lockhart, Ryan Twedt, Antonio Radcliff, Zachary Zepeda, Alan Kerber, Victoria Simon, and Christopher Young.

**REQUEST FOR PRODUCTION NO 111.**Produce all shift logs detailing which officers and staff were on duty during the incident and subsequent hours for each of the incidents and detainees identified in the most recent Complaint including but not limited to the following: Robert Andrew

Terry, Jacoby Pillow, Bryan Johnson, Kenneth Richard, Evan Ermayne Lee, William Curtis Barrett, Michael Griego, Tramell Morelle, Jeremy Garrison, Ramon Thomas, Zachery Johnson, Jeremiah Anglin, Harrell Veal, John Coote, Jaquez Moore, Bernard Lockhart, Ryan Twedt, Antonio Radcliff, Zachary Zepeda, Alan Kerber, Victoria Simon, and Christopher Young

**REQUEST FOR PRODUCTION NO 112.** Produce all witness statements including written reports and recorded statements from the officers involved in or who witnessed the altercation(s) or incident(s), any other affidavits or documents from witnesses who witnessed the incident(s) identified in the most recent Complaint or in Harris County's Answer or Disclosures.

**REQUEST FOR PRODUCTION NO 113.** Produce detainee statements from other detainees who may have witnessed the incident or the treatment of the individual(s) identified in the most recent Complaint or in Harris County's Answer or Disclosures.

**REQUEST FOR PRODUCTION NO 114.** Produce internal communications including emails, memos, and other communications between Jail staff and administrators about the incident(s) identified in the most recent Complaint or in Harris County's Answer or Disclosures.

**REQUEST FOR PRODUCTION NO 115.** Produce external communications including any communication between the jail and outside agencies (e.g., medical examiner's office, law enforcement) related to the incident(s) identified in the most recent Complaint or in Harris County's Answer or Disclosures.

**REQUEST FOR PRODUCTION NO 116.** Produce all investigative reports including any internal investigations or investigations by the Texas Rangers or another law enforcement agency on whether the use of force was justified and in line with standard practices and any death investigation reports that may exist involving the Decedent.

**REQUEST FOR PRODUCTION NO 117.** Produce all corrective action documentation regarding corrective actions taken, including criminal prosecution, of Jail staff involved in the incidents involving the detainees identified in the most recent Complaint.

**REQUEST FOR PRODUCTION NO 118.** Produce all material, documents, and communications concerning Decedent, including but not limited to, all photographs, disciplinary forms, complaints, grievances, medical file, staff reports about the detainee's behavior, attitude, commendations and any privacy waivers, including release-of information consent forms.

**REQUEST FOR PRODUCTION NO 119.** Produce all material, documents and communications pertaining to the investigation of the deaths of all deceased detainees named in Plaintiffs' most recent Complaint.

**REQUEST FOR PRODUCTION NO 120.** Produce all classification records including documents that identify someone being considered special needs due to mental health issues, placement into administrative segregation, administrative separation, suicide watch, safety cells, etc. related to Decedent.

**REQUEST FOR PRODUCTION NO 121.**Produce all AED maintenance logs and details regarding the staff/unit responsible for maintaining the equipment from May 1, 2023, through June 1, 2023.

**REQUEST FOR PRODUCTION NO 122.**Produce all records showing the medical and mental evaluations conducted of Decedent while he was in jail including any reflecting his bipolar disorder.

**REQUEST FOR PRODUCTION NO 123.**Produce all documents, communications and the employment file for all officers involved in taking Decedent out of his cell and placing him in handcuffs and putting him in a holding cell.

**REQUEST FOR PRODUCTION NO 124.**Produce all documentation and data showing when the emergency call buttons were pressed in the cells that Decedent was located in while in the Jail.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROBERT TERRY JR.; and** | § | |
| **LISA FOSTER INDIVIDUALLY, AND** | § | |
| **AS NEXT FRIENDS OF THEIR** | § | |
| **DECEASED SON ROBERT** | § | |
| **ANDREW TERRY** | § | |
| | § | |
| *Plaintiffs,* | § | CIVIL ACTION NO. 4:24-CV-3068 |
| | § | **(Judge Hittner presiding)** |
| **v.** | § | |
| | § | |
| **HARRIS COUNTY, TEXAS,** | § | |
| | § | |
| *Defendant.* | § | |

---

## PLAINTIFF ROBERT TERRY JR.'S FIRST SET OF INTERROGATORIES

---

TO:   Defendant, Harris County, Texas, by and through their counsel of record, Andrea Chan at Olson & Olson, LLP, Wortham Tower, Suite 600, 2727 Allen Parkway, Houston, Texas 77019.

Plaintiff Robert Terry Jr. serves his First Set of Interrogatories on Defendant Harris County, Texas, as authorized by Federal Rule of Civil Procedure 33. As required by Rule 33(b), Defendant must answer each interrogatory separately, fully, in writing, and under oath within 30 days after service of these interrogatories.

Respectfully submitted,

**BEN CRUMP LAW, PLLC**

*/s/ Paul A. Grinke*
Paul A. Grinke
State Bar No. 24032255
paul@bencrump.com
Aaron Dekle
State Bar No. 24100961
aaron@bencrump.com
5 Cowboys Way, Suite 300
Frisco, Texas 75034
(972) 942-0494 Telephone

**MCCATHERN, PLLC**
Carl L. Evans, Jr.
State Bar No. 24056989
cevans@mccathernlaw.com
Alizabeth A. Guillot
State Bar No. 24138578
aguillot@mccathernlaw.com
Jordan A. Carter
State Bar No. 24116174
jcarter@mccathernlaw.com
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219
(214) 741-2662 Telephone
(214) 741-4717 Facsimile

**COUNSEL FOR PLAINTIFFS**


**<u>CERTIFICATE OF SERVICE</u>**

I certify that I have forwarded a true and correct copy of the foregoing document via electronic mail on November 25, 2024, to all counsel.


*/s/ Paul A. Grinke*
Paul A. Grinke

## DEFINITIONS

1. The term **"communication"** or **"communicated"** include, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, cell phone, text message, U.S. mail, personal delivery, electronic mail, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings.

2. **"And," "or"** and **"and/or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

3. Wherever the word **"including"** or **"includes"** appears, the meaning intended is always **"including, but not limited to."**

4. The plural includes the singular and vice versa as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

5. The term **"relating" or "related"** shall mean referring to, having any relationship to, pertaining to, evidencing or constituting evidence of, in whole or in part, the subject matter of the Request.

6. As used herein, the words **"you," "your,"** shall refer to the party or parties responding to the request, its employees, agents, and representatives, as well as other persons acting or purporting to act on its behalf, including any attorney or other representative, whether authorized or not.

7. As used herein, the word **"Defendant"** shall refer to Harris County, Texas, their employees, agents, subsidiaries, independent contractors, parent companies, affiliated entities and representatives, as well as other persons acting or purporting to act on its behalf, including any attorney or other representative, whether authorized or not.

8. As used herein, the words **"Harris County Jail" and "the Jail"** shall refer to Harris County Jail, its employees, agents, and representatives, as well as other persons acting or purporting to act on its behalf, including any attorney or other representative, whether authorized or not.

9. As used herein, the words **"TCJS"** shall refer to the Texas Commission on Jail Standards, its employees, agents, and representatives, as well as other persons acting or purporting to act on its behalf, including any attorney or other representative, whether authorized or not.

10. As used herein, the words **"DOJ"** shall refer to the Department of Justice, its employees, agents, and representatives, as well as other persons acting or purporting to act on its behalf, including any attorney or other representative, whether authorized or not.

11. As used herein, **"Plaintiffs"** shall refer to all Plaintiffs named in Plaintiffs' most recent petition.

12. As used herein, **"Decedent"** shall refer to Robert Andrew Terry.

13. As used herein, the word **"material"** shall mean all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible things" in Federal Rule of Civil Procedure 34(a)(1). A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate item within the meaning of this term.

14. As used herein, the word "**document**" shall mean all written, typed, e-mailed, or printed matters, and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

15. As used herein, the term "**any**" shall be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

## <u>INSTRUCTIONS</u>

1. To the extent provided by the Federal Rules of Civil Procedure, these discovery requests are intended to be continuing in nature. You are required to promptly supplement your answers when appropriate or necessary.

2. **Objections:** To the extent you object to any Interrogatory, please set forth the complete basis for the objection. If you object to only a portion of a particular Interrogatory, specifically identify the portion of the Interrogatory, which you are objecting and respond to the remainder completely.

3. **Claims of Privilege:** If you claim that any requested information is privileged and, therefore, beyond the scope of discovery, for each Interrogatory, state the precise nature of the privilege and specify the factual basis for the privilege. If any document requested is withheld, you are requested to submit a privilege log within 15 days after you serve your responses.

4. **Extensions of Time:** Any agreement for an extension of time to respond to these Interrogatories must be in writing. No extensions of time for making objections to these Interrogatories should be presumed unless such agreement is specifically set out in writing.

5. **Lost or Destroyed Documents:** If any requested document has been lost or destroyed, for each such document state the circumstances relating to the loss or destruction of such document, the approximate date of the loss or destruction and a reasonably complete description of the contents of such document.

6. **Identify:** In those instances where the word "identify," is used in these requests for discovery, it should be interpreted as requiring with respect to individuals, the person's name, last known address and telephone number. With respect to documents or things, it should be interpreted requiring sufficient information regarding the item so that the party seeking discovery can locate and identify the item as readily as the party from whom it is being sought.

7. **Reference to Documents:** In those instances where the responding party chooses to answer an Interrogatory by referring to a specific document or record, it is requested that such specification be in such sufficient detail to permit the requesting party to locate and identify the records and/or documents from which the answer is to be ascertained as readily as can the party served with the request. Reference to any document that has not been produced should be promptly produced with the response to the interrogatory.

8. **Computer Based Information:** In those instances where requested information is stored only on software or other data compilations, the responding party should either produce the raw data, along with all codes and programs for translating it into usable form, or produce the information in a finished usable form, which would include all necessary glossaries, keys and indices for interpretation of the material.

9. **Scope of Requests:** Unless otherwise specified, the time period of these requests is from January 1, 2009, until the present.

**INTERROGATORIES**

**INTERROGATORY NO. 1.**     Identify any of Harris County Jail's employees or independent contractors who were assigned to the floor, cell, and pod and the medical clinic, security offices, and supervisors for each location where Robert Andrew Terry was assigned from May 13, 2013, until his death.

**ANSWER:**

**INTERROGATORY NO. 2.**     Since January 1, 2013, has any of Harris County Jail's agents, officers, directors, supervisors, etc. ever disciplined, terminated, investigated, or suspended an employee, agent, vendor, or independent contractor due to any written or oral complaints concerning such individuals within Harris County Jail due to failure to conduct proper observations, excessive force, or permitting detainee violence? If so, please identify those individuals, their dates of employment, and the reason they were disciplined, terminated, investigated, or suspended.

**ANSWER:**

**INTERROGATORY NO. 3.**     Please list and describe the types of training all employees, agents, vendors, and independent contractors received for working within Harris County Jail, the purpose of such training, and when they received such training including any training relating to working within a jail or other prison facility and identify any changes made to that training, the date when those changes were made, and the reason for that change.

**ANSWER:**

**INTERROGATORY NO. 4.**     State the policies or procedures in place from January 1, 2009, to present, to ensure all employees at Harris County Jail avoid the use of excessive force while subduing a detainee and how to use proper techniques to avoid serious bodily injury while on the job, and if so, describe such policy.

**ANSWER:**

**INTERROGATORY NO. 5.**     Identify all uses of force as reported to the TCJS and included on their Serious Incident Reports including who was involved, the reason for the use of force, and the injuries suffered as a result of the use of force.

**ANSWER:**

**INTERROGATORY NO. 6.**    Identify all complaints made by detainees either formally or informally concerning not receiving medications, medical treatment, or about not being seen in a timely manner by a doctor including the date of that complaint, the substance of the complaint, and the identity of the detainee involved from January 1, 2017, till present.

**ANSWER:**

**INTERROGATORY NO. 7.**    Identify all detainees who have made a formal or informal complaint or allegation concerning the use of force or an assault against a detainee either by another detainee or by an officer including the date of such complaint, the substance of that complaint or allegation, and the identity of the other individuals involved in the complaint or allegation from January 1, 2017, till present.

**ANSWER:**

**INTERROGATORY NO. 8.**    State the policies or procedures in place from January 1, 2009, to present that describe the staffing requirements for all departments, the minimum officer to detainee ratio and requirements for working overtime at Harris County Jail, and if so, describe such policies or procedures.

**ANSWER:**

**INTERROGATORY NO. 9.**    Identify all audits conducted by the Harris County Sheriff's Office or investigations conducted by other external agencies concerning the Harris County Jail's overpopulation and understaffing, the use of excessive force by officers, the culture of violence amongst detainees, or the failure or lack of medical care for detainees in the past 10 years.

**ANSWER:**

**INTERROGATORY NO. 10.**    Identify all assaults as reported to the TCJS in their Serious Incident Reports including the identity of those involved, the date it occurred, a summary of the incident itself, and the injuries suffered, if any by any of the participants.

**ANSWER:**

**INTERROGATORY NO. 11.**    Identify all those who died in custody or shortly after being released from custody due to a condition or action within the jail and the reason for their death.

**ANSWER:**

**INTERROGATORY NO. 12.**   Identify the amount of staff and detainees assigned to each floor, pod, and cell in the Jail to which Robert Andrew Terry was assigned from May 13, 2023, until his death and identify what roles those staff had for each floor, pod, and cell.

**ANSWER:**

**INTERROGATORY NO. 13.**   Identify all uses of force by an officer against a detainee including the identity of the officer and the detainee, the basis for the use of force, and whether anyone was seen at the clinic for an alleged injury following the use of force from January 1, 2017, till present.

**ANSWER:**

**INTERROGATORY NO. 14.**   For any employees or independent contractors in the jail relating or identified in response to interrogatories numbers 5, 6, 7, 10, 11, or 13, identify whether those officers were disciplined, reprimanded, terminated, or charged arising out of each incident.

**ANSWER:**

**INTERROGATORY NO. 15.**   Identify all investigations conducted into the Harris County Jail or the Harris County Sheriff's Office relating to the Jail including identifying who conducted the investigation, the reason for the investigation, and the result of the investigation since January 1, 2009. For example, this would include all investigations conducted by the FBI, Texas Rangers, Department of Justice, the Texas Commission on Jail Standards, and Houston Police Department.

**ANSWER:**

**INTERROGATORY NO. 16.**   Identify and describe the policy and procedure for conducting face-to-face observations of detainees and monitoring detainees using video cameras.

**ANSWER:**

**INTERROGATORY NO. 17.**   Identify all communications concerning Decedent made from the time they entered the Jail until present. This does not seek any attorney client privileged communications.

**ANSWER:**

**INTERROGATORY NO. 18.**   Identify all communications made between the Sheriff's office, jail employees or county officials concerning the conditions of the Jail, deaths in the jail, violence, assaults, physical altercations, and uses of force in the jail, and the health and medical conditions of the jail since January 1, 2013.

**ANSWER:**

**INTERROGATORY NO. 19.**   Identify all internal audits conducted by Harris County or the Harris County Sheriff's Department into the jail and the policies or procedures concerning those audits.

**ANSWER:**

**INTERROGATORY NO. 20.**   Identify all lawsuits asserted against Defendant or the Harris County Sheriff by a detainee, former detainee, or the family or representative of the detainee relating to the detainee's time within the Jail where the allegation asserted injuries or death to the detainee due to the conditions, policies, or procedures of the jail including policy of excessive force, failure to observe and monitor, understaffing, overpopulation, or failure to provide medical care.

**ANSWER:**

**INTERROGATORY NO. 21.**   Identify any witness statements, affidavits, or written records used or produced in prior lawsuits against the Harris County or the Harris County Sheriff by detainees, former detainees, or their families or representatives, or employees or former employees who worked in the jail.

**ANSWER:**

**INTERROGATORY NO. 22.**   Identify all employees or jail staff members involved in any of the incidents to the other detainees identified in the Complaint and who were also assigned to the floors, clinics, and security rooms where each Decedent was assigned from May 13, 2023, until his passing.

**ANSWER:**

**INTERROGATORY NO. 23.**   Identify all detainees in the cells, floors, and pods in and around the cells, floor, and pods where Decedent was assigned on May 13, 2023, until his passing including in the identification which cell, floor, and pod each detainee was assigned to and the date they were assigned to that location.

**ANSWER:**