## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT TERRY JR.; and LISA FOSTER INDIVIDUALLY, AND AS NEXT FRIENDS OF THEIR DECEASED SON ROBERT ANDREW TERRY** | § § § § § § | |
| *Plaintiffs,* | § § | CIVIL ACTION NO. 4:24-CV-3068 (Judge Hittner presiding) |
| **v.** | § § | |
| **HARRIS COUNTY, TEXAS,** | § § | |
| *Defendant.* | § | |

### HARRIS COUNTY'S OBJECTIONS AND RESPONSES TO
### PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION

TO: Plaintiffs, Robert Terry Jr., and Lisa Foster individually, and a/n/f of their deceased son Robert Andrew Terry, by and through their counsel of record, Paul A. Grinke, Aaron Dekle, BEN CRUMP LAW, PLLC, 5 Cowboys Way, Suite 300, Frisco, Texas 75034, and Carl L. Evans, Jr., Alizabeth A. Guillot, MCCATHERN, PLLC, 3710 Rawlins Street, Suite 1600, Dallas, Texas 75219.

Pursuant to Rule 34(b) of Federal Rules of Civil Procedure, Harris County, Texas (the "County") submits these its Objections and Responses to Plaintiffs' First Requests for Production.

All documents referenced herein with the prefix **HC_** can be found in the following Sharefile folder:

https://olsonllp.sharefile.com/d-se9ad156b8a084f2b9eebed239ee6eea3

Respectfully submitted,

**OLSON & OLSON, L.L.P.**

By:      /s/ Andrea Chan
   Andrea Chan
   Southern District ID No. 14940
   State Bar No. 04086600
   achan@olsonllp.com
   Wortham Tower, Suite 600
   2727 Allen Parkway
   Houston, Texas 77019-2133
   Telephone: (713) 533-3800
   Facsimile: (713) 533-3888

   **ATTORNEY FOR DEFENDANT,**
   **HARRIS COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March, 2025, a true and correct copy of this *Harris County's Objections and Responses to Plaintiffs' First Requests for Production,* was served on counsel for plaintiffs via email pursuant to the parties' agreement:

| | |
|---|---|
| Paul A. Grinke | Carl L. Evans, Jr. |
| paul@bencrump.com | cevans@mccathernlaw.com |
| Aaron Dekle | McCathern, PLLC |
| aaron@bencrump.com | 3710 Rawlins Street, Suite 1600 |
| BEN CRUMP LAW, PLLC | Dallas, Texas 75219 |
| 5 Cowboys Way, Suite 300 | |
| Frisco, Texas 75034 | |

   /s/ Andrea Chan
   Andrea Chan

## HARRIS COUNTY'S OBJECTIONS AND RESPONSES TO
## REQUESTS FOR PRODUCTION

**DEFINITIONS:**

Robert Andrew Terry refers to the decedent named in Plaintiffs' Complaint and any amendments thereto.

Plaintiffs – refers in this document to Plaintiffs Robert Terry Jr. and Lisa Foster, individually, and as next friends of their deceased son Robert Andrew Terry and to Decedent Robert Andrew Terry.

**REQUEST FOR PRODUCTION NO. 1** Produce any and all policies of insurance that could potentially cover the incidents in question, including but not limited to, primary coverage(s), general liability coverage(s), excess coverage(s), bumbershoot coverage(s), pooled risk coverage(s) including the Texas Association of Counties Risk Management Pool coverages or funds, protection and indemnity "P&I" coverages, and umbrella coverages which were in effect on the date of the incident made the basis of this lawsuit.

**RESPONSE:**
Harris County is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 2** Produce all documents relating to any insurance claim(s) you have made concerning this lawsuit.

**RESPONSE:**
Harris County is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 3** Produce copies of any documents reflecting settlements, compromises, agreements, deals, and/or understandings between Defendant(s) and/or any other party concerning this lawsuit or the incidents made the basis of this lawsuit.

**RESPONSE:**
Harris County is not aware of any responsive documents. However, please see the publicly filed documents in *Thomas v. Gonzalez*, Civil Action No. 4:23-cv-02098 in the United States District Court for the Southern District of Texas, Houston Division, G. Hanks, J. presiding, dismissed for failure to state a claim on September 30, 2024.

**REQUEST FOR PRODUCTION NO. 4** Produce any and all contracts, agreements, or memorandums reflecting any indemnification, contribution, or coverage for any potential claims by any other party including Texas Association of Counties Risk Management Pool.

**RESPONSE:**
Harris County is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 5** Produce all communications concerning Robert Andrew Terry and the incident made the basis of the Complaint.

**OBJECTION:**
Harris County objects to the discovery request on the ground that the scope of the request would require production of information privileged under the rules of evidence. Harris County further objects that this request is overbroad to the extent that it is not limited to any specific time period and communications more than 5 years before the underlying incident are not relevant to Plaintiffs' claims.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order. Note Harris Health, a governmental entity separate from Harris County, has staffed the Jail Medical Clinic and provided medical care in the Jail since March 1, 2022, and that the Harris Center, a governmental entity separate from Harris County, provides forensic clinical services to individuals processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment.

**REQUEST FOR PRODUCTION NO. 6** Produce the employment file for any employees or individuals who have been identified as having knowledge of relevant facts concerning Robert Andrew Terry and/or the incident made the basis of the Complaint.

**OBJECTION:**
Harris County objects to this request for production on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case and that is not proportional to the needs of this case. The request for production is not anchored to any specific claim or incident that has been raised in this lawsuit and is stated in broad and general terms. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any given time. See https://www.harriscountyso.org/aboutus/criminaljusticecommand. As such, the

request for production would require an inordinate amount of staff time to research and a large volume of documents to be produced, most of which will have no bearing on the claims and defenses urged by Plaintiffs in this case. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). Note: If Plaintiffs provide a clarification to a RFP that brings it within the scope of relevant discovery and is proportional to the needs of the case, Defense Counsel will revisit and reconsider the Objection and the Request as clarified. Note Harris Health, a governmental entity separate from Harris County, has staffed the Jail Medical Clinic and provided medical care in the Jail since March 1, 2022, a governmental entity separate from Harris County and that the Harris Center, a governmental entity separate from Harris County, provides forensic clinical services to individuals processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see the documents pertaining to Robert Andrew Terry's May 2023 detention which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 7** Produce the employment file and documents concerning any employees or Jail staff who were convicted, charged, disciplined, suspended, terminated, reprimanded, or similarly complained of in relation to the use of force against a detainee in the Jail since January 1, 2017, including but not limited to any detainees identified in the Complaint.

**OBJECTION:**
Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case and that is not proportional to the needs of this case. The request for production is not anchored to any specific claim or incident that has been raised in this lawsuit and is stated in broad and general terms. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any given time. See https://www.harriscountyso.org/aboutus/criminaljusticecommand. As such, the request for production would require an inordinate amount of staff time to research and a large volume of documents to be produced, most of which will have no bearing on the claims and defenses urged by Plaintiffs in this case. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds a comparator, Harris County will provide those documents at that time, or if Plaintiffs provide a clarification to this request that brings it within the scope of

relevant discovery and is proportional to the needs of the case, Defense Counsel will revisit and reconsider the Objection and the Request as clarified.

**REQUEST FOR PRODUCTION NO. 8** Produce all written or oral complaints concerning each person who was an employee or an independent contractor, who was serving or working at Harris County Jail from January 1, 2017, where the complaint related to ignoring detainee medical requests, failing to observe or monitor detainees, laughing at or accusing detainees of faking medical conditions, or using force against a detainee.

## OBJECTION

Harris County objects to this request as overbroad to the extent information relating to employment-related actions more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not linked to the claims and facts upon which this litigation is based is not anchored to any specific claim or incident and is stated in broad and general terms. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in Paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any time (see https://www.harriscountyso.org/AboutUs/CriminalJusticeCommand). Anyone, whether a detainee, employee, or family member or friend of a detainee, may make complaints regarding any aspect of the operation of the Jail, and such complaints are investigated. As such, this request will require an inordinate amount of staff time to research and a large volume of documents to be reviewed to respond to this request. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds a comparator, Harris County will provide those documents at that time, or if Plaintiffs provide a clarification to this request that brings it within the scope of relevant discovery and is proportional to the needs of the case, Defense Counsel will revisit and reconsider the Objection and the Request as clarified.

**REQUEST FOR PRODUCTION NO. 9** Produce all documents regarding any arrest, charge or conviction of each person who was an employee or an independent contractor, who was serving or working at Harris County Jail from January 1, 2017, to present relating to use of force, failing to observe or monitor detainee, allowing detainee violence, or failing to provide medical care.

## OBJECTION

Harris County objects to this request as overbroad to the extent information relating to employment-related actions more than five years before the underlying

incident are not relevant to Plaintiffs' claims. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not linked to the claims and facts upon which this litigation is based is not anchored to any specific claim or incident and is stated in broad and general terms. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in Paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any time (see https://www.harriscountyso.org/AboutUs/CriminalJusticeCommand). As such, this request will require an inordinate amount of staff time to research and a large volume of documents to be reviewed to respond to this request. In this regard, the request violates the premise of proportionality under the rules. Moreover, arrests, charges, or convictions are matters of pubic record and Plaintiffs' have equal access to such documents. If Plaintiffs provide a clarification to this request that brings it within the scope of relevant discovery and is proportional to the needs of the case, Defense Counsel will revisit and reconsider the Objection and the Request as clarified.

**REQUEST FOR PRODUCTION NO. 10** Produce the employee files for any employees who were involved in a use of force against a detainee since January 1, 2017.

**OBJECTION**
Harris County objects to this request as overbroad to the extent information relating to employment-related actions more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not linked to the claims and facts upon which this litigation is based is not anchored to any specific claim or incident and is stated in broad and general terms. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in Paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any time (see https://www.harriscountyso.org/AboutUs/CriminalJusticeCommand). Anyone, whether a detainee, employee, or family member or friend of a detainee, may make complaints regarding any aspect of the operation of the Jail, and such complaints are investigated. As such, this request will require an inordinate amount of staff time to research and a large volume of documents to be reviewed to respond to this request. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds a comparator, Harris County will provide those documents at that time, or if Plaintiffs provide a clarification to this request that brings it within the scope of relevant discovery and

is proportional to the needs of the case, Defense Counsel will revisit and reconsider the Objection and the Request as clarified.

**REQUEST FOR PRODUCTION NO. 11** Produce all training manuals and materials used for all Jail staff working within Harris County Jail effective January 1, 2017, to present.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent seeks information regarding training more than five years before the underlying incident are not relevant to Plaintiffs' claims; this request is not limited in time. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request, which relates to training, includes "all Jail staff," which includes many groups of individuals who have no direct interaction with detainees, such as clerical staff, those who provide food services to the Jail, or maintain the facilities. The Texas Commission on Law Enforcement (TCOLE) sets that standards for training required for detention officers and law enforcement officers. If with respect to the training of specific individuals becomes pertinent, then this information will be provided at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objections, because detention officers at the Harris County Jail receive the TCOLE Basic Jailer Course and additional training through the Harris County Sheriff's Office Academy and Deputy Sheriffs who work in the Harris County Jail are certified Texas Peace Officers and receive training through the Harris County Sheriff's Office Academy, such material may be found on the TCOLE website. Please also see **HC_000001-HC_000008**.

**REQUEST FOR PRODUCTION NO. 12** Produce all records of training sessions attended by all Jail staff working within Harris County Jail effective January 1, 2017, to present who has knowledge of relevant facts concerning the underlying lawsuit.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent seeks information regarding training more than five years before the underlying incident are not relevant to Plaintiffs' claims; this request is not limited in time. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request, which relates to training, includes "all Jail staff," which includes many groups of individuals who have no direct interaction with detainees, such as clerical staff,

those who provide food services to the Jail, or maintain the facilities. The Texas Commission on Law Enforcement (TCOLE) sets that standards for training required for detention officers and law enforcement officers. If with respect to the training of specific individuals becomes pertinent, then this information will be provided at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objections, because detention officers at the Harris County Jail receive the TCOLE Basic Jailer Course and additional training through the Harris County Sheriff's Office Academy and Deputy Sheriffs who work in the Harris County Jail are certified Texas Peace Officers and receive training through the Harris County Sheriff's Office Academy, such material may be found on the TCOLE website.

**REQUEST FOR PRODUCTION NO. 13** Produce all employee files and records of training sessions of employees and Jail staff who were working on the floors where Decedent was located from May 13, 2023, through the time of his death.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent it seeks information regarding training more than five years before the underlying incident that are not relevant to Plaintiffs' claims; this request is not limited in time. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request, which relates to training, includes "employees and Jail staff who were working on the floors where Decedent was located" without regard to whether those employees or Jail staff were present at the same time as Robert Andrew Terry. The Texas Commission on Law Enforcement (TCOLE) sets that standards for training required for detention officers and law enforcement officers. If with respect to the training of specific individuals becomes pertinent, then this information will be provided at that time.

**REQUEST FOR PRODUCTION NO. 15** Produce the employee handbook for Harris County Jail in effect on January 1, 2017, and all revised versions to the present date.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims.

**RESPONSE:**
Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com and **HC_000001-HC_000008**. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 16** Produce all policies and procedures in place from January 1, 2017, to present that provides detainees with protection from serious physical harm and protection from life safety hazards while at Harris County Jail.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident, the issue of providing detainees with protection from physical harm and life safety hazards becomes pertinent, then this information will be provided at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 17** Produce all policies and procedures in place from January 1, 2017, to present that describe the Jail staffing requirements for all departments, the minimum officer to detainee ratio and requirements for working overtime.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect

to a specific incident, the issue of minimum officer to detainee ratio and overtime becomes pertinent, then this information will be provided at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 18** Produce all policies and procedures in place from January 1, 2017, to prevent overcrowding in the Jail and any plans for managing large and possibly violent detainee population.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident, the issue of preventing overcrowding and managing detainee populations becomes pertinent, then this information will be provided at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 19** Produce all policies and procedures for determining the classification of detainees and determining their placement within the jail including any mental health analysis, observation requirement determination, determinations as to their danger and need for medical treatment.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard,

the request violates the premise of proportionality under the rules. If with respect to a specific incident, the issue of classification and placement of detainees becomes pertinent, then this information will be provided at that time. Note: Harris Health, a governmental entity separate from Harris County, has staffed the Jail Medical Clinic and provided medical care in the Jail since March 1, 2022, and that the Harris Center, a governmental entity separate from Harris County, provides forensic clinical services to individuals processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment.

**RESPONSE:**
Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 20** Produce all policies and procedures in place from January 1, 2017, to present for transferring detainees throughout the Jail and transporting detainees to outside facilities, including medical hospitals or facilities.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident, the issue of transferring and transporting detainees becomes pertinent, then this information will be provided at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 21** Produce all policies and procedures in place from January 1, 2017, to prevent physical or sexual assaults from occurring by personnel or detainees within the Jail.

**OBJECTION:**

Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident, the issue of physical or sexual assaults becomes pertinent, then this information will be provided at that time.

**RESPONSE:**

Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 22** Produce all policies and procedures in place from January 1, 2017, to prevent the use of excessive force while subduing a detainee and the proper techniques to avoid serious bodily injury while on the job at Harris County Jail.

**OBJECTION:**

Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident, the issue of use of excessive force becomes pertinent, then this information will be provided at that time.

**RESPONSE:**

Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 23** Produce all policies and procedures in place from January 1, 2017, to present concerning the use of force by Harris County Jail staff and employees against detainees.

**OBJECTION:**

Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident, the issue of use of force becomes pertinent, then this information will be provided at that time.

**RESPONSE:**

Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 24** Produce all policies and procedures in place from January 1, 2017, to present concerning the training of de-escalation techniques and detainee interaction provided to the Jail staff and employees.

**OBJECTION:**

Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident, the issue of de-escalation techniques and detainee interaction becomes pertinent, then this information will be provided at that time.

**RESPONSE:**

Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 25** Produce all policies and procedures in place from January 1, 2017, to present, and communications relating to those policies and procedures, concerning Jail staff and employees charging detainees when they are involved in altercations either with detainees of Jail staff.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. Moreover, Harris County does not understand what types of policies to which this request pertains because it does not understand the phrase "Jail staff and employees charging detainees when they are involved in altercations either with detainees of Jail staff."

**RESPONSE:**
Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 26** Produce all policies and procedures in place from January 1, 2017, to present, and communications relating to those policies and procedures, concerning the Jail staff response and steps when responding to a detainee medical emergency, altercation, detainee fight, officer fight, or to discipline a detainee.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident, the issue of Jail staff response and steps when responding to a detainee medical emergency, altercation, detainee fight, officer fight, or to discipline a detainee becomes pertinent, then this information will be provided at that time. Note: Harris Health, a governmental entity separate from Harris County, has staffed the Jail Medical Clinic and provided medical care in the Jail since March 1, 2022, and that the Harris Center, a governmental entity separate from Harris County, provides forensic clinical services to individuals processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment.

**RESPONSE:**
Subject to and without waiving the foregoing objection, please see
https://hcsopolicy.com. To the extent that different versions of the relevant policies
or procedures were different at the time of the underlying incident, those polices or
procedures will be made available.

**REQUEST FOR PRODUCTION NO. 28** Produce all policies and procedures in
place from January 1, 2017, to present for observing and monitoring detainees
through video monitoring, identifying and monitoring blind spots within the Jail
and for reporting and documenting observations within the Jail.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not
limited to any specific time period and policies in effect more than 5 years before the
underlying incident are not relevant to Plaintiffs' claims. Harris County further
objects to this request on the grounds that, as stated, it seeks information that is
not relevant to the claims and defenses presented in this case nor is calculated to
lead to the discovery of relevant evidence for purposes of this case. The request is
not anchored to any specific claim related to the claims of Plaintiffs. In this regard,
the request violates the premise of proportionality under the rules. If with respect
to a specific incident, the issue of video monitoring becomes pertinent, then this
information will be provided at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objection, please see
https://hcsopolicy.com. To the extent that different versions of the relevant policies
or procedures were different at the time of the underlying incident, those polices or
procedures will be made available. Please also see **HC_000001-HC_000008**.

**REQUEST FOR PRODUCTION NO. 29** Produce all policies and procedures in
place from January 1, 2017, to present for the following:

    (a) providing proper staff to avoid understaffing;
    (b) avoiding overcrowding the jail; and
    (c) preventing additional psychological and physical stresses on officers to
        avoid outbursts directed at detainees.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not
limited to any specific time period and policies in effect more than 5 years before the
underlying incident are not relevant to Plaintiffs' claims. Harris County further
objects to this request on the grounds that, as stated, it seeks information that is
not relevant to the claims and defenses presented in this case nor is calculated to

lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident, the issue of overcrowding, understaffing, and stresses on officers becomes pertinent, then this information will be provided at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available. Please also see **HC_000001-HC_000008**.

**REQUEST FOR PRODUCTION NO. 30** Produce all documents, communications and materials relating to policies to prevent overcrowding, understaffing, and the minimum officer to detainee ratio within Harris County Jail required by the Texas Commission on Jail Standards ("TCJS").

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident, the issue of overcrowding, understaffing, and minimum officer to detainee ratio becomes pertinent, then this information will be provided at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 31** Produce all documentation, communications, and video footage for each detainee mentioned in the Plaintiffs' most recent Complaint relating to any complaints, incidents, injuries, or death; including but not limited to the following:

    a. Robert Andrew Terry
    b. Vincent Young
    c. Maytham Alsaedy

d. Debora Ann Lyons
e. Tracy Whited
f. Wallace Harris
g. David Perez
h. Israel Lizano Iglesias
i. Jim Franklin Lagrone
j. James Earl Gamble
k. Victoria Margaret Simon
l. Alan Christopher Kerber
m. Damien Lavon Johnson
n. Jaquaree Simmons
o. Rory Ward Jr.
p. Adael Gonzalez Garcia
q. Fred Harris
r. Jerome Bartee
s. Terry Goodwin
t. Gregory Barrett
u. Christopher Johnson
v. Matthew Shelton
w. Michael A. Alaniz
x. Natividad Flores
y. Kareem Jefferson
z. Henry Williams
aa. Loron Ernest Fisher
bb. Benjamin Pierce
cc. Gilbert Allen Nelson
dd. Kevin Alexander Sanchez-Trejo
ee. Simon Peter Douglas
ff. Hugo Mota
gg. Fabien Cortez
hh. Elijah Gamble
ii. Kenneth Lucas
jj. Rachel Hatton
kk. Treyvan Crowder
ll. Eric Russell
mm. Jacoby Pillow
nn. Bryan Johnson
oo. Evan Ermayne Lee
pp. William Curtis Barrett
qq. Kevin Smith Jr.
rr. Ramon Thomas
ss. Nathan Henderson
tt. Deon Peterson
uu. Gary Wayne Smith

vv. Kristan Smith
ww. Michael Griego
xx. Robert Wayne Fore
yy. Jeremy Garrison
zz. Zachery Johnson
aaa. Kenneth Richard
bbb. Jeremiah Anglin
ccc. Harrell Veal
ddd. John Coote
eee. Ryan Twedt
fff. Antonio Radcliffe
ggg. Zachary Zepeda
hhh. Jaquez Moore
iii. Taylor Euell
jjj. Christopher Young
kkk. Tramell Morelle
lll. Bernard Lockhart
mmm. Dylan Perio
nnn. Mikayla Savage
ooo. Kyle Ryker
ppp. D'Allesandro Chavez-Sandoval
qqq. Michael Walker
rrr. Daevion Young
sss. Nathan Nichols
ttt. Dequon Buford
uuu. John Raymond Hackl
vvv. Walter Klein
www. Kelvin Williams
xxx. Bobby McGowen
yyy. Moses Almazan
zzz. Damian Lopez
aaaa. Lawrence Gutierrez
bbbb. Mark Anthony Mills

## OBJECTION:

Harris County objects to the discovery request on the ground that the scope of the request would require production of information privileged under the rules of evidence. Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the

Court finds to be a comparator, Harris County will provide those documents at that time. Note: Harris Health, a governmental entity separate from Harris County, has staffed the Jail Medical Clinic and provided medical care in the Jail since March 1, 2022, and that the Harris Center, a governmental entity separate from Harris County, provides forensic clinical services to individuals processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment.

**RESPONSE:**

Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 32** Produce all medical records detailing the health conditions and treatments of each detainee mentioned in the Plaintiffs' most recent Complaint; including but not limited to the following:

> a. Robert Andrew Terry
> b. Vincent Young
> c. Maytham Alsaedy
> d. Debora Ann Lyons
> e. Tracy Whited
> f. Wallace Harris
> g. David Perez
> h. Israel Lizano Iglesias
> i. Jim Franklin Lagrone
> j. James Earl Gamble
> k. Victoria Margaret Simon
> l. Alan Christopher Kerber
> m. Damien Lavon Johnson
> n. Jaquaree Simmons
> o. Rory Ward Jr.
> p. Adael Gonzalez Garcia
> q. Fred Harris
> r. Jerome Bartee
> s. Terry Goodwin
> t. Gregory Barrett
> u. Christopher Johnson
> v. Matthew Shelton
> w. Michael A. Alaniz
> x. Natividad Flores
> y. Kareem Jefferson
> z. Henry Williams
> aa. Loron Ernest Fisher
> bb. Benjamin Pierce

cc. Gilbert Allen Nelson
dd. Kevin Alexander Sanchez-Trejo
ee. Simon Peter Douglas
ff. Hugo Mota
gg. Fabien Cortez
hh. Elijah Gamble
ii. Kenneth Lucas
jj. Rachel Hatton
kk. Treyvan Crowder
ll. Eric Russell
mm. Jacoby Pillow
nn. Bryan Johnson
oo. Evan Ermayne Lee
pp. William Curtis Barrett
qq. Kevin Smith Jr.
rr. Ramon Thomas
ss. Nathan Henderson
tt. Deon Peterson
uu. Gary Wayne Smith
vv. Kristan Smith
ww. Michael Griego
xx. Robert Wayne Fore
yy. Jeremy Garrison
zz. Zachery Johnson
aaa. Kenneth Richard
bbb. Jeremiah Anglin
ccc. Harrell Veal
ddd. John Coote
eee. Ryan Twedt
fff. Antonio Radcliffe
ggg. Zachary Zepeda
hhh. Jaquez Moore
iii. Taylor Euell
jjj. Christopher Young
kkk. Tramell Morelle
lll. Bernard Lockhart
mmm. Dylan Perio
nnn. Mikayla Savage
ooo. Kyle Ryker
ppp. D'Allesandro Chavez-Sandoval
qqq. Michael Walker
rrr. Daevion Young
sss. Nathan Nichols
ttt. Dequon Buford

uuu. John Raymond Hackl
vvv. Walter Klein
www. Kelvin Williams
xxx. Bobby McGowen
yyy. Moses Almazan
zzz. Damian Lopez
aaaa. Lawrence Gutierrez
bbbb. Mark Anthony Mills

**OBJECTION:**
Harris County objects to the discovery request on the ground that the scope of the request would require production of information privileged under the rules of evidence. Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator, Harris County will provide those documents at that time. Note: Harris Health, a governmental entity separate from Harris County, has staffed the Jail Medical Clinic and provided medical care in the Jail since March 1, 2022, a governmental entity separate from Harris County and that the Harris Center, a governmental entity separate from Harris County, provides forensic clinical services to individuals processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 33** Produce all booking records, including intake forms and classification documents, for each detainee mentioned in the Plaintiffs' most recent Complaint; including but not limited to the following:

a. Robert Andrew Terry
b. Vincent Young
c. Maytham Alsaedy
d. Debora Ann Lyons
e. Tracy Whited
f. Wallace Harris
g. David Perez

h. Israel Lizano Iglesias
i. Jim Franklin Lagrone
j. James Earl Gamble
k. Victoria Margaret Simon
l. Alan Christopher Kerber
m. Damien Lavon Johnson
n. Jaquaree Simmons
o. Rory Ward Jr.
p. Adael Gonzalez Garcia
q. Fred Harris
r. Jerome Bartee
s. Terry Goodwin
t. Gregory Barrett
u. Christopher Johnson
v. Matthew Shelton
w. Michael A. Alaniz
x. Natividad Flores
y. Kareem Jefferson
z. Henry Williams
aa. Loron Ernest Fisher
bb. Benjamin Pierce
cc. Gilbert Allen Nelson
dd. Kevin Alexander Sanchez-Trejo
ee. Simon Peter Douglas
ff. Hugo Mota
gg. Fabien Cortez
hh. Elijah Gamble
ii. Kenneth Lucas
jj. Rachel Hatton
kk. Treyvan Crowder
ll. Eric Russell
mm. Jacoby Pillow
nn. Bryan Johnson
oo. Evan Ermayne Lee
pp. William Curtis Barrett
qq. Kevin Smith Jr.
rr. Ramon Thomas
ss. Nathan Henderson
tt. Deon Peterson
uu. Gary Wayne Smith
vv. Kristan Smith
ww. Michael Griego
xx. Robert Wayne Fore
yy. Jeremy Garrison

zz. Zachery Johnson
aaa. Kenneth Richard
bbb. Jeremiah Anglin
ccc. Harrell Veal
ddd. John Coote
eee. Ryan Twedt
fff. Antonio Radcliffe
ggg. Zachary Zepeda
hhh. Jaquez Moore
iii. Taylor Euell
jjj. Christopher Young
kkk. Tramell Morelle
lll. Bernard Lockhart
mmm. Dylan Perio
nnn. Mikayla Savage
ooo. Kyle Ryker
ppp. D'Allesandro Chavez-Sandoval
qqq. Michael Walker
rrr. Daevion Young
sss. Nathan Nichols
ttt. Dequon Buford
uuu. John Raymond Hackl
vvv. Walter Klein
www. Kelvin Williams
xxx. Bobby McGowen
yyy. Moses Almazan
zzz. Damian Lopez
aaaa. Lawrence Gutierrez
bbbb. Mark Anthony Mills

**OBJECTION:**

Harris County objects to the discovery request on the ground that the scope of the request would require production of information privileged under the rules of evidence. Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator, Harris County will provide those documents at that time. Note: Harris Health, a governmental entity separate from Harris County, has staffed the Jail Medical Clinic and provided medical care in the Jail since March 1, 2022, and that the Harris Center, a governmental entity separate from Harris

County, provides forensic clinical services to individuals processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 34** Produce all policies and procedures manuals for the jail, including those related to medical care, use of force, classification, booking and intake, safety checks, suicide watches, responding to incidents, duty to report, and detainee observation.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Note: Harris Health, a governmental entity separate from Harris County, has staffed the Jail Medical Clinic and provided medical care in the Jail since March 1, 2022, and that the Harris Center, a governmental entity separate from Harris County, provides forensic clinical services to individuals processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment.

**RESPONSE:**
Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 35** Produce all logs of jail activities, including monitoring logs and check-in logs for each of the incidents and dates identified in the Complaint for each of the detainees identified in the most recent Complaint.

**OBJECTION:**
Harris County objects to the discovery request on the ground that the scope of the request would require production of information privileged under the rules of evidence. Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to

the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator, Harris County will provide those documents at that time. Note: Harris Health, a governmental entity separate from Harris County, has staffed the Jail Medical Clinic and provided medical care in the Jail since March 1, 2022, and that the Harris Center, a governmental entity separate from Harris County, provides forensic clinical services to individuals processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment.

**RESPONSE:**

Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order. Note that beginning March 1, 2022, the Jail Medical Clinic has been staffed by Harris Health, a governmental entity separate from Harris County.

**REQUEST FOR PRODUCTION NO. 36** Produce all Jail staff schedules and staffing levels for each of the dates and incidents identified in the Complaint for each detainee identified in the most recent Complaint at each location where the detainee was located.

**OBJECTION:**

Harris County objects to the discovery request on the ground that the scope of the request would require production of information privileged under the rules of evidence. Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator, Harris County will provide those documents at that time.

**RESPONSE:**

Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order. Note that beginning March 1, 2022, the Jail Medical Clinic has been staffed by Harris Health, a governmental entity separate from Harris County.

**REQUEST FOR PRODUCTION NO. 37** Produce all video and audio recordings and footage from the Jail involving the detainees named in Plaintiffs' most recent Complaint. This refers to the video and audio recordings and footage for the

incidents that led to the detainees' injuries, altercations, medical emergencies, observations, uses of force, complaints, emergency calls, their attempts to commit suicide, and officer interactions with the detainees during any of these incidents. The detainees identified include but are not limited to the following:

    a. Robert Andrew Terry
    b. Vincent Young
    c. Maytham Alsaedy
    d. Debora Ann Lyons
    e. Tracy Whited
    f. Wallace Harris
    g. David Perez
    h. Israel Lizano Iglesias
    i. Jim Franklin Lagrone
    j. James Earl Gamble
    k. Victoria Margaret Simon
    l. Alan Christopher Kerber
    m. Damien Lavon Johnson
    n. Jaquaree Simmons
    o. Rory Ward Jr.
    p. Adael Gonzalez Garcia
    q. Fred Harris
    r. Jerome Bartee
    s. Terry Goodwin
    t. Gregory Barrett
    u. Christopher Johnson
    v. Matthew Shelton
    w. Michael A. Alaniz
    x. Natividad Flores
    y. Kareem Jefferson
    z. Henry Williams
    aa. Loron Ernest Fisher
    bb. Benjamin Pierce
    cc. Gilbert Allen Nelson
    dd. Kevin Alexander Sanchez-Trejo
    ee. Simon Peter Douglas
    ff. Hugo Mota
    gg. Fabien Cortez
    hh. Elijah Gamble
    ii. Kenneth Lucas
    jj. Rachel Hatton
    kk. Treyvan Crowder
    ll. Eric Russell
    mm. Jacoby Pillow

nn. Bryan Johnson
oo. Evan Ermayne Lee
pp. William Curtis Barrett
qq. Kevin Smith Jr.
rr. Ramon Thomas
ss. Nathan Henderson
tt. Deon Peterson
uu. Gary Wayne Smith
vv. Kristan Smith
ww. Michael Griego
xx. Robert Wayne Fore
yy. Jeremy Garrison
zz. Zachery Johnson
aaa. Kenneth Richard
bbb. Jeremiah Anglin
ccc. Harrell Veal
ddd. John Coote
eee. Ryan Twedt
fff. Antonio Radcliffe
ggg. Zachary Zepeda
hhh. Jaquez Moore
iii. Taylor Euell
jjj. Christopher Young
kkk. Tramell Morelle
lll. Bernard Lockhart
mmm. Dylan Perio
nnn. Mikayla Savage
ooo. Kyle Ryker
ppp. D'Allesandro Chavez-Sandoval
qqq. Michael Walker
rrr. Daevion Young
sss. Nathan Nichols
ttt. Dequon Buford
uuu. John Raymond Hackl
vvv. Walter Klein
www. Kelvin Williams
xxx. Bobby McGowen
yyy. Moses Almazan
zzz. Damian Lopez
aaaa. Lawrence Gutierrez
bbbb. Mark Anthony Mills

## OBJECTION:

Harris County objects to the discovery request on the ground that the scope of the
request would require production of information privileged under the rules of

evidence. Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator, Harris County will provide those documents at that time should they exist.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 38** Produce all video and audio recordings and footage from the jail concerning and depicting Robert Andrew Terry, his cells, and floors where he was located and the hallways outside of his cells from May 10, 2023, until his death.

**RESPONSE:**
Harris County will produce responsive documents subject to entry of a confidentiality order should such documents exist.

**REQUEST FOR PRODUCTION NO. 39** Produce any and all maps or diagrams of the Jail and specifically those maps and diagrams that identify the location of surveillance cameras and security monitoring pods within the Jail.

**OBJECTION:**
Harris County objects to this request for production on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case and that is not proportional to the needs of this case. The request for production is not anchored to any specific claim or incident that has been raised in this lawsuit and is stated in broad and general terms. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any given time. See https://www.harriscountyso.org/aboutus/criminaljusticecommand. As such, disclosure of the location of surveillance cameras and other safety features of the jail could pose a security risk which outweighs the benefit of the disclosure of such information. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 40** Produce any and all documents showing the video retention policy of the Jail.

**RESPONSE:**
Please see https://www.tsl.texas.gov/slrm/rrs for the state retention policy which provides the minimum length of time such documents must be retained.

**REQUEST FOR PRODUCTION NO. 41** Produce all documentation, communications, and video and audio footage relating to the investigation, incidents, and detainees that were the subject of the following investigations or reports identified in the Complaint:

    A. TCJS March 11, 2016 Report
    B. TCJS February 21, 2017 Report
    C. TCJS April 3, 2017 Report
    D. TCJS December 19, 2017 Report
    E. TCJS August 23, 2018 Report
    F. TCJS December 9, 2020 Report
    G. TCJS April 6, 2021 Report
    H. TCJS December 7, 2021 Report
    I. TCJS September 7, 2022 Report
    J. TCJS December 19, 2022 Report
    K. TCJS March 8, 2023 Report
    L. TCJS April 17, 2023 Report
    M. TCJS August 28, 2023 Report
    N. TCJS February 20, 2024 Report
    O. TCJS April 10, 2024 Notice of Non-Compliance.

**OBJECTION:**
Harris County objects to the discovery request on the ground that the scope of the request would require production of information privileged under the rules of evidence. Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator, Harris County will provide those documents at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see HC_000017-HC_000019; HC_000023-HC_000025; – HC_000031-HC_000033; HC_000036-

HC_000039;   HC_000057-**HC_000064**;   **HC_000075-HC_000078**;   **HC_000080-HC_000088; HC_000090-HC_000098**.

**REQUEST FOR PRODUCTION NO. 42** Produce all documents, communications, and video and audio footage relating to any investigations and reports conducted by a government agency including but not limited to TCJS, Texas Rangers, FBI, and the Department of Justice into the Jail since 2007 to the present relating to the overcrowding and understaffing of the jail, the use of force or assaults in the jail by officers or detainees, the medical care provided to the detainee, or relating to the conditions of the jail itself.

**OBJECTION:**
Harris County objects to the discovery request on the ground that the scope of the request would require production of information privileged under the rules of evidence. Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and that such documents are pertinent, Harris County will provide those documents at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 43** Produce all medical and clinical records pertaining to the detainees identified in the most recent Complaint.

**OBJECTION:**
Harris County objects to the discovery request on the ground that the scope of the request would require production of information privileged or confidential under the rules of evidence. Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and that such medical and clinical are pertinent,

Harris County will provide those documents at that time. Note: Harris Health, a governmental entity separate from Harris County, has staffed the Jail Medical Clinic and provided medical care in the Jail since March 1, 2022, and that the Harris Center, a governmental entity separate from Harris County, provides forensic clinical services to individuals processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 44** Produce all custodial documents pertaining to the detainees identified in the most recent Complaint.

**OBJECTION:**
Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and that such custodial documents are pertinent, Harris County will provide those documents at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 45** Produce the incident reports and supporting documentation pertaining to any officer uses of force against a detainee since January 1, 2017.

**OBJECTION:**
Harris County objects to the discovery request on the ground that the scope of the request would require production of information privileged or confidential under the rules of evidence. Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request for production on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case and that is not proportional to the needs of this case. The request for production is not anchored to any specific claim or incident that has

been raised in this lawsuit and is stated in broad and general terms. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any given time. See https://www.harriscountyso.org/aboutus/criminaljusticecommand. As such, the request for production would require an inordinate amount of staff time to research and a large volume of documents to be produced, most of which will have no bearing on the claims and defenses urged by Plaintiffs in this case. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds to be a comparator and that such reports and documentation are pertinent, Harris County will provide those documents at that time.

**REQUEST FOR PRODUCTION NO. 46** Produce the employment file including any background checks for the officers involved in the uses of force identified in response to request number 45.

**OBJECTION:**
Harris County further objects that this request is overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request for production on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case and that is not proportional to the needs of this case. The request for production is not anchored to any specific claim or incident that has been raised in this lawsuit and is stated in broad and general terms. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any given time. See https://www.harriscountyso.org/aboutus/criminaljusticecommand. As such, the request for production would require an inordinate amount of staff time to research and a large volume of documents to be produced, most of which will have no bearing on the claims and defenses urged by Plaintiffs in this case. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds to be a comparator and that such files and background checks are pertinent, Harris County will provide those documents at that time.

**REQUEST FOR PRODUCTION NO. 47** Produce the incident reports, disciplinary records, witness statements, and supporting documentation pertaining to any detainee assaults against another detainee since January 1, 2017.

**OBJECTION:**

Harris County further objects that this request is overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request for production on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case and that is not proportional to the needs of this case. The request for production is not anchored to any specific claim or incident that has been raised in this lawsuit and is stated in broad and general terms. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any given time. See https://www.harriscountyso.org/aboutus/criminaljusticecommand. As such, the request for production would require an inordinate amount of staff time to research and a large volume of documents to be produced, most of which will have no bearing on the claims and defenses urged by Plaintiffs in this case. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds to be a comparator and that such incident reports, disciplinary records, witness statements, and supporting documents are pertinent, Harris County will provide those documents at that time.

**REQUEST FOR PRODUCTION NO. 48** Produce the custodial file for all individuals identified in the assaults in response to request number 47.

**OBJECTION:**

Harris County objects that this request is overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request for production on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case and that is not proportional to the needs of this case. The request for production is not anchored to any specific claim or incident that has been raised in this lawsuit and is stated in broad and general terms. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any given time. See https://www.harriscountyso.org/aboutus/criminaljusticecommand. As such, the request for production would require an inordinate amount of staff time to research and a large volume of documents to be produced, most of which will have no bearing on the claims and defenses urged by Plaintiffs in this case. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court

finds to be a comparator and that such custodial files are pertinent, Harris County will provide those documents at that time.

**REQUEST FOR PRODUCTION NO. 49** Produce the employment file including the investigation file for Eric Morales who was the officer involved in the altercation with Jaquaree Simmons.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent information relating to employment-related actions more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not linked to the claims and facts upon which this litigation is based is not anchored to any specific claim or incident and is stated in broad and general terms. If with respect to the information requested in this request becomes pertinent, then this information will be provided at that time.

**REQUEST FOR PRODUCTION NO. 50** Produce custodial files and communications concerning detainees Chad Maydwell, Justin Carter, Claude Curry, Olawale Majekodunmi, Juan Martinez, Javion McNeese, Babajide Ogunnubi, Daquarius Parker, Rudolph Shelling, Jamariyon Charles, Francisco Saenz, Ulysess Molina, Joseph Thompson, Jose Cruz, Sebastian Scalzo, and Kelvin Jones.

**OBJECTION:**
Harris County objects that this request is overbroad to the extent that it is not limited to any specific time period and incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request as overbroad to the extent information relating to employment-related actions more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not linked to the claims and facts upon which this litigation is based is not anchored to any specific claim or incident and is stated in broad and general terms. If with respect to a specific incident or detainee the Court finds to be a comparator and such requested information becomes pertinent, Harris County will provide those documents at that time.

**REQUEST FOR PRODUCTION NO. 51** Produce all documents, communications, incident reports, and video footage relating to the allegations raised by Officer J. Valdivez against the Harris County Jail as identified in the Complaint.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent information relating to employment-related actions more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not linked to the claims and facts upon which this litigation is based is not anchored to any specific claim or incident and is stated in broad and general terms. If with respect to the information requested in this request becomes pertinent, then this information will be provided at that time.

**REQUEST FOR PRODUCTION NO. 52** Produce all documents, communications, incident reports, and video footage relating to the allegations raised by Officer Jane Doe against the Harris County Jail as shown in the case *Jane Doe v. Harris County, Tex. et. al.*, No. 2023-47871 (125th Dist. Ct., Harris County, Tex. July 28, 2023).

**OBJECTION:**
Harris County objects to this request as overbroad to the extent information relating to employment-related actions more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not linked to the claims and facts upon which this litigation is based is not anchored to any specific claim or incident and is stated in broad and general terms.

**REQUEST FOR PRODUCTION NO. 53** Produce all documents, communications, and reports pertaining to the allegations of smuggling drugs into the Harris County Jail. This includes the documents pertaining to detainees Joshua Owens, Nathaniel Campbell, and Lativia Bailey and individuals Hunter Simmons, Ronald Lewis, Jason Johnson, and Officer Robert Robertson.

**OBJECTION:**
Harris County objects that this request is overbroad to the extent that it is not limited to any specific time period and incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request as overbroad to the extent information relating to employment-related actions more than five years before the underlying incident are not relevant to

Plaintiffs' claims. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not linked to the claims and facts upon which this litigation is based is not anchored to any specific claim or incident and is stated in broad and general terms. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds to be a comparator and the information requested in this request becomes pertinent, then this information will be provided at that time.

**REQUEST FOR PRODUCTION NO. 54** Produce all emails, memos, and other correspondence between the Jail staff, including communications about detainee care and incidents, pertaining to any of the incidents or detainees identified in the most recent Complaint.

**OBJECTION:**
Harris County objects that this request is overbroad to the extent that it is not limited to any specific time period and incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request as overbroad to the extent information relating to employment-related actions more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not linked to the claims and facts upon which this litigation is based is not anchored to any specific claim or incident and is stated in broad and general terms. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds to be a comparator and the information requested in this request becomes pertinent, then this information will be provided at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 55** Produce all communications and documentation pertaining to any deaths within the Harris County Jail or the Jail's custody since 2009.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent information relating to employment-related actions more than five years before the underlying

incident are not relevant to Plaintiffs' claims. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not linked to the claims and facts upon which this litigation is based is not anchored to any specific claim or incident and is stated in broad and general terms. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds to be a comparator and the information requested in this request becomes pertinent, then this information will be provided at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 56** Produce all communication between the Jail staff and external agencies such as the Department of Justice (DOJ) or the Texas Commission on Jail Standards (TCJS) relating to any of the detainees' complaints, incidents, investigations, or deaths identified in the most recent Complaint.

**OBJECTION:**
Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the information requested in this request becomes pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 57** Produce all communications between Jail staff and any other agency or county department, relating to Robert Andrew Terry's incident and death.

**OBJECTION:**

Harris County further objects that this request is overbroad to the extent that it is not limited to any specific time period and communications more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. Harris County further objects that this request is duplicative of other requests. Note: Harris Health, a governmental entity separate from Harris County, has staffed the Jail Medical Clinic and provided medical care in the Jail since March 1, 2022, and that the Harris Center, a governmental entity separate from Harris County, provides forensic clinical services to individuals processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment.

**RESPONSE:**

Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 58** Produce all communications between Harris County and its employees pertaining to the overcrowding and understaffing of the Harris County Jail since January 1, 2017.

**OBJECTION:**

Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs and is duplicative of other requests. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any given time. See https://www.harriscountyso.org/aboutus/criminaljusticecommand. As such, the request for production would require an inordinate amount of staff time to research and a large volume of documents to be produced, most of which will have no bearing on the claims and defenses urged by Plaintiffs in this case. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds to be a comparator and the information requested in this request relating to

overcrowding and understaffing becomes pertinent, then this information will be provided at that time.

**REQUEST FOR PRODUCTION NO. 59** Produce all communications and documentation pertaining to any uses of force by a Jail staff member or employee against a detainee in the Harris County Jail since January 1, 2017.

**OBJECTION:**
Harris County objects to the discovery request on the ground that the scope of the request would require production of information privileged under the rules of evidence. Harris County further objects that this request is overbroad to the extent that it is not limited to any specific time period and communications more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any given time. See https://www.harriscountyso.org/aboutus/criminaljusticecommand. As such, the request for production would require an inordinate amount of staff time to research and a large volume of documents to be produced, most of which will have no bearing on the claims and defenses urged by Plaintiffs in this case. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds to be a comparator and the use of force becomes pertinent, then this information will be provided at that time. Harris County further objects that this request is duplicative of other requests.

**REQUEST FOR PRODUCTION NO. 60** Produce all communications and documentation pertaining to any Jail staff members or employees who were disciplined or charged with an excessive use of force against a detainee since January 1, 2017.

**OBJECTION:**
Harris County objects to the discovery request on the ground that the scope of the request would require production of information privileged under the rules of evidence. Harris County further objects that this request is overbroad to the extent that it is not limited to any specific time period and communications more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any given time. See https://www.harriscountyso.org/aboutus/criminaljusticecommand. As such, the request for production would require an inordinate amount of staff time to research and a large volume of documents to be produced, most of which will have no bearing

on the claims and defenses urged by Plaintiffs in this case. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds to be a comparator and the use of force against a detainee becomes pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**REQUEST FOR PRODUCTION NO. 61** Produce all communications pertaining to any concerns, issues, or matters raised by Shannon Herklotz or relating to his resignation from the Harris County Jail.

**OBJECTION:**
Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not linked to the claims and facts upon which this litigation is based is not anchored to any specific claim or incident and is stated in broad and general terms. If the concerns, issues, or matters raised by Shannon Herklotz or his resignation becomes pertinent, then this information will be provided at that time.


**REQUEST FOR PRODUCTION NO. 62** Produce all complaints, concerns, or issues raised by Jail staff and employees concerning the condition of the Jail since January 1, 2017.

**OBJECTION:**
Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not linked to the claims and facts upon which this litigation is based is not anchored to any specific claim or incident and is stated in broad and general terms. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any given time. See https://www.harriscountyso.org/aboutus/criminaljusticecommand. As such, the request for production would require an inordinate amount of staff time to research and a large volume of documents to be produced, most of which will have no bearing on the claims and defenses urged by Plaintiffs in this case. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b).If with respect to a specific incident or detainee the Court finds to be a comparator and the complaints, concerns, or issues raised by Jail staff and employees becomes pertinent, then this information will be provided at that time.

**REQUEST FOR PRODUCTION NO. 63** Produce all documents, communications and materials regarding the investigation by the Department of Justice ("DOJ") in 2009 for the ongoing violations occurring in the Harris County Jail as referenced in Plaintiffs' most recent Complaint, including the report issued by the DOJ in 2009.

**OBJECTION:**
Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and documents, communications, and materials regarding an Department of Justice in 2009 become pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 64** Produce all documents, communications and materials representing all methods of remedy and repair to the systemic constitutional failures investigated by the Department of Justice ("DOJ") in 2009 as referenced in Plaintiffs' most recent Complaint relating to the claims of unconstitutional medical care to the detainees and the unconstitutional policies concerning detainee and officer violence and overcrowding and understaffing of the Jail.

**OBJECTION:**
Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and documents, communications, and materials regarding an Department of Justice in 2009 become pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests. Note: Harris Health, a governmental entity separate from Harris County, has staffed the Jail Medical Clinic and provided medical care in the Jail since March 1, 2022, and that the Harris Center, a governmental entity separate from Harris County, provides forensic clinical services to individuals

processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment.

**REQUEST FOR PRODUCTION NO. 65** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on March 11, 2016, as referenced in Plaintiffs' most recent Complaint.

**OBJECTION:**
Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the requested documents become pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**REQUEST FOR PRODUCTION NO. 66** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on February 21, 2017, as referenced in Plaintiffs' most recent Complaint.

**OBJECTION:**
Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the requested documents become pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see **HC_000017-HC_000019**.


**REQUEST FOR PRODUCTION NO. 67** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on April 3, 2017, as referenced in Plaintiffs' most recent Complaint.

**OBJECTION:**
Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the requested documents become pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see **HC_000023-HC_000025**.


**REQUEST FOR PRODUCTION NO. 68** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on December 19, 2017, as referenced in Plaintiffs' most recent Complaint.

**OBJECTION:**
Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the requested documents become pertinent,

Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**REQUEST FOR PRODUCTION NO. 69** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on August 23, 2018, as referenced in Plaintiffs' most recent Complaint.

**OBJECTION:**
Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the requested documents become pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see **HC_000036-HC_000039**.

**REQUEST FOR PRODUCTION NO. 70** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on December 9, 2020, as referenced in Plaintiffs' most recent Complaint.

**OBJECTION:**
Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the requested documents become pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**REQUEST FOR PRODUCTION NO. 71** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on April 6, 2021, as referenced in Plaintiffs' most recent Complaint.

**OBJECTION:**

Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the requested documents become pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**REQUEST FOR PRODUCTION NO. 72** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on December 7, 2021, as referenced in Plaintiffs' most recent Complaint.

**OBJECTION:**

Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the requested documents become pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**RESPONSE:**

Subject to and without waiving the foregoing objections, please see **HC_000057-HC_000078**.

**REQUEST FOR PRODUCTION NO. 73** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on September 7, 2022, as referenced in Plaintiffs' most recent Complaint.

**OBJECTION:**
Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the requested documents become pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**REQUEST FOR PRODUCTION NO. 74** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on December 19, 2022, as referenced in Plaintiffs' most recent Complaint.

**OBJECTION**
Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the requested documents become pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**REQUEST FOR PRODUCTION NO. 75** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on March 8, 2023, as referenced in Plaintiffs' most recent Complaint.

**OBJECTION:**
Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the requested documents become pertinent, Harris County will

provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**REQUEST FOR PRODUCTION NO. 76** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on April 17, 2023, as referenced in Plaintiffs' most recent Complaint.

**OBJECTION:**
Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the requested documents become pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see **HC_000075-HC_000078**.

**REQUEST FOR PRODUCTION NO. 77** Produce all documents, communications and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on August 3, 2023, as referenced in Plaintiffs' most recent Complaint.

**OBJECTION:**
Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the requested documents become pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**REQUEST FOR PRODUCTION NO. 78** Produce all documents, communications, and materials including inspection reports and notices of non-compliance, regarding

the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on February 20, 2024, as referenced in Plaintiffs' most recent Complaint.

**OBJECTION:**
Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the requested documents become pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see **HC_000080-HC_000088**.

**REQUEST FOR PRODUCTION NO. 79** Produce all documents, communications, and materials, including inspection reports and notices of non-compliance, regarding the notice of non-compliance issued by the Texas Commission on Jail Standards ("TCJS") on April 16, 2024, as referenced in Plaintiffs' most recent Complaint.

**OBJECTION:**
Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the requested documents become pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**REQUEST FOR PRODUCTION NO. 80** Produce all documents, communications and materials to show the Serious Incident Reports compiled by Sheriff Gonzalez and supplied to TCJS since 2018.

**OBJECTION:**
Harris County objects to the discovery request on the ground that the scope of the request would require production of information privileged under the rules of evidence. Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to

Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the Serious Incident Reports become pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**REQUEST FOR PRODUCTION NO. 81** Produce any internal audits conducted by the Sheriff's department into the review of policies, customs, and practices including staffing studies to determine appropriate levels of staffing and proper observation.

**OBJECTION:**
Harris County objects to the discovery request on the ground that the scope of the request would require production of information privileged under the rules of evidence. Harris County further objects that this request is overbroad to the extent that incident more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and internal audits into the review of policies, customs, and practices become pertinent, Harris County will provide those documents at that time. Harris County further objects that this request is duplicative of other requests.

**RESPONSE:**
Subject to and without waiving the foregoing objection, Harris County is investigating the existence of responsive documents.

**REQUEST FOR PRODUCTION NO. 82** Produce all material and documents exchanged between Harris County Jail, the Harris County Sheriff's Office and the Texas Rangers since January 1, 2017, related to all inmate deaths at the Jail.

**OBJECTION:**
Harris County further objects that this request is overbroad to the extent that it is not limited to any specific time period and incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request as overbroad to the extent information relating to employment-related actions more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes

of this case. The request is not linked to the claims and facts upon which this litigation is based is not anchored to any specific claim or incident and is stated in broad and general terms. If with respect to the information requested in this request becomes pertinent, then this information will be provided at that time. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds to be a comparator and materials and documents exchanged between the Harris County Jail and the Texas Rangers becomes pertinent, Harris County will provide those documents at that time.

**REPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 83** Produce all autopsy reports and findings for each detainee mentioned in Plaintiffs' most recent Complaint who is deceased.

**OBJECTION:**
Harris County further objects that this request is overbroad to the extent that it is not limited to any specific time period and incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request as overbroad to the extent information relating to employment-related actions more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not linked to the claims and facts upon which this litigation is based is not anchored to any specific claim or incident and is stated in broad and general terms. If with respect to the information requested in this request becomes pertinent, then this information will be provided at that time. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds to be a comparator and any autopsy records or findings become pertinent, Harris County will provide those documents at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 84** Produce any criminal reports or records pertaining to the death or injury of a detainee in the Harris County Jail that was caused or in relation to a Jail staff's actions or inactions from January 1, 2017, to present.

**OBJECTION:**

Harris County objects that this request is overbroad to the extent that it is not limited to any specific time period and incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request as overbroad to the extent information relating to employment-related actions more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not linked to the claims and facts upon which this litigation is based is not anchored to any specific claim or incident and is stated in broad and general terms. This request does not specify to whom the requested criminal reports or records pertain and who made the determination that such death or injury was "caused or in relation to a Jail staff's actions or inactions." In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds to be a comparator and the information requested in this request, as clarified, becomes pertinent, Harris County will provide those documents at that time.

**REQUEST FOR PRODUCTION NO. 85** Produce the criminal file and investigation reports pertaining to the deaths or injuries of any detainees including but not limited to Jaquaree Simmons, Jacoby Pillow, Robert Terry, Ramon Thomas, Bryan Johnson, and Adael Garcia.

**OBJECTION:**

Harris County objects that this request is overbroad to the extent that it is not limited to any specific time period and incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request as overbroad to the extent information relating to employment-related actions more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not linked to the claims and facts upon which this litigation is based is not anchored to any specific claim or incident and is stated in broad and general terms. This request cannot be answered because is unclear as to what "criminal file" and whose "investigation reports" it seeks. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds to be a comparator and the criminal file and investigation reports, as clarified, become pertinent, Harris County will provide those documents at that time.

**REQUEST FOR PRODUCTION NO. 86** Please produce copies of all records, including but not limited to medical, billing, radiology, pharmacy, ambulance, personnel, payroll, employment, unemployment, insurance, accident, Internal Revenue Service, criminal, Social Security, and worker's compensation records, that Defendant has obtained concerning any of the Plaintiffs, including a copy of the completed deposition on written questions that corresponds with each set of records.

**RESPONSE:**
Defendant, Harris County, is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 87** Produce all documents, depositions, affidavits, expert disclosures, verdict search reports, or other materials that can and/or may be used to impeach the Plaintiffs, their expert witnesses, and/or treating physicians.

**OBJECTION:**
Defendant, Harris County, objects to the extend this request seeks information that exceeds the scope of discovery recognized by Federal Rule of Civil Procedure 26.

**RESPONSE:**
Subject to and without waiving the forgoing objections, Defendant, Harris County, is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 88** Produce all transcripts and video recordings of deposition(s) or trial testimony(ies) given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert witness discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

**OBJECTION:**
Defendant, Harris County, objects to the extend this request seeks information that exceeds the scope of discovery recognized by Federal Rule of Civil Procedure 26.

**RESPONSE:**
Subject to and without waiving the forgoing objections, Defendant, Harris County, is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 89** Produce copies of all documents that any expert witness you may call to testify at trial of this case has reviewed and/or will utilize to aid testimony.

**OBJECTION:**

Defendant, Harris County, objects to the extend this request seeks information that exceeds the scope of discovery recognized by Federal Rule of Civil Procedure 26.

**RESPONSE:**

Subject to and without waiving the forgoing objections, Defendant, Harris County, is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 90** Produce all documents which you have been asked to identify and/or to which you have referenced or identified in your responses to Plaintiffs' Interrogatories to you.

**OBJECTION:**

Harris County incorporates its objections to Plaintiffs' INTERROGATORIES set forth in Harris County's Responses to Plaintiff's First Set of Interrogatories as if fully set forth herein.

**RESPONSE:**

Subject to and without waiving the forgoing objections, please see the documents produced by Harris County, including those which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 91** Produce all documents supporting any defenses (affirmative or otherwise) raised by you to the allegations set forth in Plaintiffs' most recent Complaint.

**RESPONSE:**

Please see the documents produced and that will be produced in this case and any exhibits or attachments to any motions and answers which will or have been filed by Harris County in this case.

**REQUEST FOR PRODUCTION NO. 92** Produce all documents, contracts, correspondence and/or notes that concerns, refers to, or reflects potential parties to this action and persons with knowledge of relevant facts.

**OBJECTION:**

Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case and that is not proportional to the needs of this case. The request for production is not anchored to any specific claim or incident that has been raised in this lawsuit and is stated in broad and general terms. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of

relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any given time. See https://www.harriscountyso.org/aboutus/criminaljusticecommand. As such, the request for production would require an inordinate amount of staff time to research and a large volume of documents to be produced, most of which will have no bearing on the claims and defenses urged by Plaintiffs in this case. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). This request is not limited in scope in that it does not limit the type of "documents, contracts, correspondence, and/or notes" to the subject matter of this case but includes "all" documents that "concern, refers to, or reflects" not only potential parties to this action, but persons with knowledge of relevant facts. As such, that universe of documents is unlimited. If with respect to a specific incident or detainee the Court finds a comparator, Harris County will provide those documents at that time, or if Plaintiffs provide a clarification to this request that brings it within the scope of relevant discovery and is proportional to the needs of the case, Defense Counsel will revisit and reconsider the Objection and the Request as clarified.

**RESPONSE:**
Subject to and without waiving the foregoing, please see the documents produced and that will be produced in this case.

**REQUEST FOR PRODUCTION NO. 93** Produce a privilege log describing all information and/or materials you are withholding with enough specificity to assess the applicability of the privilege(s) being claimed.

**RESPONSE:**
None at this time.

**REQUEST FOR PRODUCTION NO. 94** Produce all statements from other detainees who witnessed incidents that are the subject of the most recent Complaint. This includes all incidents mentioned in the Complaint not just those referencing Decedent.

**OBJECTION:**
Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to

the claims of Plaintiffs and is duplicative of other requests. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and such witness statements are pertinent, Harris County will provide those documents at that time should they exist.

**RESPONSE:**

Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 95** Produce all testimonies, affidavits, and any written records from current and former jail employees, including corrections deputies, medical staff, and administrative personnel relating to the condition of the jail, policy deficiencies, understaffing of the jail, overcrowding of the jail, detainee assaults, and officer use of force.

**OBJECTION:**

Harris County objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case and that is not proportional to the needs of this case. The request for production is not anchored to any specific claim or incident that has been raised in this lawsuit and is stated in broad and general terms. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any given time. See https://www.harriscountyso.org/aboutus/criminaljusticecommand. As such, the request for production would require an inordinate amount of staff time to research and a large volume of documents to be produced, most of which will have no bearing on the claims and defenses urged by Plaintiffs in this case. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds a comparator and the information sought in this request becomes pertinent, Harris County will provide those documents at that time, or if Plaintiffs provide a clarification to this request that brings it within the scope of relevant discovery and is proportional to the needs of the case, Defense Counsel will revisit and reconsider the objection and the request as clarified.

**REQUEST FOR PRODUCTION NO. 96** Produce all previous lawsuits filed against Harris County Jail, including complaints, court rulings and settlements relating to any of the policies, conditions, and procedures identified in the Complaint.

**OBJECTION:**

Harris County objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case and that is not proportional to the needs of this case. The request for production is not anchored to any specific claim or incident that has been raised in this lawsuit and is stated in broad and general terms. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any given time. See https://www.harriscountyso.org/aboutus/criminaljusticecommand. As such, the request for production would require an inordinate amount of staff time to research and a large volume of documents to be produced, most of which will have no bearing on the claims and defenses urged by Plaintiffs in this case. Moreover, filed lawsuits are public records to which Plaintiffs have equal access. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds a comparator and the information sought in this request becomes pertinent, Harris County will provide those documents at that time, or if Plaintiffs provide a clarification to this request that brings it within the scope of relevant discovery and is proportional to the needs of the case, Defense Counsel will revisit and reconsider the objection and the request as clarified.

**REQUEST FOR PRODUCTION NO. 97** Produce information regarding any existing consent decrees related to jail operations.

**RESPONSE:**

Harris County is working to confirm the existence of such documents.

**REQUEST FOR PRODUCTION NO. 98** Produce all body camera footage, if available, and surveillance footage from within the Jail pertaining to any of the incidents that are the subject of the most recent Complaint or from uses of force and detainee assaults since January 1, 2014 to present.

**OBJECTION:**

Harris County objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case and that is not proportional to the needs of this case. The request for production is not anchored to any specific claim or incident that has been raised in this lawsuit and is stated in broad and general terms. Defendant, Harris County,

operates the largest jail in Texas (as admitted by Plaintiffs in paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any given time. See https://www.harriscountyso.org/aboutus/criminaljusticecommand. As such, the request for production would require an inordinate amount of staff time to research and a large volume of documents to be produced, most of which will have no bearing on the claims and defenses urged by Plaintiffs in this case. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds a comparator and such footage becomes pertinent, Harris County will provide those documents at that time.

**RESPONSE:**
Subject to and without waiving the forgoing objections, Harris County will produce responsive documents subject to entry of a confidentiality order should such documents exist.

**REQUEST FOR PRODUCTION NO. 99** Produce records of formal complaints and grievances filed by detainees against the Jail since January 1, 2020, relating to any of the conditions, policies, or procedures identified in the Complaint.

**OBJECTION:**
Harris County objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case and that is not proportional to the needs of this case. The request for production is not anchored to any specific claim or incident that has been raised in this lawsuit and is stated in broad and general terms. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any given time. See https://www.harriscountyso.org/aboutus/criminaljusticecommand. Anyone, whether a detainee, employee, or family member or friend of a detainee, may make complaints regarding any aspect of the operation of the Jail, and such complaints are investigated. As such, this request will require an inordinate amount of staff time to research and a large volume of documents to be reviewed to respond to this request. As such, the request for production would require an inordinate amount of staff time to research and a large volume of documents to be produced, most of which will have no bearing on the claims and defenses urged by Plaintiffs in this case. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds a comparator and complaints or grievances becomes pertinent, Harris County will provide those documents at that time.

**REQUEST FOR PRODUCTION NO. 100** Produce responses and actions taken by the jail administrations in response to complaints and grievances since January 1, 2020, identified in response to request number 99.

**OBJECTION:**
Harris County objects to this request on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case and that is not proportional to the needs of this case. The request for production is not anchored to any specific claim or incident that has been raised in this lawsuit and is stated in broad and general terms. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs.  Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any given time. See https://www.harriscountyso.org/aboutus/criminaljusticecommand. Anyone, whether a detainee, employee, or family member or friend of a detainee, may make complaints regarding any aspect of the operation of the Jail, and such complaints are investigated. As such, this request will require an inordinate amount of staff time to research and a large volume of documents to be reviewed to respond to this request. As such, the request for production would require an inordinate amount of staff time to research and a large volume of documents to be produced, most of which will have no bearing on the claims and defenses urged by Plaintiffs in this case. In this respect, the discovery request violates the premise of proportionality recognized by Federal Rule of Civil Procedure 26(b). If with respect to a specific incident or detainee the Court finds a comparator and complaints or grievances becomes pertinent, Harris County will provide those documents at that time.

**REQUEST FOR PRODUCTION NO. 101** Produce all policies and procedures for responding to and handling complaints and grievances filed by the detainees.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs and is duplicative of other requests.

**RESPONSE:**
Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 102** Produce all medical protocols for handling detainee health issues, including emergency procedures.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Note: Harris Health, a governmental entity separate from Harris County, has staffed the Jail Medical Clinic and provided medical care in the Jail since March 1, 2022, a governmental entity separate from Harris County and that the Harris Center, a governmental entity separate from Harris County, provides forensic clinical services to individuals processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment.

**RESPONSE:**
Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 103** Produce all policies and procedures in place from January 1, 2017, to present for medical personnel within the Jail to manage and distribute medication to detainees and distribute medications regularly.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. Note: Harris Health, a governmental entity separate from Harris County, has staffed the Jail Medical Clinic and provided medical care in the Jail since March 1, 2022, a governmental entity separate from Harris County and that the Harris Center, a governmental entity separate from Harris County, provides forensic clinical services to individuals processed into the Harris County Jail and reside in general

population to identify any medical or mental health concerns and provide appropriate treatment.

**RESPONSE:**

Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 104** Produce all policies and procedures in place from January 1, 2017, to present for providing appropriate medical care to their detainees in a timely matter, including but not limited to, the following:

(a) providing medication or medical attention for known medical needs and ongoing complications with injuries;
(b) fully and properly evaluating and diagnosing detainees' injuries and ongoing medical treatment;
(c) placing detainees in the appropriate facility in light of their known medical needs;
(d) changing observation patterns in light of ongoing medical conditions; and
(e) documenting medical treatment and diagnoses resulted in known and obvious risks.

**OBJECTION:**

Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs and is duplicative of other requests. Note: Harris Health, a governmental entity separate from Harris County, has staffed the Jail Medical Clinic and provided medical care in the Jail since March 1, 2022, a governmental entity separate from Harris County and that the Harris Center, a governmental entity separate from Harris County, provides forensic clinical services to individuals processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment.

**RESPONSE:**

Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 105** Produce all evaluations or audits of the jail's medical facilities and practices by external health organizations.

**OBJECTION:**

Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs and is duplicative of other requests. Note: the Harris Center, an entity separate from Harris County, provide forensic clinical services to individuals processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment. If with respect to a specific evaluation or audit becomes pertinent, then this information will be provided at that time.

**REQUEST FOR PRODUCTION NO. 106** Produce all documents, communications, and materials relating to the Jail's mental health protocols for handling detainee mental health issues, including suicidal ideations, placement into suicide watch, treatment while under suicide watch, safety and observation checks during this process, and release from suicide watch. This request includes any policies related to follow-ups and continuity of mental health care for previously identified individuals with self-harm concerns.

**OBJECTION:**

Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs and is duplicative of other requests. Further, the Harris Center, an entity separate from Harris County, provide forensic clinical services to individuals processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment.

**RESPONSE:**

Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures were different at the time of the underlying incident, those polices or procedures will be made available.

**REQUEST FOR PRODUCTION NO. 107** Produce all evaluations or audits of the Jail's mental health spaces and practices by external health organizations or governmental entities.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs. Further, the Harris Center, an entity separate from Harris County, provide forensic clinical services to individuals processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment. If with respect to a specific evaluation or audit becomes pertinent, then this information will be provided at that time.

**REQUEST FOR PRODUCTION NO. 108** Produce all incident reports, communications, and documentation, including the identity of officers involved and any witnesses to the altercation and subsequent events for each of the detainees identified in the most recent Complaint including but not limited to the following: Robert Andrew Terry, Jacoby Pillow, Bryan Johnson, Kenneth Richard, Evan Ermayne Lee, William Curtis Barrett, Michael Griego, Tramell Morelle, Jeremy Garrison, Ramon Thomas, Zachery Johnson, Jeremiah Anglin, Harrell Veal, John Coote, Jaquez Moore, Bernard Lockhart, Ryan Twedt, Antonio Radcliff, Zachary Zepeda, Alan Kerber, Victoria Simon, and Christopher Young.

**OBJECTION:**
Harris County objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs and is duplicative of other requests. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the information requested in this request becomes pertinent, Harris County will provide those documents at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 109** Produce all video footage including surveillance footage and body cam footage from the jail that captured the altercation(s), the officers' actions, and the timeline of events leading up to the individual(s) being found unresponsive for the detainees identified in the most recent Complaint including but not limited to the following: Robert Andrew Terry, Jacoby Pillow, Bryan Johnson, Kenneth Richard, Evan Ermayne Lee, William Curtis Barrett, Michael Griego, Tramell Morelle, Jeremy Garrison, Ramon Thomas, Zachery Johnson, Jeremiah Anglin, Harrell Veal, John Coote, Jaquez Moore, Bernard Lockhart, Ryan Twedt, Antonio Radcliff, Zachary Zepeda, Alan Kerber, Victoria Simon, and Christopher Young.

**OBJECTION:**
Harris County objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs and is duplicative of other requests. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the video footage becomes pertinent, Harris County will provide those documents at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objections, Harris County will produce footage pertaining to Robert Andrew Terry subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 110** Produce all staff logs and observation records including records showing how frequently each of the individuals was checked on while in his holding cell for each of the detainees identified in the most recent Complaint including but not limited to the following: Robert Andrew Terry, Jacoby Pillow, Bryan Johnson, Kenneth Richard, Evan Ermayne Lee, William Curtis Barrett, Michael Griego, Tramell Morelle, Jeremy Garrison, Ramon Thomas, Zachery Johnson, Jeremiah Anglin, Harrell Veal, John Coote, Jaquez Moore, Bernard Lockhart, Ryan Twedt, Antonio Radcliff, Zachary Zepeda, Alan Kerber, Victoria Simon, and Christopher Young.

**OBJECTION:**
Harris County objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. In this regard, the request violates the premise of proportionality under the rules. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this

case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs and is duplicative of other requests. If with respect to a specific incident or detainee the Court finds to be a comparator and the logs and records becomes pertinent, Harris County will provide those documents at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 111** Produce all shift logs detailing which officers and staff were on duty during the incident and subsequent hours for each of the incidents and detainees identified in the most recent Complaint including but not limited to the following: Robert Andrew Terry, Jacoby Pillow, Bryan Johnson, Kenneth Richard, Evan Ermayne Lee, William Curtis Barrett, Michael Griego, Tramell Morelle, Jeremy Garrison, Ramon Thomas, Zachery Johnson, Jeremiah Anglin, Harrell Veal, John Coote, Jaquez Moore, Bernard Lockhart, Ryan Twedt, Antonio Radcliff, Zachary Zepeda, Alan Kerber, Victoria Simon, and Christopher Young.

**OBJECTION:**
Harris County objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs and is duplicative of other requests. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and the logs becomes pertinent, Harris County will provide those documents at that time

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 112** Produce all witness statements including written reports and recorded statements from the officers involved in or who witnessed the altercation(s) or incident(s), any other affidavits or documents from witnesses who witnessed the incident(s) identified in the most recent Complaint or in Harris County's Answer or Disclosures.

**OBJECTION:**
Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs and is duplicative of other requests. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and such statements become pertinent, Harris County will provide those documents at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 113** Produce detainee statements from other detainees who may have witnessed the incident or the treatment of the individual(s) identified in the most recent Complaint or in Harris County's Answer or Disclosures.

**OBJECTION:**
Harris County objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. In this regard, the request violates the premise of proportionality under the rules. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs and is duplicative of other requests. If with respect to a specific incident or detainee the Court finds to be a comparator and such statements become pertinent, Harris County will provide those documents at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 114** Produce internal communications including emails, memos, and other communications between Jail staff and administrators about the incident(s) identified in the most recent Complaint or in Harris County's Answer or Disclosures.

**OBJECTION:**
Harris County objects to the discovery request on the ground that the scope of the request would require production of information privileged under the rules of evidence. Harris County further objects that this request is overbroad to the extent that incident more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs and is duplicative of other requests. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and such communications become pertinent, Harris County will provide those documents at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 115** Produce external communications including any communication between the jail and outside agencies (e.g., medical examiner's office, law enforcement) related to the incident(s) identified in the most recent Complaint or in Harris County's Answer or Disclosures.

**OBJECTION:**
Harris County further objects that this request is overbroad to the extent that incidents more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs and is duplicative of other requests. The term "outside agencies" is not defined and is unlimited in scope. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and such communications become pertinent, Harris County will provide those documents at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objections, Harris County is working to confirm the existence such footage pertaining to Robert Andrew Terry.

**REQUEST FOR PRODUCTION NO. 116** Produce all investigative reports including any internal investigations or investigations by the Texas Rangers or another law enforcement agency on whether the use of force was justified and in

line with standard practices and any death investigation reports that may exist involving the Decedent.

**OBJECTION:**

Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs and is duplicative of other requests. In this regard, the request violates the premise of proportionality under the rules If with respect to a specific incident or detainee the Court finds to be a comparator and such law enforcement investigations or internal investigations into the use of force becomes pertinent, then this information will be provided at that time.

**RESPONSE:**

Subject to and without waiving the foregoing objection, please see https://hcsopolicy.com. To the extent that different versions of the relevant policies or procedures are different at the time of the underlying incident, those polices or procedures will be made available. Note that beginning March 1, 2022, the Jail Medical Clinic has been staffed by Harris Health, a governmental entity separate from Harris County.

**REQUEST FOR PRODUCTION NO. 117** Produce all corrective action documentation regarding corrective actions taken, including criminal prosecution, of Jail staff involved in the incidents involving the detainees identified in the most recent Complaint.

**OBJECTION:**

Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Harris County further objects to this request on the grounds that, as stated, it seeks information that is not relevant to the claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The request is not anchored to any specific claim related to the claims of Plaintiffs and is duplicative of other requests. Harris County further objects to the extent that information regarding criminal prosecution is a matter of public record to which both parties have equal access. In this regard, the request violates the premise of proportionality under the rules. If with respect to a specific incident or detainee the Court finds to be a comparator and such corrective action pertinent, then this information will be provided at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objection, please see
https://hcsopolicy.com. To the extent that different versions of the relevant policies
or procedures were different at the time of the underlying incident, those polices or
procedures will be made available. Note that beginning March 1, 2022, the Jail
Medical Clinic has been staffed by Harris Health, a governmental entity separate
from Harris County.

**REQUEST FOR PRODUCTION NO. 118** Produce all material, documents, and
communications concerning Decedent, including but not limited to, all photographs,
disciplinary forms, complaints, grievances, medical file, staff reports about the
detainee's behavior, attitude, commendations and any privacy waivers, including
release-of information consent forms.

**OBJECTION:**
Harris County objects to the discovery request on the ground that the scope of the
request would require production of information privileged under the rules of
evidence. Harris County further objects that this request is overbroad to the extent
that incidents more than 5 years before the underlying incident are not relevant to
Plaintiffs' claims. In this regard, the request violates the premise of proportionality
under the rules. If with respect to a specific incident or detainee the Court finds to
be a comparator, Harris County will provide those documents at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew
Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 119** Produce all material, documents and
communications pertaining to the investigation of the deaths of all deceased
detainees named in Plaintiffs' most recent Complaint.

**OBJECTION:**
Harris County objects to the discovery request on the ground that the scope of the
request would require production of information privileged under the rules of
evidence. Harris County further objects that this request is overbroad to the extent
that incident more than 5 years before the underlying incident are not relevant to
Plaintiffs' claims. In this regard, the request violates the premise of proportionality
under the rules. If with respect to a specific incident or detainee the Court finds to
be a comparator, Harris County will provide those documents at that time.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew
Terry's jail records which will be produced subject to entry of a confidentiality order.

**REQUEST FOR PRODUCTION NO. 120** Produce all classification records including documents that identify someone being considered special needs due to mental health issues, placement into administrative segregation, administrative separation, suicide watch, safety cells, etc. related to Decedent.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Further, the Harris Center, an entity separate from Harris County, provide forensic clinical services to individuals processed into the Harris County Jail and reside in general population to identify any medical or mental health concerns and provide appropriate treatment.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order. Note that beginning March 1, 2022, the Jail Medical Clinic has been staffed by Harris Health, a governmental entity separate from Harris County.

**REQUEST FOR PRODUCTION NO. 121** Produce all AED maintenance logs and details regarding the staff/unit responsible for maintaining the equipment from May 1, 2023, through June 1, 2023.

**OBJECTION:**
Harris County objects to this request for production on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case and that is not proportional to the needs of this case. The request for production is not anchored to any specific claim or incident that has been raised in this lawsuit and is stated in broad and general terms. If Plaintiffs provide a clarification to this request that brings it within the scope of relevant discovery and is proportional to the needs of the case, Defense Counsel will revisit and reconsider the Objection and the Request as clarified.

**REQUEST FOR PRODUCTION NO. 122** Produce all records showing the medical and mental evaluations conducted of Decedent while he was in jail including any reflecting his bipolar disorder.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and policies in effect more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Further, the Harris Center, an entity separate from Harris County, provide forensic clinical services to individuals processed into the Harris County Jail and reside in general population

to identify any medical or mental health concerns and provide appropriate treatment.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order. Note that beginning March 1, 2022, the Jail Medical Clinic has been staffed by Harris Health, a governmental entity separate from Harris County.

**REQUEST FOR PRODUCTION NO. 123** Produce all documents, communications and the employment file for all officers involved in taking Decedent out of his cell and placing him in handcuffs and putting him in a holding cell.

**OBJECTION:**
Harris County objects to this request as overbroad to the extent that it is not limited to any specific time period and communications more than 5 years before the underlying incident are not relevant to Plaintiffs' claims. Moreover, the scope of "communications" is overbroad an vague as stated. Harris County objects to the discovery request on the ground that the scope of the request would require production of information privileged under the rules of evidence.

**REQUEST FOR PRODUCTION NO. 124** Produce all documentation and data showing when the emergency call buttons were pressed in the cells that Decedent was located in while in the Jail.

**OBJECTION:**
Harris County objects to this request for production on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case and that is not proportional to the needs of this case. The request for production is not anchored to any specific claim or incident that has been raised in this lawsuit and is stated in broad and general terms. If Plaintiffs provide a clarification to a RFP that brings it within the scope of relevant discovery and is proportional to the needs of the case, Defense Counsel will revisit and reconsider the Objection and the Request as clarified.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROBERT TERRY JR.; and LISA** | § | |
| **FOSTER INDIVIDUALLY, AND** | § | |
| **AS NEXT FRIENDS OF THEIR** | § | |
| **DECEASED SON ROBERT** | § | |
| **ANDREW TERRY** | § | |
| | § | |
| *Plaintiffs,* | § | **CIVIL ACTION NO. 4:24-CV-3068** |
| | § | **(Judge Hittner presiding)** |
| **v.** | § | |
| | § | |
| **HARRIS COUNTY, TEXAS,** | § | |
| | § | |
| *Defendants.* | § | |

**HARRIS COUNTY'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFFS' FIRST SET OF INTERROGATORIES**

TO: Plaintiffs, Robert Terry Jr., and Lisa Foster individually, and a/n/f of their deceased son Robert Andrew Terry, by and through their counsel of record, Paul A. Grinke, Aaron Dekle, BEN CRUMP LAW, PLLC, 5 Cowboys Way, Suite 300, Frisco, Texas 75034, and Carl L. Evans, Jr., Alizabeth A. Guillot, MCCATHERN, PLLC, 3710 Rawlins Street, Suite 1600, Dallas, Texas 75219.

Pursuant to Rule 33(b) of Federal Rules of Civil Procedure, Harris County, Texas (the "County") submits these its Objections and Responses to Plaintiffs' First Set of Interrogatories.

Respectfully submitted,

**OLSON & OLSON, L.L.P.**

By:    */s/ Andrea Chan*
Andrea Chan
Southern District ID No. 14940
State Bar No. 04086600
achan@olsonllp.com
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019-2133
Telephone:        (713) 533-3800
Facsimile:        (713) 533-3888

**ATTORNEY FOR DEFENDANT,**
**HARRIS COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March 2025, a true and correct copy of this *Harris County's Objections and Responses to Plaintiffs' First Set of Interrogatories* was served on counsel for plaintiffs via email pursuant to the parties' agreement:

Paul A. Grinke
paul@bencrump.com
Aaron Dekle
aaron@bencrump.com
BEN CRUMP LAW, PLLC
5 Cowboys Way, Suite 300
Frisco, Texas 75034

Carl L. Evans, Jr.
cevans@mccathernlaw.com
McCathern, PLLC
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219


*/s/ Andrea Chan*
Andrea Chan

## COUNTY'S OBJECTIONS AND RESPONSES TO
## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1** Identify any of Harris County Jail's employees or independent contractors who were assigned to the floor, cell, and pod and the medical clinic, security offices, and supervisors for each location where Robert Andrew Terry was assigned from May 13, 2013, until his death.

**OBJECTION:**

Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The Interrogatory, although pertaining to Robert Andrew Terry, is not linked to the claims and facts upon which this litigation is based is not anchored to any specific claim or incident and is stated in broad and general terms. In this regard, the Interrogatory violates the premise of proportionality under the rules. If with respect to a specific prior date of detention becomes pertinent, then this information will be provided at that time.

**RESPONSE:**

Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order. Beginning March 1, 2022, the Jail Medical Clinic has been staffed by Harris Health, a governmental entity separate from Harris County.

**INTERROGATORY NO. 2** Since January 1, 2013, has any of Harris County Jail's agents, officers, directors, supervisors, etc. ever disciplined, terminated, investigated, or suspended an employee, agent, vendor, or independent contractor due to any written or oral complaints concerning such individuals within Harris County Jail due to failure to conduct proper observations, excessive force, or permitting detainee violence? If so, please identify those individuals, their dates of employment, and the reason they were disciplined, terminated, investigated, or suspended.

**OBJECTION:**

Harris County objects to this Interrogatory as overbroad to the extent information relating to employment-related actions more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The Interrogatory is not linked to the claims and facts upon which this litigation is based, is not anchored to any specific claim or incident, and is stated in broad and general terms. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in Paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in

the Country, housing roughly 9,000 inmates at any time (see https://www.harriscountyso.org/AboutUs/CriminalJusticeCommand). Anyone, whether a detainee, employee, or family member or friend of a detainee, may make complaints regarding any aspect of the operation of the Jail, and such complaints are investigated. As such, this Interrogatory will require an inordinate amount of staff time to research and a large volume of documents to be reviewed to respond to this Interrogatory. In this regard, the Interrogatory violates the premise of proportionality under the rules. If with respect to a specific incident or individual an investigation (which may have led to discipline, termination, or suspension) becomes pertinent, then this information will be provided at that time.

**RESPONSE:**

Subject to and without waiving the foregoing objections, the Harris County Jail has investigated claims of failure to conduct proper observations, excessive force, and detainee violence.

**INTERROGATORY NO. 3** Please list and describe the types of training all employees, agents, vendors, and independent contractors received for working within Harris County Jail, the purpose of such training, and when they received such training including any training relating to working within a jail or other prison facility and identify any changes made to that training, the date when those changes were made, and the reason for that change.

**OBJECTION:**

Harris County objects to this Interrogatory as overbroad to the extent it seeks information regarding training more than five years before the underlying incident that are not relevant to Plaintiffs' claims; this Interrogatory is not limited in time. Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The Interrogatory, which relates to training, includes all employees, agents, vendors, and independent contractors, which includes many groups of individuals who have no direct interaction with detainees, such as clerical staff, those who provide food services to the Jail, or maintain the facilities. The Texas Commission on Law Enforcement (TCOLE) sets that standards for training required for detention officers and law enforcement officers. If with respect to the training of specific individuals becomes pertinent, then this information will be provided at that time.

**RESPONSE:**

Subject to and without waiving the foregoing objections, detention officers at the Harris County Jail receive the TCOLE Basic Jailer Course and additional training through the Harris County Sheriff's Office Academy. Deputy Sheriffs who work in the Harris County Jail are certified Texas Peace Officers and receive training through the Harris County Sheriff's Office Academy. Changes in training may be

mandated by TCOLE. Detention officers and Deputy Sheriffs are licensed by TCOLE.

**INTERROGATORY NO. 4** State the policies or procedures in place from January 1, 2009, to present, to ensure all employees at Harris County Jail avoid the use of excessive force while subduing a detainee and how to use proper techniques to avoid serious bodily injury while on the job, and if so, describe such policy.

**OBJECTION:**
Harris County objects to this Interrogatory as overbroad to the extent that policies in effect before the underlying incident are not relevant to Plaintiffs' claims.

**RESPONSE:**
Subject to and without waiving the foregoing objections, please see https://hcosopolicy.com.

**INTERROGATORY NO. 5** Identify all uses of force as reported to the TCJS and included on their Serious Incident Reports including who was involved, the reason for the use of force, and the injuries suffered as a result of the use of force.

**OBJECTION:**
Harris County objects to this Interrogatory as overbroad to the extent that it seeks information more than five years before the underlying incident that are not relevant to Plaintiffs' claims. Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The Interrogatory is not anchored to any specific claim or incident or type of claim or incident and is stated in broad and general terms. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in Paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any time (see https://www.harriscountyso.org/AboutUs/CriminalJusticeCommand). In this regard, the Interrogatory violates the premise of proportionality under the rules. If with respect to type of incident, Plaintiffs claim the issue of a specific use of force incident becomes pertinent, then this information will be provided at that time.

**RESPONSE:**
Subject to and without waving the forgoing objections, please be advised that any responsive information with respect to Robert Andrew Terry will be produced in Plaintiffs' Request for Production.

**INTERROGATORY NO. 6** Identify all complaints made by detainees either formally or informally concerning not receiving medications, medical treatment, or about not being seen in a timely manner by a doctor including the date of that

complaint, the substance of the complaint, and the identity of the detainee involved from January 1, 2017, till present.

**OBJECTION:**

Harris County objects to this Interrogatory as overbroad to the extent that it seeks information more than five years before the underlying incident, and are not relevant to Plaintiffs' claims. Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. Moreover, medical treatment at the Harris County Jail has been provided by Harris Health since March 1, 2022. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in Paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any time (see https://www.harriscountyso.org/AboutUs/CriminalJusticeCommand). Anyone, whether a detainee, employee, or family member or friend of a detainee, may make complaints regarding any aspect of the operation of the Jail, and such complaints are investigated. As such, this Interrogatory will require an inordinate amount of staff time to research and a large volume of documents to be reviewed to respond to this Interrogatory. In this regard, the Interrogatory violates the premise of proportionality under the rules. If with respect to particular issue of medical care and medical treatment connected to a particular claim or particular detainee becomes pertinent, then this information will be provided at that time.

**INTERROGATORY NO. 7** Identify all detainees who have made a formal or informal complaint or allegation concerning the use of force or an assault against a detainee either by another detainee or by an officer including the date of such complaint, the substance of that complaint or allegation, and the identity of the other individuals involved in the complaint or allegation from January 1, 2017, till present.

**OBJECTION:**

Harris County objects to this Interrogatory as overbroad to the extent that it includes complaints and allegations that occurred more than five years before the underlying incident. Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The Interrogatory is not anchored to any specific claim or incident and is stated in broad and general terms. Defendant, Harris County, operates the largest jail in Texas (as admitted by Plaintiffs in Paragraph 90 of Plaintiffs' First Amended Complaint) and the third largest jail in the Country, housing roughly 9,000 inmates at any time (see https://www.harriscountyso.org/AboutUs/CriminalJusticeCommand). Anyone, whether a detainee, employee, or family member or friend of a detainee, may make complaints regarding any aspect of the operation of the Jail, and such complaints

are investigated. In this regard, the Interrogatory violates the premise of proportionality under the rules. If with respect to a particular detainee or claim, the issue of the assaults, use of force, and/or failure to protect becomes pertinent, then this information will be provided at that time.

**INTERROGATORY NO. 8** State the policies or procedures in place from January 1, 2009, to present that describe the staffing requirements for all departments, the minimum officer to detainee ratio and requirements for working overtime at Harris County Jail, and if so, describe such policies or procedures.

**OBJECTION:**

Harris County objects to this Interrogatory as overbroad to the extent that it seeks policies in effect more than five years before the underlying incident and are not relevant to Plaintiffs' claims. Harris County objects to this Interrogatory on the ground that it is overbroad and violates the premise of proportionality.

**RESPONSE:**

Subject to and without waiving the foregoing objections, please see https://hcosopolicy.com. To the extent that different policies or procedures pertaining to staffing requirements were different at the time of the underlying incident, those policies or procedures will be made available.

**INTERROGATORY NO. 9** Identify all audits conducted by the Harris County Sheriff's Office or investigations conducted by other external agencies concerning the Harris County Jail's overpopulation and understaffing, the use of excessive force by officers, the culture of violence amongst detainees, or the failure or lack of medical care for detainees in the past 10 years.

**OBJECTION:**

Harris County objects to this Interrogatory as overbroad to the extent that Harris County Jail has not provided medical care to its detainees since March 1, 2022, and any audits of medical care prior to that date are not relevant to Plaintiffs' claims. Any audits more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The Interrogatory is not anchored to any specific claim or incident and is stated in broad and general terms. In this regard, the Interrogatory violates the premise of proportionality under the rules. If with respect to a specific claim the relevancy of investigations and audits becomes pertinent, then this information will be provided at that time.

**RESPONSE:**

Subject to and without waiving the foregoing objections, please note that some of this content is made available from the Texas Commission on Jail Standards via Public Information Requests.

**INTERROGATORY NO. 10** Identify all assaults as reported to the TCJS in their Serious Incident Reports including the identity of those involved, the date it occurred, a summary of the incident itself, and the injuries suffered, if any by any of the participants.

**OBJECTION:**

Harris County objects to this Interrogatory as overbroad to the extent that it is not limited in time and incidents that occurred more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The Interrogatory is not anchored to any specific claim or incident and is stated in broad and general terms. In this regard, the Interrogatory violates the premise of proportionality under the rules. If with respect to claim the relevancy a serious incident report and accompanying data becomes pertinent, then this information will be provided at that time.

**RESPONSE:**

Subject to and without waiving the foregoing objections, please note that some of this information may be included in document production in response to Plaintiffs' Request for Production.

**INTERROGATORY NO. 11** Identify all those who died in custody or shortly after being released from custody due to a condition or action within the jail and the reason for their death.

**OBJECTION:**

Harris County objects to this Interrogatory as overbroad to the extent that it is not limited in time. Medical treatment and decisions related to medical treatment have not been provided by the Harris County Jail since March 1, 2022, and any such decisions related to medical treatment made prior to March 1, 2022, are not relevant to Plaintiffs' claims. Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The Interrogatory is not anchored to any specific claim or incident and is stated in broad and general terms. In this regard, the Interrogatory violates the premise of proportionality under the rules. If with respect to claim the relevancy a serious incident report and accompanying data becomes pertinent, then this information will be provided at that time.

**RESPONSE:**

Subject to and without waiving the foregoing objections, please note that all custodial deaths are reported to the TCJS and these documents are publicly available.

**INTERROGATORY NO. 12** Identify the amount of staff and detainees assigned to each floor, pod, and cell in the Jail to which Robert Andrew Terry was assigned from May 13, 2023, until his death and identify what roles those staff had for each floor, pod, and cell.

**RESPONSE:**

Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.

**INTERROGATORY NO. 13** Identify all uses of force by an officer against a detainee including the identity of the officer and the detainee, the basis for the use of force, and whether anyone was seen at the clinic for an alleged injury following the use of force from January 1, 2017, till present.

**OBJECTION:**

Harris County objects to this Interrogatory as overbroad to the extent information relating to employment-related actions more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The Interrogatory is not anchored to any specific claim or incident and is stated in broad and general terms. In this regard, the Interrogatory violates the premise of proportionality under the rules. If with respect to a specific claim or detainee the issue of a use of force incident becomes pertinent, then this information will be provided at that time with respect to a specific detainee.

**INTERROGATORY NO. 14** For any employees or independent contractors in the jail relating or identified in response to interrogatories numbers 5, 6, 7, 10, 11, or 13, identify whether those officers were disciplined, reprimanded, terminated, or charged arising out of each incident.

**OBJECTION:**

Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The Interrogatory is not anchored to any specific claim or incident and is stated in broad and general terms. In this regard, the Interrogatory violates the premise of proportionality under the rules. If with respect to a specific claim or detainee the

relevancy of whether particular officers were counseled, disciplined, reprimanded, or terminated will be addressed via supplementation.

**RESPONSE:**

Subject to and without waving the foregoing objections, with respect to the incident involving Robert Andrew Terry, this information will be researched and a supplemental response provided should such information exist.

**INTERROGATORY NO. 15** Identify all investigations conducted into the Harris County Jail or the Harris County Sheriff's Office relating to the Jail including identifying who conducted the investigation, the reason for the investigation, and the result of the investigation since January 1, 2009. For example, this would include all investigations conducted by the FBI, Texas Rangers, Department of Justice, the Texas Commission on Jail Standards, and Houston Police Department.

**OBJECTION:**

Harris County objects to this Interrogatory as overbroad to the extent information relating to employment-related actions more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The Interrogatory is not anchored to any specific claim or incident and is stated in broad and general terms. In this regard, the Interrogatory violates the premise of proportionality under the rules. If with respect to specific detainees or claims there are investigations conducted by outside law enforcement agencies, these materials will be identified and produced via supplementation once the material is gathered.

**INTERROGATORY NO. 16** Identify and describe the policy and procedure for conducting face-to-face observations of detainees and monitoring detainees using video cameras.

**OBJECTION:**

Harris County objects to this Interrogatory as overbroad to the extent that policies in effect before the underlying incident are not relevant to Plaintiffs' claims.

**RESPONSE:**

Subject to and without waiving the foregoing objections, please see https://hcosopolicy.com. To the extent that different policies or procedures pertaining to staffing requirements were different at the time of the underlying incident, those policies or procedures will be made available.

**INTERROGATORY NO. 17** Identify all communications concerning Decedent made from the time they entered the Jail until present. This does not seek any attorney client privileged communications.

**OBJECTION:**

Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case.

**RESPONSE:**

Subject to and without waiving the foregoing objections, although the Interrogatory is anchored to Robert Andrew Terry only, it is highly unlikely that "all communications" are captured or recorded. Some of this content will be contained in jail records to be produced pertaining to Robert Andrew Terry. Defense Counsel will pursue the existence of any other recorded information pertaining to Robert Andrew Terry and provide it via supplementation should such information exist.

**INTERROGATORY NO. 18** Identify all communications made between the Sheriff's office, jail employees or county officials concerning the conditions of the Jail, deaths in the jail, violence, assaults, physical altercations, and uses of force in the jail, and the health and medical conditions of the jail since January 1, 2013.

**OBJECTION:**

Harris County objects to this Interrogatory as overbroad to the extent information relating to employment-related actions more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The Interrogatory is not anchored to any specific claim or incident and is stated in broad and general terms. In this regard, the Interrogatory violates the premise of proportionality under the rules.

**RESPONSE:**

Subject to and without waiving the foregoing objections, responsive information pertaining to Robert Andrew Terry will be produced subject to entry of a confidentiality order.

**INTERROGATORY NO. 19** Identify all internal audits conducted by Harris County or the Harris County Sheriff's Department into the jail and the policies or procedures concerning those audits.

**OBJECTION:**

Harris County objects to this Interrogatory as overbroad to the extent information relating to employment-related actions more than five years before the underlying incident are not relevant to Plaintiffs' claims. Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The Interrogatory is not

anchored to any specific claim or incident and is stated in broad and general terms. In this regard, the Interrogatory violates the premise of proportionality under the rules.

**INTERROGATORY NO. 20** Identify all lawsuits asserted against Defendant or the Harris County Sheriff by a detainee, former detainee, or the family or representative of the detainee relating to the detainee's time within the Jail where the allegation asserted injuries or death to the detainee due to the conditions, policies, or procedures of the jail including policy of excessive force, failure to observe and monitor, understaffing, overpopulation, or failure to provide medical care.

**OBJECTION:**

Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The Interrogatory is not anchored to any specific claim or incident and is stated in broad and general terms. In this regard, the Interrogatory violates the premise of proportionality under the rules.

**INTERROGATORY NO. 21** Identify any witness statements, affidavits, or written records used or produced in prior lawsuits against the Harris County or the Harris County Sheriff by detainees, former detainees, or their families or representatives, or employees or former employees who worked in the jail.

**OBJECTION:**

Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The Interrogatory is not anchored to any specific claim or incident and is stated in broad and general terms. In this regard, the Interrogatory violates the premise of proportionality under the rules.

**RESPONSE:**

Subject to and without waiving the foregoing objections, content responsive to this Interrogatory pertaining to Robert Andrew Terry will be contained in the jail records which will be produced subject to entry of a confidentiality order.

**INTERROGATORY NO. 22** Identify all employees or jail staff members involved in any of the incidents to the other detainees identified in the Complaint and who were also assigned to the floors, clinics, and security rooms where each Decedent was assigned from May 13, 2023, until his passing.

**OBJECTION:**

Harris County objects to this Interrogatory on the grounds that it does not understand the request: Plaintiffs' First Amended Complaint lists more than six dozen different incidents and detainees but only identifies one Decedent, Robert Andrew Terry. Defense Counsel objects to this Interrogatory on the grounds that as an Interrogatory it is oppressive given the scope of the lawsuit if the Interrogatory refers to each and every detainee identified in Plaintiffs' First Amended Complaint.

**RESPONSE:**

Subject to and without waiving the foregoing objections, the information requested pertaining to Robert Andrew Terry is contained in the jail records that will be produced subject to entry of a confidentiality order.

**INTERROGATORY NO. 23** Identify all detainees in the cells, floors, and pods in and around the cells, floor, and pods where Decedent was assigned on May 13, 2023, until his passing including in the identification which cell, floor, and pod each detainee was assigned to and the date they were assigned to that location.

**OBJECTION:**

Harris County objects to this Interrogatory on the grounds that, as stated, it seeks information that is not relevant to claims and defenses presented in this case nor is calculated to lead to the discovery of relevant evidence for purposes of this case. The Interrogatory is not anchored to any specific claim or incident and is stated in broad and general terms and seeks the identity of individuals who have no direct knowledge of the underlying incident. In this regard, the Interrogatory violates the premise of proportionality under the rules.

**RESPONSE:**

Subject to and without waiving the foregoing objections, please see Robert Andrew Terry's jail records which will be produced subject to entry of a confidentiality order.