# Aaron Dekle

| | |
|---|---|
| **From:** | Aaron Dekle |
| **Sent:** | Wednesday, April 30, 2025 2:46 PM |
| **To:** | Andrea Chan |
| **Cc:** | Paul Grinke; Calista Rodal; Adriane Rihn; Carl Evans; Jordan Carter; Alizabeth Guillot; Victoria Patterson; Crystal Dabdub |
| **Subject:** | RE: 4:24-cv-03068; Terry v. Harris County |
| **Attachments:** | 4.30.25 - Notice of Discovery Deficiency to Harris County.pdf |

Andrea,

Please see attached Plaintiffs' correspondence concerning the deficiencies in Harris County's document production and discovery responses. Please provide a response to each of these items with amended responses and document production by May 14, 2025. For some specific categories of items that need to be produced are as follows as examples of items that are deficient:

- Incident reports, video footage, audio recordings, disciplinary records, complaints, and identity of individuals involved for officer uses of force from 2017 to present.
    - There are a few areas where this information should be preserved and categorized by Harris County. For example, PEWS records, IAD reports, documents supporting the Serious Incident Reports that have to be produced each month to TCJS by the Sheriff, OMS records, and documents provided to and received from KHOU relating to their *Struck* documentary.
- Identification of employees and detainees located on the floor, pods, cells, and clinic where Terry was located during his stay in Jail in May 2023 until his passing.
    - Also need production of the employee files and custodial files for each individual identified.
- Audits and investigation records and responses to those investigations by Harris County and outside agencies pertaining to incidents and conditions identified in the Complaint.
- All documents provided to or from TCJS or their investigators pertaining to any of their inspections or reports (Defendant has produced a few of the publicly available documents but not all of the information requested).
- Disciplinary records, criminal records, arrests, and communications pertaining to charges against employees or detainees involved in uses of force or based on their failures in the Jail that led to injuries of a detainee pertaining to the conditions identified in the Complaint.
- The files and incident reports for each detainee, incident, and similar comparator (i.e. Officer Valdivez and Jane Doe) identified in the Complaint.
- Observation and staffing logs for each incident identified in the Complaint and specifically those pertaining to Mr. Terry's time in Jail in May 2023.
- All video footage of Mr. Terry during his time in Jail in May 2023 including the hallways and dayrooms outside of his cell or when taken to the clinic and videos showing all observation rounds conducted.
- All documents and communications pertaining to Shannon Herklotz resignation and his disputes or complaints raised against Sheriff Gonzalez or others pertaining to the conditions of the Jail.
- Need production of the actual training files and specific policies pertaining to each request and each individual employee who has knowledge of relevant facts. The responses fail to clarify what information is responsive to each request. Additionally, the documents have to be produced and not pointed to on a website which may change at any moment and does not provide prior versions of the documents.

These are just a few of the broader categories identified in the letter.

I will get you a motion for leave to extend expert deadlines shortly.

Please let me know if you have any questions.

Best Regards,

**Aaron Dekle**
**Senior Associate**
5 Cowboys Way, Suite 300
Frisco, Texas 75034
(972) 942-0494 Telephone
(800) 770-3444 Facsimile
aaron@bencrump.com
BenCrump.com

This message (including its attachments) is for the designated recipient only and may contain privileged, proprietary, or otherwise confidential information. If you are not the intended recipient or have received this message in error, please notify the sender immediately and delete the original. Any other use of this e-mail is prohibited.

---

**From:** Andrea Chan <achan@olsonllp.com>
**Sent:** Monday, April 28, 2025 5:35 PM
**To:** Aaron Dekle <Aaron@bencrump.com>
**Cc:** Paul Grinke <Paul@bencrump.com>; Calista Rodal <crodal@olsonllp.com>; Adriane Rihn <Adriane@bencrump.com>; Carl Evans <cevans@mccathernlaw.com>; Jordan Carter <jcarter@mccathernlaw.com>; Alizabeth Guillot <aguillot@mccathernlaw.com>; Victoria Patterson <vpatterson@mccathernlaw.com>; Crystal Dabdub <cdabdub@mccathernlaw.com>
**Subject:** RE: 4:24-cv-03068; Terry v. Harris County

Aaron,

Please let us know what additional documents/categories of documents we need to discuss. We will work on getting the documents subject to the protective order to you. We are also working on getting more documents from the client.

That being said, we would not oppose an extension of 90 days for the expert deadlines. I agree we need to get you more information.

Regards,
Andrea

**Andrea Chan**
*Attorney*
Main: (713) 533-3800 | Direct: (713) 533-3966 | Facsimile: (713) 533-3888 | Cell: (713) 248-0208 | OlsonLLP.com



WORTHAM TOWER, SUITE 600 | 2727 ALLEN PARKWAY | HOUSTON, TEXAS 77019-2133

*This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication contains material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you may have received this email in error and that any use, dissemination, forwarding, printing, copying or the taking of any action in reliance on the contents of this email is strictly prohibited. If you have received this email in error, please immediately notify the sender.*

**From:** Aaron Dekle <Aaron@bencrump.com>
**Sent:** Monday, April 28, 2025 9:41 AM
**To:** Andrea Chan <achan@olsonllp.com>
**Cc:** Paul Grinke <Paul@bencrump.com>; Calista Rodal <crodal@olsonllp.com>; Adriane Rihn <Adriane@bencrump.com>; Carl Evans <cevans@mccathernlaw.com>; Jordan Carter <jcarter@mccathernlaw.com>; Alizabeth Guillot <aguillot@mccathernlaw.com>; Victoria Patterson <vpatterson@mccathernlaw.com>; Crystal Dabdub <cdabdub@mccathernlaw.com>
**Subject:** RE: 4:24-cv-03068; Terry v. Harris County

Andrea,

I hope you are doing well. As I am reviewing the discovery responses and production, I believe there are several deficiencies that need to be addressed. I will be looking to sending you a letter with those identified later this week.
But in the meantime, with the current scheduling order, expert designations are due in a month for Plaintiff. Due to the discovery that still needs to be done, including the jail inspection, would you be agreeable to a 90-day extension of the expert deadlines? This extension would be mutual for Defendant's expert deadline as well. Please let me know if you would like to discuss.

Best Regards,

**Aaron Dekle**
**Senior Associate**
5 Cowboys Way, Suite 300
Frisco, Texas 75034
(972) 942-0494 Telephone
(800) 770-3444 Facsimile
aaron@bencrump.com
BenCrump.com

This message (including its attachments) is for the designated recipient only and may contain privileged, proprietary, or otherwise confidential information. If you are not the intended recipient or have received this message in error, please notify the sender immediately and delete the original. Any other use of this e-mail is prohibited.

**From:** Andrea Chan <achan@olsonllp.com>
**Sent:** Wednesday, February 5, 2025 4:13 PM
**To:** Aaron Dekle <Aaron@bencrump.com>
**Subject:** 4:24-cv-03068; Terry v. Harris County

Aaron,

Thank you for taking my call today and agreeing to a 30-day extension of Harris County's discovery responses due to my recent medical diagnosis.

I am also confirming we will agree to adjust deadlines in the future if needed as a result of this extension of time.

Again, thank you for your professional courtesies in this matter.

Should you need anything else, please let me know.

Regards,

3

Andrea

**Andrea Chan**
*Attorney*
Main: (713) 533-3800 | Direct: (713) 533-3966 | Facsimile: (713) 533-3888 | Cell: (713) 248-0208 | OlsonLLP.com



*This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication contains material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you may have received this email in error and that any use, dissemination, forwarding, printing, copying or the taking of any action in reliance on the contents of this email is strictly prohibited. If you have received this email in error, please immediately notify the sender.*

# BEN CRUMP
### TRIAL LAWYER FOR JUSTICE

April 30, 2025

SENT VIA EMAIL
Andrea Chan
Olson & Olson, L.L.P.
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019
Telephone: 713-533-3800
Facsimile: 713-533-3888

Re: First Deficiency Notice for Defendants' Responses to Plaintiffs' First Requests for Production and Interrogatories, *Terry et. al. v. Harris County, Texas*, Cause No. 4:24-CV-3068 (S.D. Tex.)

Andrea,

After reviewing Defendant's Responses to Plaintiffs' First Requests for Production and Defendant's Responses to Plaintiff Terry, Jr.'s First Interrogatories served on March 28, 2025, Plaintiffs have noticed several general and specific discovery deficiencies identified below. Plaintiffs request that each of these deficiencies be resolved within two weeks of the receipt of this notice otherwise Plaintiffs will have to seek the Court's intervention.

## I. General Items for Requests for Production

- Defendant's Responses that did assert objections failed to "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C); *Cole v. Collier*, 2020 U.S. Dist. LEXIS 94320, at *26 (S.D. Tex. May 28, 2020) (Ellison, J.). Defendant needs to supplement its responses accordingly.

- Defendant's objections to the request for production also contain improper general and boilerplate objections. These objections fail to accurately state the basis for that objection to each individual request. Fed. R. Civ. P. 34(b)(2)(B); *McLeod, Alexander, Powel, & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Many of Defendant's responses include objections and statements which have no connection to the request itself and instead illustrate that they were copy and pasted from other objections. For example, in response to request number 116, Defendant objected that the request is seeking "policies in effect more than 5 years" even though the request does not seek any policies. The response following the objections then points generally to all policies even though the request is seeking investigation reports and records. Similarly, requests numbers 99 and

100 seek documents from January 1, 2020, till present, but the first objection is that the request is seeking items for 5 years before the underlying incident even though 2020 is only 3 years before the incident. Because these objections are boilerplate and do not illustrate how the specific request is objectionable, the objections have been waived. Defendant needs to remove these objections.

- Defendant's production and response fails to specify when production will be completed and the current production process does not provide a sufficiently reasonable production timeline. Fed. R. Civ. P. 34(b)(2)(B). Plaintiffs provided several extensions for Defendant to provide substantive responses and production; however, for several requests Defendant stated that it is still investigating with no indication if any information is being produced, when it will be produced, or if any information is being withheld (i.e. RFP. No. 81). Because Defendant did not provide a specific date in its response for production, the production should have been completed on the date of the response. Plaintiffs ask that Defendant provide a specific date for when production will be completed in the next four weeks so that the parties can fully investigate the discovery and identify additional deficiencies. Additionally, Plaintiffs ask that Defendant amend its responses to indicate what information will be produced in regards to each request.

- Defendant's Response to the Requests for Production fails to identify what information is specifically responsive to the individual requests outside of a few of the TCJS responses. For example, all of the policy questions are responded to by pointing to all of the policies currently in place for HCSO without identifying the specific policies responsive to each request (i.e. RFP. Nos. 16–29). Plaintiffs ask that Defendant amend its responses to identify which documents that have been produced are responsive to each request.

- Defendant needs to produce a privilege log as the current assertions of privilege fail to provide sufficient information for what information has been withheld based on these assertions. Fed. R. Civ. P. 26(b)(5)(A). Although Defendant responded that it did not have a privilege log in response to RFP No. 93, Plaintiffs have specifically requested a privilege log and Defendant's responses to numerous requests asserted privilege (i.e. RFP. Nos. 5, 32–37, 108, 112, 113, 115). Therefore, Plaintiff requests that Defendant produce a privilege log identifying each privilege asserted to each request and for each document or material withheld.

- In almost all of the objections to the RFPs, Defendant asserted an objection that the request was "not anchored to any specific claim or incident that has been raised in this lawsuit." This objection is improper and misconstrues the standards of discovery and attempts to improperly limit relevant information as relevant information also includes collateral matters and information that could lead to the discovery of other relevant information. Additionally, each of Plaintiffs' requests are tied to the discovery of information that would support their claims, arguments, strategy, cross examination, responses to defenses, and/or could lead to the discovery of additional evidence. Specifically, in relation to *Monell*, Plaintiffs are entitled to discover other incidents that may lead to finding comparators as this is a specific aspect of that type of claim. Unlike Defendant's assertion, Plaintiffs are entitled to this information without needing a Court finding as to who constitutes a comparator because the only way for the Court to make that determination is through evidence which must be provided during discovery. The very purpose of discovery is for

the Parties to seek evidence relating to their claims and defenses. Defendant's objection is vague on what constitutes anchoring to a specific claim. Because each of Plaintiffs' requests seek information that will support an element of their claims or is reasonably likely to lead to the discovery of admissible evidence, Defendant's objections are improper.

- To almost all requests, Defendant included many statements that if information became "pertinent" or if the Court determines comparators then the information would be produced at that time. First, this indicates that Harris County has this information already identified and can produce it. Second, this is an improper response to a discovery request because Harris County does not get to decide what information is pertinent or when it becomes pertinent. Third, the whole purpose of discovery is to find evidence and prior incidents that the Court and jury can determine are comparators or not. So Defendant cannot withhold discovery which has a broader relevancy determination which may or may not be used to put before the Court. This is especially pertinent in this case due to the claims involving *Monell* which by its very nature entitles Plaintiffs to more discovery than in a typical case if it was asserted against only individuals. Plaintiffs are entitled to this information to allow the Court to determine its relevancy because each of the requests are reasonably tailored for information which is relevant or reasonably likely to lead to the discovery of admissible evidence. Defendant should amend its responses to remove these objections/statements.

- To the requests where Defendant asserted that they would produce Terry's jail records, many of those responses are seeking more than just information contained in jail records. Defendant's response makes it unclear if any information is being withheld or if Defendant is only producing jail records and nothing further. For example, RFP. No. 119 asks for the documents, material, and communications pertaining to investigation of the deaths of detainees named in the Complaint. This seeks more information than just what is in Terry's jail files. Likewise, RFP. No. 118 asks for files which may or may not be included in Terry's jail files. Defendant should amend their responses and identify what information is responsive and if anything is being withheld.

- To another set of requests, Defendant includes the irrelevant notation that Harris Health took over medical care in 2022. Harris Health is still owned and operated by Harris County and is a department of the County making the information responsive to those requests within Defendant's possession, custody, and control. Likewise, the presence of Harris Health does nothing to eliminate the officers and jail staff's responsibility towards the detainees to observe them and provide them medical care with the actions prior to 2022 still pertinent to show the knowledge of Harris County and the differences in their action for *Monell* purposes. Thus, for many of these requests, Defendant still has information that it can and should be producing regardless of Harris Health's presence.

II. **Specific Items for Requests for Production**

- RFP No. 5 seeks the communications concerning Robert Terry and the incident from the Complaint. Defendant has objected claiming privilege (without any indication of what privilege is asserted) and that it is overbroad because it is not limited to a specific time period. However, these objections are not proper because Plaintiffs are entitled to any communications concerning Robert Terry regardless of timeframe and the instructions to

the RFPs specifically stated that if any request does not have a specific limitation then it is limited from 2009 to present. Because Plaintiffs are entitled to the communications concerning Robert Terry and the incident, this information is not objectionable. Defendant's response does not indicate if anything is being withheld or if the jail records encompass all communications. Based on experience and typical communications, the jail records will not encompass all communications pertaining to Mr. Terry or the incidents involved in his claims.

- RFP. No. 6 asks for the employment file of the individuals who have knowledge of relevant facts concerning Mr. Terry or the incident. This information is relevant to determining the training and background of the employees on staff during this time period while Mr. Terry was in the Jail. Plaintiffs are willing to limit this to his time in Jail during May 2023 and the individuals assigned to the floors, cell, pods, and clinic where he was located during his stay leading up to his passing. The response does not indicate what information will be produced that is responsive to this request as required by FRCP 34(e).

- For the majority of the deficient responses to the RFPs, the requests pertain directly to evidence that is relevant and reasonably likely to lead to discoverable evidence pertaining to both of Plaintiffs' *Monell* claims. As recognized by numerous Courts, other incidents and evidence that point to the existence of a condition, policy, failure in training, etc. is directly pertinent to multiple elements of Plaintiffs' claims. Defendant, however, has objected to almost all of those requests seeking evidence directly related to *Monell* discovery and is limiting almost all of its production just to Robert Terry's jail records or video footage. These limitations are far too narrow for *Monell* discovery. Because Plaintiffs are entitled to a broad discovery to identify potential other incidents or evidence that point to the existence of a policy or condition and Defendant's knowledge of that policy or condition, Defendant's objections are improper. The deficient discovery responses are in relation to RFP. Nos. 7-10, 31-33, 35-37, 41-56, 58-83, 85, 94-96, 98-100, 105, 107-117, and 119. These requests encompass several categories of items that all relate to Plaintiffs' claims and are within the scope of discovery. Plaintiffs have even limited the majority of those requests to information from 2017 to present which is less than 10 years before Mr. Terry's time in jail which is less than what Court's generally allow in *Monell* cases. Plaintiffs have also identified several areas that they are aware of that will contain many of these items that Harris County should be able to gather relatively easily especially because Harris County has produced this information to other individuals and entities previously (i.e. KHOU). Those categories of types of information for those prior incidents and where to find them are as follows:

    o Video footage and audio recordings.

    o Employee files of employees involved in prior incidents specifically in relation to the conditions at issue in this case (use of force, assaults, lack of observation and monitoring, lack of medical care, and overcrowding and understaffing).

    o Training materials for the employees identified.

    o Investigation reports and records from both internally and from any external agencies including but not limited to Texas Rangers, Houston Police Department, DOJ, FBI, and TCJS.

- Incident reports and communications pertaining thereto for the conditions alleged in the case (the use of force and assault incident reports should be easily found as they are required to be compiled in relation to both doing PEWS reports and the SIR reports that are due monthly to TCJS).
- The documents and communications that support the data compiled in the SIR reports sent monthly to TCJS. For example, in April 2023, there were 67 uses of force that resulted in bodily injury that Harris County should have both the reports relating to and the video footage of.
- Detainee records including medical records, booking records, classification records, disciplinary records, etc. In multiple requests and in the Complaint itself, Plaintiffs have already identified several which at a minimum must be produced.
- Discipline records pertaining to the conditions and incidents. This applies to both employees and detainees involved in the incidents and injuries/death to the detainees identified in the Complaint but also the additional incidents identified in the timeframe requested.
- Criminal records, charging records, arrests, and communications pertaining to charges filed or sent to the District attorney for prosecution for any employees or detainees whose actions pertain to the conditions alleged in this case or in response to any of the incidents identified in the Complaint or identified in the discovery.
- Audits and investigations into the conditions identified and incidents identified in the Complaint and identified in the remainder of discovery by Harris County or any outside agency.
- Staffing schedules and staffing documents evidencing staffing levels for each incident identified in the Complaint and in the remainder of discovery.
- Jail logs and observation logs for each incident identified in the Complaint and in the remainder of discovery.
- Communications pertaining to the conditions or incidents identified in the Complaint whether by employees, leadership, staff, or other members of the county both internally and to any external sources.
- Prior lawsuits including the pleadings, witness statements, deposition transcripts, settlements, and expert reports relating to any allegations by a detainee, former detainee, employee, former employee, or family members of those individuals complaining of injury or death suffered in the Harris County Jail.
- Complaints relating to the conditions alleged in the Complaint made by detainees or employees. This would include complaints made on kiosks and complaints made by employees.
- TCJS records and communications. Defendant has produced barebones information pertaining to a few of the TCJS notices of non-compliance, but this does not include all of the communications or documentation. For

      example, Defendant has not provided the technical assistance documentation for instances where a notice of non-compliance was not issued. Additionally, no videos, incident reports, or other documents have been produced pertaining to these inspections.

- PEWS records.
- Records provided to and from KHOU pertaining to their investigation into uses of force. This pertains directly to the *Struck* documentary found here: https://www.khou.com/video/news/local/struck-revisited-inside-the-harris-county-jail/285-8ed04ca0-d6dc-4eab-8221-398f8d6fbbc4. As stated in the documentary, Harris County provided thousands of incident reports to KHOU for a limited timeframe which should still be in Harris County's control.
- DOJ reports pertaining to the 2009 investigation. As stated by several Courts, these records are highly relevant to *Monell* claims against the Jail. This also pertains to any subsequent reports by the DOJ, follow-up investigations, consent decrees, and documents illustrating what measures were taken to rectify the issues.
- Autopsy reports for all detainees identified in the Complaint and for detainees who died in the custody of the Jail from 2017 to present.
- Documents showing responses to, corrections, and remedies provided to any complaints or incidents relating to the conditions alleged in the Complaint and incidents in the Complaint and identified in discovery.

• Request for Production 11 asks for the training manuals and materials used for all jail staff from 2017 to present. This information is highly relevant to Plaintiffs' claims especially the failure to train and supervise claims. Plaintiffs are entitled to more than just the detention officers' training materials because medical staff, classification staff, intake staff, etc. are also pertinent to the conditions, training, and treatment of detainees in the Jail. Defendant pointed generically to TCOLE's website and 8 pages of documents. This response is improper as Plaintiffs are entitled to production of the actual training materials themselves that are within Harris County's possession, custody or control and Harris County cannot point generically to TCOLE's website. TCOLE's involvement does not eliminate Plaintiffs' entitlement to all of the training materials that Harris County provides their Jail staff because the existence of TCOLE training does nothing to prove what training was actually provided or not provided to staff. Even as stated in your response, officers go through the Sheriff's Office Academy whose records would not be on TCOLE's website.

• Request for Production 12 asks for the records of training sessions attended by jail staff who have knowledge of relevant facts concerning the underlying suit. Defendant's objections are improper as it is limited in time as Plaintiffs are entitled to know what training the individuals who have knowledge of relevant information to the underlying suit attended which makes it limited in time and scope. Again reference to TCOLE's website is improper as a responding party cannot point generically to public records or other resources when responding to requests for production because Plaintiffs are entitled to know what Harris County has in its possession, custody, or control. Additionally, this

- request specifically asks for the records of training sessions and the attendance records by the staff involved which is information inherently not found on TCOLE's website. Plaintiffs can limit this request to the individuals with knowledge of Mr. Terry's time in the Jail during May 2023 leading up to his death which can also be produced in response to Request for Production 13 which should also include their employee files.

- Request for Production 15 asks for the employee handbooks from 2017 to present. Plaintiffs are entitled to each version of the handbook to determine any changes made and consistencies showing how long the policies have been taught. Defendant's response is also deficient in the aspect that it points to only the current policies online without any identification of which documents are the handbooks and without any production of previous versions of the handbook. Defendant must produce each handbook separately and cannot point generically to all current policies online which can be changed at any moment.

- Requests for Production 16–30, 34, 101-104, 106 ask for specific policies, procedures, and handbooks. To each request you generically point to hcsopolicy.com. This fails to specifically identify the material that is responsive to each individual request as each request is asking for specific policies Therefore, Defendant should amend their responses to identify the specifically responsive material. Fed. R. Civ. P. 34(b)(2)(E)(1). Additionally, Defendant should produce each responsive policy and version of the policy including revisions instead of pointing to an internet site which may change at any moment.

- Requests for Production 31–33, 35–37, 43, 54, 56, and 108–114 asks for incident reports, video footage, associated documentation, medical records, jail logs, staffing logs, staff schedules, and booking information for the detainees and incidents identified in the Complaint and specifically lists most if not all of those detainees. You included your same boilerplate objections. The arbitrary 5 year limitation is not appropriate for these requests because they pertain to specific incidents and individuals which is pertinent to the *Monell* claims which the longer items have occurred the stronger the pattern is. For any of these, the only information that Defendant has indicated they would produce are Mr. Terry's jail records and video footage. Plaintiffs are entitled to all of the information requested especially because that information was already identified in the Complaint.

- Request for Production 39 asks for the maps and diagrams of the jail including those that identify surveillance camera locations, blind spots, etc.. This case contains multiple claims that detail the lack of observation and security within the jail and seek information concerning known blind spots, the surveillance of specific incidents, and surveillance of detainees. This information is highly relevant and the parties have already entered into a protective order that protects this information for it to be produced under. Plaintiffs are willing to permit this information to be produced as "Attorneys and Experts' Eyes Only" until the parties have had a chance to review them.

- Request for Production 40 asks for the documents showing the video retention policy of the Jail. Defendant's response is inappropriate because it points to a website for the state's retention policy but does not actually provide Defendant's retention policy. Plaintiffs are entitled to know Defendant's video retention policy which also includes the video retention schedule which the jail is supposed to maintain. Additionally, as stated previously, Defendants have to produce the items in their possession, custody, or control and cannot

- Requests for Production 41 and 65–79 asks for the documentation, communications, inspection reports, and video and audio footage for the TCJS reports identified in the request. Currently, only a couple TCJS documents have been produced with the majority of those items only covering a few of the identified inspections (i.e. no production of any items regarding the December 9, 2020, April 6, 2021, September 7, 2022, August 3, 2023, and April 16, 2024, TCJS documents). Defendant needs to produce the communications, documents, and video footage pertaining to each investigation along with the documents that the investigators looked at to base their report on.

- Requests for Production 42 and 63 asks for the documents, communications, and video and audio footage relating to the investigations and reports conducted by a government agency including TCJS, Texas Rangers, FBI and the Department of Justice since 2007. Each of these investigations is reasonably likely to lead to the discovery of additional evidence that establishes the policies alleged in this case. Additionally, the DOJ would have had follow-up reports following its 2009 report. Plaintiffs are willing to limit the requests. For all reports and investigations outside of the 2009 DOJ Report, Plaintiffs can limit it to 2013 to present which is 10 years which is considered an appropriate timeframe in *Monell* cases. For the 2009 DOJ Report, this report has been considered relevant in several cases including the nearly identical case in *Wagner v. Harris County*. There would have been investigation documentation as well as follow-up investigations. Because this information is relevant it should be produced. In relation to Request for Production 63 it is specifically limited to the 2009 DOJ Report, but Defendants stated in response that they would produce Mr. Terry's jail records which has nothing to do with that request. Defendant should amend its responses and produce the requested information.

- Requests for Production 45, 46, 56, and 60 specifically asks for the documentation, incident reports, disciplinary records, charging records, and employment file for officers engaged in uses of force against a detainee. This case specifically alleges policies of use of force against detainees. The requests are specifically limited to 2017 to present which is more than narrow enough for discovery in a *Monell* case. This information all pertains to the discovery of incidents which can be evaluated by the Court to determine their similarity and numerosity for both *Monell* claims asserted in this case. Defendant should have all of this information from 2018 to present at a minimum in a special file including video footage as they were required to be reported to be included in the SIRs each month.

- Requests for Production 47 and 48 specifically request the incident reports, disciplinary records, witness statements, and supporting documentation for detainee-on-detainee assaults. Like the information requested concerning the uses of force, this information is directly relevant to the policy of detainee-on-detainee assaults and violence in the Jail as well as the overcrowding and understaffing of the Jail and failure to monitor or observe.

- Request for Production 48–53 asks for the employment file, custodial files, communications, video footage, and investigation files for specific individuals who have asserted similar claims or who have been involved in similar incidents as alleged in the Complaint. Defendant's objections fail to satisfy the requirement for specificity and do not

- 8 -

establish that this information is not discoverable. Defendant should amend its responses and remove the objections and produce the requested information.

- Request for Production 55 and 82 asks for the communications and documentation pertaining to any deaths within the Jail since 2009. Discovery in cases such as this require the finding of comparator information for multiple purposes. This request seeks information that is reasonably likely to lead to the discovery of admissible information for these claims and identifying comparator information. Plaintiffs can limit for the time being to 2017 till present. These requests also include communications with the Texas Rangers, TCJS, or Houston Police Department.

- Request for Production 57 asks for the communications between jail staff and any external agencies such as DOJ and TCJS concerning Mr. Terry. Defendant only responded that they would produce the jail records which looks to not include the communications requested. Plaintiffs are entitled to the entirety of the documentation and communications pertaining to Mr. Terry during his time in Jail.

- Request for Production 58 asks for communications between Harris County and its staff concerning the overcrowding and understaffing of the jail since 2017. This information is not objectionable and is directly relevant to the claims pertaining to the overcrowding and understaffing of the jail.

- Request for Production 61 asks for documents and communications from Shannon Herklotz relating to concerns he raised for the Jail and for his resignation from the Jail. Defendant's boilerplate objection fails to carry its burden of showing that this information is not discoverable. Instead, Herklotz resignation specifically discussed issues that form some of the policies and allegations that are the basis of the claims. Further, Defendant objected without any indication that production would be permitted or not, but then produced his resignation letter. Defendant should amend its responses and produce all communications and documentation pertaining to his resignation, his concerns, and ultimately why he left the Sheriff's Office.

- Request for Production 62 asks for complaints or concerns raised by jail staff or employees concerning the condition of the jail. This information would reasonably lead to the discovery of persons with knowledge of the conditions of the jail, potential witnesses, and would show Harris County's knowledge concerning the conditions alleged in the complaint.

- Request for Production 80 asks for the documents, communications, and materials showing the Serious Incident Reports required by law to be reported by the Sheriff to the TCJS. This information would include any reports, documents, video footage or communications the Sheriff reviewed or received to compile the data reported to TCJS. This information is relevant and discoverable and has not been produced. Defendant objected that the request was not limited to 5 years, but the SIRs only began in 2018 which is 5 years before the Mr. Terry's passing which means the objection does not apply to the request.

- Request for Production 94 asks for all witness statements by detainees for any incidents identified in the Complaint which includes more than just the incidents for the named Plaintiffs. Defendant's boilerplate objection is improper as this information is highly relevant to the case to find witnesses and testimony for each other identified incident.

Please amend your response to remove the baseless objection and to identify the specific witness statements that are responsive to this request.

- Request for Production 96 asks for all previous lawsuits against Harris County Jail including complaints, court rulings, and settlements. Plaintiffs will limit this request to lawsuits in the past ten years who have made similar complaints as Plaintiffs in this matter including claims of use of force, overcrowding and understaffing, lack of medical care, lack of observation, or encouraging or promulgating detainee violence.

- Request for Production 97 seeks the consent decrees governing Harris County Jail. Defendant responded that it is still investigating this request. This is not a proper response to a request for production because the responding party must state what is being produced in response. Defendant had several months to respond and find this information which should be readily findable. Please amend your response and produce the requested information.

- Requests for Production 99 and 100 asks for formal complaints and grievances filed by detainees against the Jail since January 1, 2020, and the responses by the Jail to such complaints. Although Plaintiffs do not believe this request is objectionable, Plaintiffs will limit this to complaints of overcrowding and understaffing, lack of medical care, ignoring medical requests, use of force by officers, assaults by detainees, lack of observation and monitoring, lack of receiving medication, injuries suffered in the Jail and complaints concerning officer abuse of power. These requests are already limited to less than 5 years, but Harris County included its boilerplate, cut-and-paste objection saying it was seeking information over 5 years which is blatantly incorrect. Based on these limitations, please amend and produce information responsive.

- Request for Production 99-102 asks for specific policies and procedures of the Jail. Defendant pointed generically to the index and identified the jail records and autopsy records as responsive. This seems to be a copy and paste error and also fails to specifically identify which information is responsive to each request. Defendant should amend its response to identify the specific policies and procedures that have been produced in response to each request.

- Request for Production 116 asks to any reports, findings, or investigations that the use of force against Decedent was justified or in line with standard practice. This request is already limited to Mr. Terry, but Defendant included its standard untailored objections claiming that it was overbroad because not anchored to a specific claim. Additionally, the objections and responses all reference policies which is not what the request is seeking showing that Defendant failed to tailor its responses to the request.

- Request for Production 117 asks for the corrective action documentation taken including criminal prosecution of jail staff involved in the incidents identified in the Complaint. This information is specifically limited to the incidents and individuals identified in the Complaint. Defendant pointed generically that some information may be found through public records; however, this response is not proper because it does not identify what specific public information is responsive, and Plaintiff is entitled to discover what Defendant has in its possession, custody, or control regardless of if this information is in the public record. Additionally, the responsive information is only within Defendant's

- 10 -

knowledge making it impossible for Plaintiff to search all public records throughout the country. Defendant should amend their responses and produce the required information.

- Request for Production 121 asks for the AED maintenance logs and details of staff responsible for its maintenance. This information is directly pertinent as the AED's on each floor are within the custody and control of the Jail staff including the detention officers who should be prepared to use it in a medical emergency. This request is limited to a specific time frame. Defendant should amend its responses and produce this information.

- Request for Production 123 specifically asks for the documents, communications and employment file for the officers involved in taking Decedent out of his cell and putting him in a holding cell. This information is directly relevant to Plaintiffs' claims. Additionally, Defendant's vague objection is improper as Plaintiffs specifically defined "communication" in the definitions of the requests and it has a common knowledge term which Defendant should have applied at a minimum. We can limit this to Mr. Terry's time in Jail during May 2023.

- Request for Production 124 asks for the times that the emergency call buttons were pressed in the cells that Decedent was located in. Plaintiffs can limit this request to the cells Mr. Terry was located in during his stay in the Jail in May 2023. Based on this clarification, Defendant should amend their response and produce all responsive information.

### III. Specific Items for Interrogatory Responses

- Interrogatory 1 asks for the identity of the employees or independent contractors who were assigned to the floor, cell, pod, clinic, security offices, and supervisors for the locations where Mr. Terry was assigned. Plaintiffs will limit this request to the locations where Mr. Terry was assigned during his stay in the Jail in May 2023. Defendant's response fails to provide this information for any time period. Defendant cannot point to all jail records as this does not identify the individuals assigned to the floors or who were present in those locations or where they were specifically assigned. It also does not provide their role and current address and contact information which is included in the instructions for identifying. Plaintiffs are entitled to this information and the burden of acquiring this information is far higher on Plaintiffs because the documents do not identify this information. Defendant cannot meet the requirements of pointing to documents for Fed. R. Civ. P. 33(d).

- Interrogatory 2 asks for the identity of employees and independent contractors who were investigated disciplined, or terminated due to their actions or omissions in the Jail during their employment specifically relating to conditions at issue in this case. This information is directly relevant for the discovery of additional comparator information, similar incidents, and Defendant's interactions with events within the Jail. Because of the nature of *Monell*/1983 conditions of confinement claims, Plaintiffs are entitled to a broad spectrum of information to identify similar incidents and claims that can show deliberate indifference, policies and procedures. This request is limited to 10 years before the incident which has been determined to be sufficiently tailored for locating similar incidents under *Monell*.

- 11 -

- Interrogatory 4 asks specifically for the policies or procedures that the Jail has to ensure that all employees avoid using excessive force and using proper techniques to avoid bodily injury. This is a very specific request and Plaintiffs are entitled to know what those policies are and prior versions of the requests to inspect any changes or consistencies. Defendant's response pointing to an internet site with allegedly all policies is not proper as it does not specifically identify the policy that are responsive to the request. This does not meet the requirements of Fed. R. Civ. P. 33(d). Defendant should withdraw its objection and amend its response to identify the specific policy relating to this Interrogatory.

- Interrogatories 5, 10, 11, and 13 asks for the identity of the uses of force and assaults and custodial deaths and the basis for them as reported to the TCJS by the Sheriff and for those not reported to TCJS. This information is directly relevant to the claims in this case especially relating to the discovery of potential witnesses, comparators, and to show the knowledge by the Jail of the pervasive issues in the Jail. Pointing to public records or generally to documents that might be produced during discovery is not a valid response under Fed. R. Civ. P. 33(d). To the extent, Defendant prefers to produce this information, Defendant must identify the specific documents by bates number that are responsive to show all of the information requested.

- Interrogatories 6 and 7 ask for the identification of complaints made relating to medical care, uses of force, and assaults while in the jail. This information goes directly to the basis of Plaintiffs' claims and the nature of the legal requirements of those claims. The fact that a large amount of complaints may exist actually goes to the requirements of a *Monell* claim meaning that the request is not overbroad or disproportionate. Defendant should amend its responses to identify all of the information requested. A production of documentation will likely not provide all of the information requested by the interrogatory, but to the extent Defendant attempts to point to produced documentation, Defendant must identify by bates number the specific items responsive to this request.

- Interrogatory 8 asks for policies and procedures for staffing of the Jail. Similar to Interrogatory 4 Defendant incorrectly pointed to a website of all alleged current policies which makes no indication which policies apply for this particular issue which violates Fed. R. Civ. P. 33(d). Defendant should amend its answer to identify the specific policies and procedures by bates number and provide the information requested.

- Interrogatories 9, 15, and 19 asks for the audits and investigations conducted by the Harris County Sheriff's Office or by external agencies relating to the overcrowding and understaffing of the jail, the use of excessive force, culture of violence, or lack of medical care for the past 10 years. This request is directly related to the claims and policies in this case as one of the central policies of the jail at issue is the overcrowding and understaffing of the jail as shown by the DOJ report and TCJS reports. This information is reasonably likely to lead to the discovery of admissible evidence, other witnesses, and evidence that goes toward Defendant's knowledge. Defendant's objection is improper and misplaced as this information is very calculated to lead to the discovery of relevant evidence. This information should be identified and produced.

- Interrogatory 12 asks for the identity of the amount of staff and detainees assigned to each floor, pod, and cell in the Jail to which Mr. Terry was assigned and identifying the roles of the staff. Defendant's response states "subject to and without waiving foregoing

objections," however, Defendant did not assert any objections. Additionally, Defendant improperly pointed to all of Mr. Terry's jail records which fails to provide the information requested and violates Fed. R. Civ. P. 33(d). Mr. Terry's jail records will also not contain the information requested making this response inaccurate. Defendant should amend their response and identify the information requested.

- Interrogatory 14 asks for the identification of any discipline, reprimands, terminations, or charges against any employees or independent contractors identified in response to the prior interrogatories. This information goes directly to Plaintiffs' hiring, supervision, and training claims and goes towards Defendant's knowledge and potential deliberate indifference. This information is also relevant to discovering rebuttal information, impeachment information, and background information on the potential witnesses for each case.

- Interrogatory 16 asks for the policy and procedure for face-to-face observations and monitoring of detainees with video cameras. Similar to Interrogatories 4 and 8, Defendant's objections and response is improper and fails the requirements of Fed. R. Civ. P. 33(d). Defendant needs to amend its response and identify the specific policies and procedures pertaining to this aspect of a Jail Staff's job.

- Interrogatory 18 asks for the identification of the communications between the Sheriff's office, the jail employees, and county officials concerning the conditions of the Jail, deaths in the jail, violence, assaults, physical altercations, uses of force, and medical conditions of the jail. Plaintiffs are entitled to discover the past communications by Defendant and its staff concerning the issues raised in the Complaint including each of the above conditions and issues. This goes directly to information for cross examination, impeachment, knowledge, admissions, and policies and procedures. Defendant should amend its response and identify the communications requested. If Defendant produces these communications in lieu of identification, Defendant must identify by bates number the specific information requested.

- Interrogatory 20 and 21 asks for the identification of lawsuits against Defendant or the Harris County Sheriff, Sheriff Gonalez, and the witness statements or written records used in those lawsuits brought by a detainee, former detainee, or family of the detainee relating to their time within the Jail. Like many of the other requests, this information is relevant and discoverable as it can identify potential witnesses, comparators, and can show the pervasive nature of the policies and conditions of the Jail. Plaintiffs can limit to lawsuits from 2013 to present.

- Interrogatory 22 asks for the identification of the employees and staff members involved in the incidents identified in the Complaint and where they were assigned. This information is highly relevant in seeking to find witnesses and people with knowledge and, thus, is discoverable. Defendant's objection is improper as the nature of the case and the requirements for asserting the claims under the law entitles Plaintiff to a wide range of discovery. Additionally this information embodies the requirements of the disclosure rules in identifying individuals with knowledge. Defendant should withdraw its response and identify the individuals requested.

- Interrogatory 23 asks for the identity of the detainees in and around the cells where Mr. Terry was located on May 13, 2023, until his passing. This information is highly relevant for discovery of persons with knowledge and witnesses. The reference to Mr. Terry's Jail records is insufficient as that does not provide the identities of these individuals including their last known addresses and contact details. Defendant's response fails to meet the requirements of Fed. R. Civ. P. 33(d).

- Defendant's interrogatory responses are not verified as required by Fed. R. Civ. P. 33(b)(3). Defendant must amend its responses as required above and then provide a verification for those responses.

Please correct each of these issues and provide amended responses and the production of requested documents by May 14, 2025. Should you not provide complete amended responses and complete production, Plaintiffs will file a motion to compel with the Court. Should you have any questions please contact me to discuss.

Kindest regards,

*/s/ Aaron Dekle*
Aaron Dekle