# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT TERRY JR.; and LISA FOSTER INDIVIDUALLY, AND AS NEXT FRIENDS OF THEIR DECEASED SON ROBERT ANDREW TERRY,<br>    Plaintiffs,<br><br>v.<br><br>Harris County, Texas,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:24-CV-3068 |

## Defendant Harris County's
## (1) Amended Objections to and Request for Review of Magistrate Order and Motion for Protection, and
## (2) Motion to Stay Magistrate Order

FELDMAN & FELDMAN, P.C.

Cris Feldman
Attorney-in-Charge
cris.feldman@feldman.law
Fernando De Leon
Of Counsel
fernando.deleon@feldman.law
3355 West Alabama, Suite 1220
Houston, Texas 77098
Telephone: (713) 986-9471
Facsimile: (713) 986-9472

*Attorneys for Defendant*
*Harris County, Texas*

Defendant Harris County, Texas (the "County") files this (1) Amended Objections to and Request for Review of Magistrate Order and Motion for Protection, and (2) Motion to Stay Magistrate Order. The County asks the Court to set aside the portion of the Magistrate's order compelling the County to produce the enormous written discovery file from a different lawsuit. [Doc. 53][1] The County also moves the Court to issue an order of protection from Plaintiffs' discovery demands and compliance deadlines and stay any requirement for the County to comply with the Magistrate's order. In support thereof, the County would respectfully show as follows:

## Introduction and Summary

Pursuant to Federal Rule of Civil Procedure 72, the County objects to the order entered by U.S. Magistrate Judge Dena Hanovice Palermo on March 20, 2026, granting Plaintiffs' motion to compel discovery. The Magistrate Judge ordered the County to "produce the evidence it compiled in *Wagner v. Harris County*, 4:23-CV-02886, no later than Tuesday, March 24, 2026, 5:00 P.M."

---

[1] *See* Minute Order (Signed March 20, 2026). As outlined below, Rule 72 allows the County to file objections to the Magistrate's order within 14 days after being served with a copy. Nonetheless, out of an abundance of caution, the County files these objections now given the required deadline of two business days under the Magistrate's order. The County reserves the right to amend or supplement these objections by the 14-day deadline under Rule 72.

[Dkt. 53.] The discovery file in *Wagner* consists of documents, videos, and audio files that exceed 845 Gigabytes of data. *See Wagner, et al. v. Harris County*, Doc. 285, p. 5. By way of illustration, if all the content consisted of emails, 845 GBs of data would be enough pages to span the length of more than 80 football fields.[2] Plaintiffs made no showing that the entirety of the 845 GBs relates to the instant case. Consequently, the Magistrate Judge's order is clearly erroneous and contrary to the law because it seeks to compel discovery that is irrelevant and greatly disproportionate to the needs of the case.

Additionally, even if the order for production was proper under Rule 26, which it is not, the County requires an order protecting it from and staying any requirement to comply with the obligation to produce this information by Tuesday, March 24. While Plaintiffs' counsel was certainly aware of the magnitude of their request, neither the Magistrate Judge nor Defendant's counsel (who does not represent the County in *Wagner*) knew that the *Wagner* production to date was so large and contained dozens of hours of audio and video and potentially millions of pages of documents. Given the sheer volume of

---

[2] *See* Gallivan, Bill, <u>How many documents in a Gigabyte? 2025 statistics for e-discovery</u>, Sept. 17, 2025 at https://www.digitalwarroom.com/blog/how-many-documents-in-a-gigabyte-2025-statistics-for-ediscovery#:~:text=The%20vast%20majority%20of%20docs,or%205%2C000%20files%20per%20GB.

material, it is not even possible to process the data within the allotted time. Moreover, the Magistrate's order allows Plaintiffs to obtain discovery in *Wagner* which the confidentiality order in that case expressly prohibits.

The volume of the *Wagner* discovery file has been driven by the fact that there are 29 plaintiffs in that case who have all asserted different and unrelated claims. For example, in its motions to sever, the County pointed out that the *Wagner* plaintiff/detainees were in the jail at different times, in different locations, interacted with different detention officers, and allege a range of injuries from suicide to detainee violence. *See Wagner, et al. v. Harris County*, Docs. 22, 86. In contrast, this case involves a single detainee who (according to Plaintiffs' forensic pathology expert in this case) died in the County jail from smoking adulterated synthetic cannabinoids.

1.  **The discovery ordered by the Magistrate greatly exceeds the scope of discovery because the material is not relevant to Plaintiffs' claims.**

Plaintiffs are not entitled to discovery of the material produced in *Wagner* regarding other incidents that are wholly unrelated to and ***have no similarity*** to Mr. Terry's incident. The Fifth Circuit has consistently confirmed that establishing an official policy to support *Monell* claims based on a practice or custom ***cannot*** be based on simply any and all "bad or unwise" acts but on a

pattern of prior incidents that are *substantially similar* to what ultimately transpired in the incident at issue. The Magistrate Judge's order is clearly erroneous and contrary to law because it imposed no reasonable limitations whatsoever to require production of only prior incidents that are actually substantially similar to Mr. Terry's incident. The *Wagner* case involves 29 separate plaintiffs, complaining of a variety of incidents in the jail that have absolutely no factual comparison or similarity to Mr. Terry.

2. **The discovery ordered by the Magistrate is not proportional to the needs of this case and would be unduly burdensome to the County.**

The sheer volume of production required by the Magistrate Judge's order is not proportional to the needs of this case and it results in an undue burden on Harris County in this case. The discovery is not proportional because the 845 Gigabytes of records that contain information about non-similar incidents in the jail will not impact the survivability of Plaintiffs' claims. The burden is undue because it would literally require at least hundreds if not thousands of hours of review of documents that have no relevance to Plaintiffs' claims. The County's lawyers in this case have not reviewed and cannot blindly produce untold pages of documents and videos. And to require the County's lawyers to

review records that have no relevance to Plaintiffs' claims would cost the County an inordinate amount of outside counsel fees.

Additionally, Plaintiffs are not entitled to further discovery in this case because the County has filed two summary judgment motions that would dispose of all their claims and obviate the need for further discovery and because cost and inconvenience will be the sole result of further discovery. The Fifth Circuit has consistently confirmed that discovery is not justified when cost and inconvenience will be its sole result and that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is *not unlimited* and may be *cut off* when the record shows that the requested discovery is not likely to produce the facts needed to oppose summary judgment. The Magistrate Judge's order is clearly erroneous and contrary to law because it requires discovery for which cost and inconvenience to Harris County will be the sole result since the County's two summary judgment motions, supported by video evidence refuting the allegations, would dispose of all Plaintiffs' claims and obviate the need for further discovery in this case.***

The County therefore respectfully requests the Court to: (1) set aside the Magistrate Judge's order and prohibit further discovery before ruling on the County's motions for summary judgment, or alternatively (2) modify the

Magistrate Judge's order and limit production by the County of documents regarding other prior incidents to only those prior incidents that are actually substantially similar to Mr. Terry's incident.[3]

## Argument and Authorities

I.  **The Court should limit or prohibit discovery pending resolution of dispositive issues that would dispose of the suit and obviate the need for further discovery.**

Rule 72(a) of the Federal Rules of Civil Procedure governs decisions by magistrate judges on non-dispositive pretrial matters. *See* Fed. R. Civ. P. 72(a). "[T]he magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." *Id.*

Rule 72(a) provides that "[a] party may serve and file objections to the order within 14 days after being served with a copy." *Id.* "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

---

[3] The County is producing records of those detainees in the jail that have similarly died due to a medical emergency.

## II.     The Magistrate Judge's Order is clearly erroneous and contrary to law.

Rule 26 of the Federal Rules of Civil Procedure states that a "party ... from whom discovery is sought may move for a protective order. *See* Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery." *Id.*

### A.     Production of *Wagner* discovery that has no similarity to Mr. Terry's incident is not proportional and imposes a severe burden on the County and its counsel.

Rule 26(b)(1) of the Federal Rules of Civil Procedure governs the permissible scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). "'Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.'" *Crosby v. La. Health Serv. & Indem. Co.,* 647 F.3d 258, 264 (5th Cir. 2011) (quoted citation omitted).

"There are three essential elements for municipal liability under § 1983. A plaintiff must show that '(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right.'" *Johnson v. Harris County*, 83 F.4th 941, 946 (5th Cir. 2023) (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018)).

As to the official policy, a "*Monell* claim does not require the plaintiff to identify a written policy. In some situations, a plaintiff can succeed by pointing to **similar incidents** that are 'sufficiently numerous' and have 'occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees.'" *Martinez v. Nueces Cnty.*, 71 F.4th 385, 389 (5th Cir. 2023) (quoted citation omitted) (emphasis added).

But "'[p]rior indications **cannot simply be for any and all 'bad' or unwise acts**, but rather must point to the specific violation in question.'" *Id.* (emphasis added). "That is, notice of a pattern of **similar violations** is required." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005) (emphasis added). "While the specificity required should not be exaggerated, [Fifth Circuit] cases require that the prior acts be **fairly similar** to what ultimately transpired...." *Id.* (citations omitted) (emphasis added).

Plaintiffs are not entitled to broad discovery that the Magistrate Judge ordered because it vastly exceeds the boundaries of discovery regarding prior similar incidents. The County's production in the *Wagner* case pertains to a wide variety of incidents in the County jail system such as suicides by detainees as well as assaults against detainees by detention officers and other detainees that did not result in death. These include not only incidents involving the 29 plaintiffs or decedents at issue in that case while detained in the County jail system but also incidents involving at least 36 other detainees as alleged comparators. It also includes the personnel files of more than 40 detention officers involved in those incidents. It also includes reports of five different categories of incidents reported to the Texas Commission on Jail Standards in a five-year period. *See Wagner, et al. v. Harris County*, Doc. 213. Just one category of data for one of the five years is over 25,000 pages.

But the Magistrate Judge ordered the County to produce all such materials (and much more) regarding incidents despite being wholly unrelated to Mr. Terry's incident. The Magistrate Judge imposed no reasonable limitations whatsoever to require production of only prior incidents that are actually similar to Mr. Terry's incident. By doing so, the Magistrate Judge's order runs afoul of the well-settled rule that *Monell* cannot be based simply on

any and all bad or unwise acts—which ***necessarily controls and limits the scope of discovery*** regarding other prior incidents to only those that are substantially ***similar*** to what ultimately transpired in Mr. Terry's incident.

In addition, the Magistrate Judge's order requiring production regarding wholly unrelated incidents with no similarity to Mr. Terry's incident is not proportional because it imposes an immensely severe burden on the County and its counsel in this case in terms of the extraordinary time and expense required to review and process materials that have no relevance to Plaintiff's claims and are not proportional to the needs of this case. The order imposes no burden on Plaintiffs because their counsel in this case is the same counsel representing the plaintiffs in *Wagner* and have already had the benefit of access to and review of the County's production in that case. But the County's counsel in this case has not reviewed such voluminous materials and simply cannot do so in order to produce them by the required deadline of two business days. The sheer volume of materials the County produced in *Wagner* makes it utterly impossible for the County's counsel in this case to review and prepare for trial.

Moreover, the Magistrate's order allows Plaintiffs to obtain discovery in *Wagner* which the confidentiality order in that case expressly prohibits. The confidentiality order entered by the Court in *Wagner* states that "[t]he parties

and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only for the purpose of prosecution or defense of *this civil lawsuit and for no other purpose*." *See Wagner, et al. v. Harris County*, Doc. 80, p. 3. Magistrate's order therefore also violates and allows Plaintiffs to violate the *Wagner* confidentiality order.

B. **Plaintiffs are not entitled to further discovery because cost and inconvenience will be the sole result of further discovery since the County has filed two summary judgment motions that would dispose of all their claims and obviate the need for further discovery.**

Courts should limit or prohibit discovery pending resolution of dispositive issues that would dispose of the suit and obviate the need for further discovery. "Generally, a ruling that denies a party an adequate opportunity to discover facts to oppose a motion for summary judgment is unreasonable if summary judgment is subsequently entered against that party." *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 382 (5th Cir.1987).

"On the other hand, 'a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is *not unlimited*, and may be *cut off* when the record shows that the requested discovery is not likely to produce the facts needed by plaintiff to withstand a Rule 56[ ] motion for summary judgment." *Id.* (emphasis added) (citations and internal quotations omitted). "Discovery is *not*

*justified* when cost and inconvenience will be its sole result." *Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 436 (5th Cir.) (emphasis added) (citations omitted), *cert. denied*, 498 U.S. 895, 111 S. Ct. 244, 112 L. Ed. 2d 203 (1990).

In addition, the scope of discovery is limited by the pleadings. *See Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 392 (5th Cir. 2009) ("The role of discovery, however, is to **find support for properly pleaded claims, not to find the claims** themselves.") (emphasis added); Fed. R. Civ. P. 26 advisory committee notes to 2000 amendment ("The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have **no entitlement to discovery** to develop new claims or defenses that are not already identified in the pleadings.") (emphasis added).[4]

---

[4] *See U.S. v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 202 F. Supp. 3d 1, 7, 8-9 (D.D.C. 2016) ("Claimant **cannot lead a fishing expedition** to find material that **might possibly become relevant** to an as-yet unpleaded specific performance or unclean hands defense.... Moreover, the discovery he seeks is too far removed from the government's allegations in the Amended Complaint to fall within the scope of discovery based on the Amended Complaint alone. In other words, Claimant seeks discovery 'which does not presently appear germane on the theory that it might conceivably become so.'"); *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable **without discovery**, not to find out if it has any basis for a claim.") (emphasis in original).

Plaintiffs are not entitled to further discovery because the cost and inconvenience noted above will be the sole result of further discovery since the County has filed two summary judgment motions that would dispose of all their claims and obviate the need for further discovery. The County filed a motion for summary judgment on all Plaintiffs' claims on the ground that there is no evidence to support causation for any of their claims. [Dkt. 30.][5] The County also filed a second motion for summary judgment on all Plaintiffs' claims on the ground that the evidence actually disproves causation for all their claims—and actually confirms the fictional nature of their allegations. [Dkt. 36.][6]

At the March 20, 2026 hearing on Plaintiffs' motion to compel, the Magistrate Judge disagreed with the County's argument regarding its second summary judgment motion relying on video evidence to disprove Plaintiffs' central factual allegation that County jail detention officers assaulted and beat Mr. Terry and then ignored him for days and left him to suffer and die. The Magistrate Judge stated that Plaintiffs' (live) first amended complaint is sufficient to allege harm beyond any alleged beating of Mr. Terry. But that is

---

[5] *See* Defendant Harris County's Motion for Summary Judgment on No-Evidence Grounds (filed February 13, 2026).

[6] *See* Defendant Harris County's Motion for Summary Judgment on Evidence Grounds (filed February 20, 2026).

incorrect because all Plaintiffs' allegations of harm to Mr. Terry are based on their allegations that detention officers assaulted and beat him.

The Magistrate Judge also disagreed with the County's argument regarding its second summary judgment motion asserting (among other things) that there is no evidence that County detention officers assaulted and beat Mr. Terry. The Magistrate Judge stated that there is no such thing as a no-evidence summary judgment under the Federal Rules. But that is incorrect because the Fifth Circuit has expressly confirmed that summary judgment motions asserting lack of evidence are proper.

"Where the nonmovant bears the burden of proof at trial, the [summary judgment] movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Only when 'there is sufficient [summary judgment] evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020) (citing *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citing *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)))).

"Under federal law, … it has long been the rule that when the nonmovant has the burden of proof at trial, the moving party may make a proper summary judgment motion, thereby shifting the summary judgment burden to the nonmovant, with an allegation that the nonmovant has failed to establish an element essential to that party's case…. Kroger satisfied its summary judgment burden when it alleged that there was *no evidence* of causation—an element essential to Austin's ordinary negligence claim." *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (citations omitted) (emphasis added).[7]

In addition, even if the Magistrate Judge is correct that Plaintiffs' (live) first amended complaint is sufficient to allege harm beyond any alleged beating of Mr. Terry (which the County denies), the County's motion for summary judgment on no-evidence grounds asserts broadly that there is no evidence to support causation for any of Plaintiffs' claims. That assertion necessarily

---

[7] *See also Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999) ("When a moving party alleges that there is an absence of evidence necessary to prove a specific element of a case, the nonmoving party bears the burden of presenting evidence that provides a genuine issue for trial.") (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075, 1076 n.16 (5th Cir. 1994) (en banc) (noting that the party moving for summary judgment is not required to "negate the elements of the nonmovant's case," but may "satisfy [its] burden under *Celotex*" by "assert[ing the] absence of facts supporting the elements of the plaintiffs' theory of recovery.").

extends to any harm to Mr. Terry beyond any alleged beating. So, to the extent they allege that Mr. Terry suffered any harm from denial of proper or prompt medical care or treatment, Plaintiffs bear the burden of responding to the County's motion for summary judgment on no-evidence grounds with evidence that County detention officers knew Mr. Terry needed medical attention and ignored any such need. And there is no such evidence in this case.

Plaintiffs are therefore not entitled to further discovery in this case because the County has filed two summary judgment motions that would dispose of all their claims and obviate the need for further discovery and because cost and inconvenience will be the sole result of further discovery.

C.     The Court should enter an order protective it from Plaintiffs' discovery demands and staying the County's compliance with the Magistrate's order.

For the same reasons outlined above, the County should not be required to comply with Plaintiffs' discovery demands or the Magistrate's order. Both Plaintiffs' discovery demands and the Magistrate's order vastly exceed the proper scope of discovery in this case by requiring the County to provide discovery that is irrelevant and greatly disproportionate to the needs of the case. Indeed, requiring compliance would be unduly burdensome to the County by literally requiring at least hundreds if not thousands of hours of review of

documents that have no relevance to Plaintiffs' claims. The County therefore also asks the Court to issue an order of protection from Plaintiffs' discovery demands and compliance deadlines and stay any requirement for the County to comply with the Magistrate's order.

## Conclusion and Prayer

For these reasons, Defendant Harris County, Texas respectfully requests the Court to sustain its Objections to Order, set aside or modify the Magistrate Judge's March 20, 2026 minute order as stated above, issue an order of protection from Plaintiffs' discovery demands and compliance deadlines and stay any requirement for the County to comply with the Magistrate's order, and also grant any and all such other and further relief, whether at law or in equity, to which it may be entitled.

*[remainder of page intentionally left blank]*

Respectfully submitted,

FELDMAN & FELDMAN, P.C.

By:    */s/ Cris Feldman*   
    Cris Feldman
    Attorney-in-Charge
    Texas Bar No. 24012613
    S.D. Texas Bar No. 712459
    cris.feldman@feldman.law
    Fernando De Leon
    Of Counsel
    Texas Bar No. 24025325
    S.D. Texas Bar No. 32395
    fernando.deleon@feldman.law
    3355 West Alabama, Suite 1220
    Houston, Texas 77098
    Telephone: (713) 986-9471
    Facsimile: (713) 986-9472

*Attorneys for Defendant*
*Harris County, Texas*

*[remainder of page intentionally left blank]*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing motion has been served on the following parties and/or counsel of record by filing it with the Court's electronic-filing system on March 26, 2026:

Paul A. Grinke
paul@bencrump.com
Aaron Dekle
BEN CRUMP LAW, PLLC
aaron@bencrump.com
5 Cowboys Way, Suite 300
Frisco, Texas 75034

*Attorneys for Plaintiffs*
*Robert Terry Jr. and Lisa Foster*
*Individually, and as next friends of*
*Robert Andrew Terry*

Carl L. Evans, Jr.
cevans@mccathernlaw.com
Alizabeth A. Guillot
aguillot@mccathernlaw.com
Jordan A. Carter
jcarter@mccathernlaw.com
MCCATHERN, PLLC
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219

*Attorneys for Plaintiffs*
*Robert Terry Jr. and Lisa Foster*
*Individually, and as next friends of*
*Robert Andrew Terry*

Andrea Chan
achan@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019

*Attorneys for Defendant*
*Harris County, Texas*

By: ___*/s/ Fernando De Leon*___
      Fernando De Leon