# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

ROBERT TERRY JR.; and LISA §
FOSTER INDIVIDUALLY, AND §
AS NEXT FRIENDS OF THEIR §
DECEASED SON ROBERT §
ANDREW TERRY, §
    Plaintiffs, §
     §
v. §    Civil Action No. 4:24-CV-3068
     §      (Judge Hittner presiding)
Harris County, Texas, §
    Defendant. §

### Defendant Harris County's
### Motion to Extend Deadline to File
### Motion(s) to Challenge Plaintiffs' Experts

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Harris County files this Motion to Extend Deadline to File Motion(s) to Challenge Plaintiffs' Experts and would respectfully show the Court as follows:

### Introduction and Summary

Under the Court's current Scheduling Order, April 1, 2026 is the deadline for the parties to file their pre-trial motions, which would include filings any motions to challenge the Plaintiffs' experts. Doc. 24. Plaintiffs have designated four experts. <u>Plaintiffs did not offer their experts for deposition until dates</u>

occurring *after* the April 1, 2026 motion deadline has passed. The parties have not completed expert discovery and Magistrate Judge Dena Hanovice Palermo agreed that Harris County would have the opportunity to depose the Plaintiffs' experts (these depositions were requested on February 18, 2026, prior to the discovery deadline). Ex. A, Transcript of discovery hearing on March 20, 2026, pp. 39, 47-48.

There is good cause under Fed. R. Civ. P. 6(b)(1)(A) for the Court to grant this extension. This extension will allow for judicial economy. Harris County timely sought the depositions of the Plaintiffs' four experts. The soonest available dates Plaintiffs provided for (only two of) these depositions was *two weeks after the motions deadline*. Thus, Harris County was not even given the opportunity to depose the Plaintiffs' four experts before the April 1, 2026 motions deadline. Harris County should be allowed the opportunity to question the Plaintiffs' experts regarding their qualifications and proposed opinions contained in their expert reports prior to filing a motion to challenge these experts.

As discussed at the hearing on March 20, 2026, there is additional information that Plaintiffs advise their experts need to complete their work (tour of the Harris County jail). Ex. A, p. 37. Harris County requests the Court

grant this extension of time for Harris County to file motions to challenge Plaintiffs' experts from April 1, 2026 until a date that is ten days after the conclusion of the expert depositions.

Argument and Authorities

Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." This motion is timely as it is being filed on April 1, 2026, the date of the deadline for pre-trial motions.

There is good cause for the extension. The deadline for completion of discovery was March 16, 2026. On February 2, 2026, the undersigned substituted in to this case as lead counsel for Harris County.[1] Since the substitution of counsel, the undersigned has worked diligently to shore up outstanding discovery matters.

---

[1] Although a Notice of Appearance was filed, it was filed with the intent that the Feldman Law Firm was taking over complete representation of the defense of the case for Harris County, and it has in fact been the sole firm handling the defense since that time. Doc. 29.

Upon a review of the file, it was determined there was additional discovery to be completed. On February 18, 2026 (approximately 2 weeks after substituting into the case), a request was made to Plaintiffs' counsel for the depositions of their four experts. Ex. B, email exchange between counsel. Plaintiff responded on February 23, 2026, with dates for only two of the four experts, agreeing to present them by zoom in mid-late April 2026, a month after the Court's discovery deadline and two weeks after the April 1, 2026 motions deadline. Ex. B. On March 10, 2026, another request was made for all four experts and to conduct the depositions in person. Ex. B. The parties continued to communicate after March 10, 2026, about depositions. The issue of expert depositions came up at the hearing before Magistrate Judge Dena Hanovice Palermo.

On March 20, 2026, the parties appeared before Magistrate Judge Palermo for a discovery conference on Plaintiffs' motion to compel. At that hearing, the Plaintiffs indicated their experts needed to complete a tour of certain areas of the Harris County jail. Ex. A, p. 37. Also at this hearing, Harris County informed the Magistrate Judge that it still needed the depositions of the Plaintiffs and the Plaintiffs' experts. Ex. A, p. 39. The Magistrate Judge agreed

that Harris County would be allowed to depose both the Plaintiffs and the Plaintiffs' experts. Ex. A, pp. 39, 47-48 (underline emphasis added):

> MR. FELDMAN: <u>We would like to take the depositions of those experts given how the case is advancing</u>. And I've asked for those prior to the discovery cutoff. And I understand we were in late. And I understand this is compressed and all that, but that's what we need to do is we need those --

> THE COURT: (Indiscernible) <u>there's no question that you'll get those depositions. But you need to allow the experts to do the areas before you take the depositions</u>. Now, let's discuss Sheriff Gonzalez. Is he ever deposed in any case? Ex. A, p. 39.

>     \*    \*    \*

> THE COURT: Any objection to giving them discovery, Mr. Dekle?

> MR. DEKLE: No objection to giving them the deposition of the plaintiffs.

> THE COURT: All right. <u>So, you can take the plaintiff's deposition. You can take the plaintiff's expert's depositions, but they have to get the discovery first</u>. Ex. A, pp. 47-48.

When Harris County takes the depositions of the Plaintiffs' experts, it will be able to question these experts on their qualifications and the opinions they discuss in the expert reports that were produced. Harris County may determine, after these depositions have been completed, that there are grounds to move to challenge the experts' qualifications and/or their opinions. At this point, it is pre-mature for Harris County to file a motion to strike these experts because it

needs the opportunity to first take the depositions – depositions that Plaintiffs prevented them from getting before the April 1, 2026 motion deadline. In the interest of judicial economy and fairness, the Court should find good cause exists to allow an extension of time for Harris County to file motion(s) to challenge Plaintiffs' experts after it has the opportunity to depose these experts.

Although the Plaintiffs' counsel agreed to produce their experts for deposition after the discovery deadline and *after the Court's April 1, 2026 motion deadline*, Plaintiffs will not agree to an extension on this motion to file any challenge to their experts. Plaintiffs have put Harris County in the untenable position of objecting to expert opinions by April 1, 2026 when we do not even have the opportunity to obtain their opinion testimony prior to this motion deadline.

## Conclusion and Prayer

Harris County has shown that good cause exists for this Court to extend the deadline for Harris County to move to challenge the Plaintiffs' experts. Harris County respectfully requests the Court grant an extension of time for Harris County to file its motions to challenge Plaintiffs' experts from April 1, 2026 until ten days after the depositions of Plaintiffs' experts have been completed.

Respectfully submitted,

FELDMAN & FELDMAN, P.C.

By: /s/ Cris Feldman
    Cris Feldman
    Attorney-in-Charge
    Texas Bar No. 24012613
    S.D. Texas Bar No. 712459
    cris.feldman@feldman.law
    Fernando De Leon
    Of Counsel
    Texas Bar No. 24025325
    S.D. Texas Bar No. 32395
    fernando.deleon@feldman.law
    3355 West Alabama, Suite 1220
    Houston, Texas 77098
    Telephone: (713) 986-9471
    Facsimile: (713) 986-9472

    *Attorneys for Defendant*
    *Harris County, Texas*

## Certificate of Conference

I hereby certify that I attempted to confer with counsel for Plaintiffs, Aaron Dekle, in an effort to resolve the issues stated in the foregoing motion without the necessity of court intervention and that the effort failed because such counsel stated that Plaintiffs oppose the motion.

By: /s/ Fernando De Leon
    Fernando De Leon

*[remainder of page intentionally left blank]*

7

Certificate of Service

I hereby certify that a true and correct copy of the foregoing motion has been served on the following parties and/or counsel of record by filing it with the Court's electronic-filing system on April 1, 2026:

Paul A. Grinke
paul@bencrump.com
Aaron Dekle
BEN CRUMP LAW, PLLC
aaron@bencrump.com
5 Cowboys Way, Suite 300
Frisco, Texas 75034

*Attorneys for Plaintiffs
Robert Terry Jr. and Lisa Foster
Individually, and as next friends of
Robert Andrew Terry*

Carl L. Evans, Jr.
cevans@mccathernlaw.com
Alizabeth A. Guillot
aguillot@mccathernlaw.com
Jordan A. Carter
jcarter@mccathernlaw.com
MCCATHERN, PLLC
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219

*Attorneys for Plaintiffs
Robert Terry Jr. and Lisa Foster
Individually, and as next friends of
Robert Andrew Terry*

Shelby J. White
swhite@dpslawgroup.com
Thad D. Spalding
tspalding@dpslawgroup.com
Kathryn Womble
kwomble@dpslawgroup.com
DURHAM, PITTARD & SPALDING, LLP
P.O. Box 224626
Dallas, Texas 75222
*Attorneys for Plaintiffs
Robert Terry Jr. and Lisa Foster
Individually, and as next friends of
Robert Andrew Terry*

Andrea Chan
achan@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019

*Attorneys for Defendant
Harris County, Texas*

By: ___*/s/ Fernando De Leon*___
　　Fernando De Leon

8