

June 24, 2026

SENT VIA EMAIL
United States Magistrate Judge Dena Palermo
United States Courthouse
515 Rusk Avenue, Room 7727
Houston, Texas 77002
Carol_L_Felchak@txs.uscourts.gov

  Re: *Terry et. al. v. Harris County, Texas*, Cause No. 4:24-CV-3068 (S.D. Tex.);
     Response Updated Status Report on Discovery

Judge Palermo,

  Plaintiffs are providing this Response to Defendant's Updated Status Report served on June 2, 2026, (Doc. 87) to inform Judge Palermo of the status of discovery following the Court's Order Granting the Motion to Compel (Doc. 82). This will address an ongoing discovery dispute as stated in Defendant's Updated Status Report.

  As the Court is aware, the Court granted Plaintiff's Motion to Compel multiple times but again fully on May 1, 2026 (Doc. 82). Defendant has produced or agreed to the majority of the information in the Order. However, as stated in Defendant's Status Report, Defendant has not complied with the Court's Order relating to the documents, policies, investigations, committee notes, and reviews conducted by Harris Health and Harris Center relating to detainees and their work in the Harris County Jail. Doc. 87 at 2. As stated in the Motion to Compel and in the Updated Status Report, Harris County has possession, custody, and control over Harris Health and Harris Center's policies, practices, investigations, audits, health reviews, and death reviews for their provision of services to detainees and inside the Harris County Jail. Doc. 32 at 13-17; Doc. 77. Plaintiffs are seeking an order enforcing the Motion to Compel requiring the production of all requested files from Harris Health and Harris Center.

  First, as stated in the Court's May 1, 2026, Order, Defendant has waived all objections and arguments in response to the Motion to Compel including for the documents contained by Harris Health and Harris Center. Doc. 82 at 5, 6, 9-10. Defendant is raising in their Updated Status Report an argument for the first time that Harris Health and Harris Center are separate legal entities that they failed to raise in the multiple opportunities to respond to the Motion to Compel. *See* Doc. 36, 41, 79. This argument has been waived and rejected by the Court as it should have been raised in response to the Motion to Compel. Doc. 82. Plaintiffs specifically noted that Defendant had control and access over these documents in the Updated Status Report to which Defendant did not respond. *See* Doc. 77 at 3. Not only is this argument incorrect, but it is also not a basis to refuse to produce this discovery as it has been waived. Doc. 82 at 9-10.

Second, even if Defendant had not waived these arguments, these arguments do not shield Defendant from producing this information. Under the Federal Rules of Civil Procedure, a party responding to discovery must produce information in their possession, custody, or control. Fed. R. Civ. P. 34. "Control" under the Rules is defined to include information even in the possession of other entities. *Shell Global Solutions (US) Inc. v. RMS Eng'g, Inc.*, No. 4:09-cv-3778, 2011 U.S. Dist. LEXIS 85120, at *4–5 (S.D. Tex. Aug. 3, 2011) (Ellison, J.); *Hansard v. Zamora*, No. PE:23-CV-00041-DC-DF, 2026 U.S. Dist. LEXIS 29353, at *4-18 (W.D. Tex. Feb. 11, 2026). Simply because responsive information is in the possession of a separate legal entity, does not mean that a responding party does not have control over that information especially when they have a practical ability to gather this information. *Id.*

Here, Defendant Harris County has control over the documents held by Harris Health and Harris Center relating to detainees and their work in the Jail including all death reviews, audits, communications pertaining to detainees, and policies and procedures relating to the care of detainees in the Jail. Harris Health and the Harris Center are Harris County entities. Harris County is the defendant in this case, not just the Harris County Sheriff's Office. The interlocal agreement expressly establishes the involvement of Harris County and the Harris County Sheriff's Office and their access to these documents. Ex. A. For example, all Harris Health policies and procedures relating to the Jail are the subject of review by the Harris County Sheriff. *Id.* at 7-10, 15-17. Similarly, the Sheriff's Office are the custodian of all medical records held by Harris Health relating to any detainee and the Sheriff's attorney is responsible for responding to any subpoena's or discovery requests for these records. *Id.* at 7, 10.

The interlocal agreement also establishes committees to run the provision of medical care with Sheriff's office members, Harris Health members, and Harris County members that review all policies, procedures, administration of health care, investigations of incidents, revision of practices, and staffing of the Jail by Harris Health and the Sheriff's Office. *Id.* at 8-9, 15-17. All death reviews and medical complaints are to be expressly provided to the Sheriff for review. *Id.* at 9. This expressly shows that Harris County has custody and control over the documents requested and ordered to be produced from the Motion to Compel. Similarly, as stated in their updated status report, Harris County has allegedly produced other documents from Harris Health showing a practical ability to get this information. Doc. 87 at 2; *Hansard*, 2026 U.S. Dist. LEXIS 29353 at *4-18.

Accordingly, Plaintiffs ask for an Order compelling Defendant to comply with the prior Order on the Motion to Compel and produce the policies, practices, death reviews, audits, committee notes, communications, and investigations from Harris Health and the Harris Center relating to detainees and the provision of services for detainees and the Jail. Plaintiffs have copied all counsel of record on this communication. Plaintiffs ask for such other and further relief as the Court deems just.

Kindest regards,

*/s/ Aaron Dekle*
Aaron Dekle