United States District Court
Southern District of Texas
**ENTERED**
June 25, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT TERRY JR., *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL NO. 4:24-CV-03068 |
| | § | |
| HARRIS COUNTY, TEXAS, | § | |
| *Defendant*. | § | |

## **ORDER**

On May 1, 2026, the Court ordered Defendant to produce documents, policies, investigations, committee notes, and reviews Harris Health and Harris Center conducted relating to detainees and their work in the Harris County Jail. Order, ECF No. 82 at0-10. On June 24, 2026, Plaintiffs reported that Defendant failed to comply with the Court's order. ECF No. 93. Further, Plaintiff informed the Court that Defendant now asserts—for the first time—that the Court ordered discovery is not under the County's control. *Id.* Plaintiffs request the Court's assistance in enforcing its order. *Id.*

As found in the May 1 Order, Defendant waived all objections to these discovery requests. Order, ECF No. 82 at 9-10. Therefore, as previously ordered, Defendant must produce: (1) personnel records of officers, including PEWS records, Incident History Reports, disciplinary records, HR files, resignation letters, termination letters, and Internal Affairs investigation files; (2) policies or procedures

relating to Jail operations from Harris Health and the Harris Center; (3) data associated with Plaintiff's intercom call button; (4) Harris County's annual and periodic audits of the policies and practices in the Jail as well as on statistical data, and (6) the Sheriff's Office, Harris Health, and the Harris Center's death reviews and investigations into the conduct of its officers and its policies and practices. *Id.*; *see* ECF No. 77 at 3. Defendant is **ORDERED** to make full production in compliance with the Court's order no later than June 29, 2026.

If Defendant **again** fails to comply with this Court's orders, the Court will impose daily monetary sanctions until such time that Defendant establishes it has fully complied. *See Exxonmobil Glob. Services Co. v. Bragg Crane Serv.*, No. 4:21-CV-03008, 2023 WL 2825691, at *1 (S.D. Tex. Mar. 8, 2023) ("Federal Rule of Civil Procedure 37 authorizes a district court to issue sanctions for a party's failure to comply with discovery orders. Additionally, a district court has the inherent authority to impose sanctions in order to control the litigation before it.") (cleaned up) (citing Fed. R. Civ. P. 37(b)(2)(A), (C); *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010)).

Signed on June 24, 2026, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**