BEN CRUMP
TRIAL LAWYER FOR JUSTICE

September 17, 2026

SENT VIA EMAIL
United States Magistrate Judge Dena Palermo
United States Courthouse
515 Rusk Avenue, Room 7727
Houston, Texas 77002
Carol_L_Felchak@txs.uscourts.gov

Re: *Terry et. al. v. Harris County, Texas*, Cause No. 4:24-CV-3068 (S.D. Tex.); Reply in Support of Updated Status Report on Discovery

Judge Palermo,

In reply to Defendant's September 17, 2026, Response to Plaintiffs' Updated Status Report, Plaintiff provides this brief reply addressing information raised for the first time in their response. First, as already held by this Court, these arguments and objections have been waived. Second, as noted in the Status Report and the various motions, "control" under the Federal Rules of Civil Procedure is far broader than what Defendant continues to argue. Here, Defendant as the County whose attorneys also represent Harris Health have control based on reasonable access to the documents relating to the Jail and the detainees from Harris Health. For example, Sheriff Gonzalez is the custodian of the records for the detainees which would include any death reviews concerning that detainee conducted by Harris Health or Harris Center. Similarly, members of the Sheriff's office are on the committees and have the right to review the documents as well. In fact the death reviews and other reviews are done at the request of the Sheriff or his designee and "Harris Health will provide its review" to the Sheriff. P. 9 of the ILA. This is tantamount right to access which is the legal standard of control.

Third, Defendant is attempting to use their Texas Public Information Act Request as a façade for their unwillingness to require Harris Health to produce this information. As established by this Court and the TPIA itself, the TPIA does not provide the scope of discovery in federal courts and cannot limit the information recovered. *Wagner v. Harris Cnty.* Case No. 4:23-cv-02886, ECF No. 428; *Jones-Macdonald v. Harris Cnty.*, 2025 U.S. Dist. LEXIS 203071, at *3 (S.D. Tex. Oct. 15, 2025) (Edison, M.J.) (citing *Am. Civ. Liberties Union Miss., Inc. v. Finch*, 638 F.2d 1336, 1342 (5th Cir. Mar. 1981)); *Molina-Torres v. Harris Cnty. Constable Precinct 6*, No. 4:23-CV-01786, 2024 U.S. Dist. LEXIS 71629, at *18 (S.D. Tex. April 19, 2024) (Ellison, J.); *Richards v. Quarterman*, No. 4:07-CV-118-A, 2008 U.S. Dist. LEXIS 121620, at *3-8 (N.D. Tex. June 11, 2008); *Ramey v. Salazar*, No. EP-16-CV-00293-FM-ATB, 2018 U.S. Dist. LEXIS 17875, at *7-9 (W.D. Tex. Feb. 2, 2018), Tex. Gov't Code § 552.005. So the fact that Harris County made a TPIA request is irrelevant as the scope of the discovery under the TPIA has no influence on this case. Instead Harris County should require Harris Health to cooperate--as they already did by having Harris Health's CEO fill out an affidavit to support an MSJ—by having Harris Health

produce the death reviews, policies, committee notes (of which the Sheriff's personnel are also members) and the communications about these matters.

Accordingly, Plaintiffs ask for an Order compelling Defendant to comply with the multiple Orders from the Court and produce the policies, practices, death reviews, audits, committee notes, communications, and investigations from Harris Health and the Harris Center relating to detainees and the provision of services for detainees and the Jail. An alternative approach could be requiring Harris County to issue a subpoena to Harris Health for these matters. This could help speed things along because both Harris Health and Harris County are represented by the same attorneys (Harris County Attorney's Office) so they would essentially be issuing the subpoena to themselves to help speed along service and production. Plaintiffs have copied all counsel of record on this communication. Plaintiffs ask for such other and further relief as the Court deems just.

Kindest regards,

*/s/ Aaron Dekle*
Aaron Dekle